SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MIGUEL FLORES, an individual, and DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

THE UPPER DECK COMPANY, a Nevada corporation

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/28/2021** at 10:50:40 AM

Clerk of the Superior Court
By Kristin Sorianosos, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  San Diego Superior Court | **CASE NUMBER:**<br>*(Número del Caso):*  37-2021-00018912-CU-IP-CTL |

Hall of Justice

330 West Broadway, San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
NICHOLAS & TOMASEVIC, 225 Broadway, 19th Floor, San Diego, CA 92101 | Tel: (619) 325-0492

| DATE: 04/29/2021<br>*(Fecha)* | Clerk, by K. Sorianosos<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5/4/21

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**Save This Form**    **Print This Form**    **Clear This Form**    For your protection and privacy, please press the Clear This Form button after you have printed the form.

1  **NICHOLAS & TOMASEVIC, LLP**
   Craig M. Nicholas (SBN 178444)
2  Shaun Markley (SBN 291785)
   Ethan T. Litney (SBN 295603)
3  225 Broadway, 19th Floor
   San Diego, California 92101
4  Tel: (619) 325-0492
   Fax: (619) 325-0496
5  Email: cnicholas@nicholaslaw.org
   Email: smarkley@nicholaslaw.org
6  Email: elitney@nicholaslaw.org

7  Attorneys for Plaintiff,
   THE UPPER DECK COMPANY
8

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/28/2021** at 10:50:40 AM

Clerk of the Superior Court
By Kristin Sorianosos,Deputy Clerk

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **IN AND FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| 11  THE UPPER DECK COMPANY, a Nevada corporation, | Case No.:   37-2021-00018012-CU-IP-CTL |
| 13            Plaintiff, | **COMPLAINT FOR:** |
| 14                 v. | **(1) FEDERAL TRADEMARK INFRINGEMENT;** |
| 15  MIGUEL FLORES, an individual, and DOES 1-100, inclusive, | **(2) TRADEMARK DILUTION;** |
| 16 | **(3) REGISTERED TRADEMARK INFRINGEMENT AND COUNTERFEITING;** |
| 17            Defendant. | |
| 18 | **(4) DEPRIVATION OF RIGHTS OF PUBLICITY;** |
| 19 | **(5) VIOLATION OF RIGHTS OF PUBLICITY UNDER CALIFORNIA COMMON LAW;** |
| 21 | **(6) VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW;** |
| 23 | **(7) VIOLATION OF CALIFORNIA COMMON LAW UNFAIR COMPETITION; AND** |
| 25 | **(8) UNJUST ENRICHMENT / QUASI-CONTRACT** |
| 26 | **DEMAND FOR JURY TRIAL** |

27

28

COMPLAINT

1        1.     This is a civil action by Plaintiff THE UPPER DECK COMPANY ("Plaintiff" or

2  "Upper Deck") against Defendant Miguel Flores ("Defendant") for federal trademark

3  infringement, violation of the Lanham Act, federal trademark dilution, violation and deprivation

4  of the rights of publicity under California laws, violation of California's Unfair Competition Law,

5  California common law unfair competition, and unjust enrichment/quasi-contract.

6                                  **THE PARTIES**

7        2.     Upper Deck is a leading manufacturer of, among other products, trading cards,

8  holding exclusive licensing agreements with various professional athletes, and maintaining

9  trademarked logos and designs. Upper Deck is a Nevada corporation with its principal place of

10  business in Carlsbad, California.

11        3.     On information and belief, Miguel Flores is an individual who resides at 16919

12  Bell Avenue in Lake Elsinore, California. Defendant markets products for sale online throughout

13  the United States of America, including the State of California and San Diego County, through

14  eBay, under the eBay account name "migflo_3800."

15        4.     The true names and capacities of the defendants sued herein as Does 1 through

16  1000, inclusive, are unknown to Upper Deck, and Upper Deck accordingly sues these defendants

17  by their fictitious names. Upper Deck will amend this complaint in accordance with Section 474

18  of the California Code of Civil Procedure once the true names and capacities of these defendants

19  have been ascertained.

20                        **JURISDICTION AND VENUE**

21        5.     The amount in controversy arising from the actions and statutory violations as

22  further described below is sufficient to implicate the general unlimited jurisdiction of the Superior

23  Court in and for San Diego County.

24        6.     Venue is proper in this judicial district, pursuant to California Code of Civil

25  Procedure section 395, as Upper Deck's principal place of business is in San Diego County, and

26  Defendant conducts business within San Diego County.

27

28

## FACTS COMMON TO ALL CLAIMS

7.    For over thirty years, Upper Deck has been a leading manufacturer of trading cards in the United States of America.

8.    Since its formation, Upper Deck designed, marketed, manufactured, distributed, promoted, and sold trading cards at one time featuring all four major sports (e.g., hockey, basketball, baseball, and football). By way of these products, Upper Deck holds exclusive and non-exclusive licenses with athletes and various professional sports league and players' associations.

9.    Upper Deck is renowned as one of the leading trading card manufacturers. The "Upper Deck" name is instantly recognized and respected among traders and collectors alike.

10.    Upper Deck remained at the forefront of the industry since its inception, so much so that it was named "Card Set of the Year" every year from 1989 to 2004.

11.    Upper Deck is the owner of the unique and proprietary trademarks and tradenames. Some of the trademarks at issue in this action are identified and pictured below (collectively the "Upper Deck Trademarks"):

    a.    the green diamond "UPPER DECK" logo, USPTO No. 2498524



    b.    the "UPPER DECK" security hologram, USPTO No. 76275803.



12.    Upper Deck uses the Upper Deck Trademarks in its usual course of business in connection with its manufacture, marketing, and sale of sports trading cards in interstate commerce, during at least the times referenced above. Upper Deck's ownership of the Upper Deck Trademarks is evidenced, in part, but the above-referenced USPTO registration numbers.

13.    Under 15 U.S.C. § 1065, Upper Deck's exclusive right to use its registered Upper Deck Trademarks in connection with goods covered by its identified federal registrations has become incontestable.

14. Upper Deck is the exclusive owner of the Upper Deck Trademarks.

15. In particular, the green diamond logo in question was Upper Deck's main logo displayed on its products from the year of its founding in 1988 to 2008, and is still used today.

16. With Upper Deck's long history, international reach, and record-breaking industry standards, Upper Deck's use of its trademarks in connection with its products led to favorable public acceptance and association with the recognized quality and substantial goodwill the Upper Deck's name holds.

17. Upper Deck holds exclusive licenses and non-exclusive licenses with certain major sports leagues and athletes, including retired athletes such as with Michael Jordan "("Jordan") being an example of an exclusive license[1] Upper Deck holds. Jordan's likeness is famous and distinctive in the United States and worldwide.[2]

18. Upper Deck's license with Jordan includes the ability to enforce Jordan's publicity rights in connection with the use of Jordan's likeness on, among other products, trading cards.

19. With a knowing disregard for Upper Deck's rights, Defendant is advertising and selling counterfeit trading cards with the Upper Deck Trademark's and Jordan's likeness ("Products") in interstate commerce via their eBay Store using the seller name "migflo_3800" ("Store").

20. Defendant's use of the Upper Deck Trademarks began after Upper Deck's Trademarks became famous.

21. Defendant's use of Jordan's likeness began after Jordan became famous and Upper Deck held an exclusive license for Jordan's likeness on, among other products, trading cards.

---

[1] Indeed, Upper Deck's exclusive license related to Jordan has been recognized by state and federal courts. (*See, e.g., Merrick Mint, Inc. v. Upper Deck Co.*, (D. Nev. Sept. 21, 2007) 2007 WL 9754544, at *1.)

[2] For example, the Seventh Circuit Court of Appeals has recognized: "[Michael] Jordan is a sports icon whose name and image are deeply embedded in the popular culture and easily recognized around the globe. His singular achievements on the basketball court have made him highly sought after as a celebrity endorser; as a retired player who continues to reap the economic value of his reputation in the history of the game, he understandably guards the use of his identity very closely." (*See Jordan v. Jewel Food Stores, Inc.* (7th Cir. 2014) 743 F.3d 509, 513.)

22.     Defendant is selling non-authentic, counterfeit trading cards with the Upper Deck Trademarks and featuring Jordan's likeness without Upper Deck's or Jordan's permission, consent, authority, or approval.

23.     Examples of Defendant's Products (the "Cards") for sale featuring the Upper Deck Trademarks and Jordan's name, image, likeness, and/or autograph on the listings can be seen below:

**FRONT**                                    **BACK**



24.     Defendant's Products, including the Cards, are counterfeits that were not created or distributed by or on behalf of Upper Deck, and feature the Upper Deck Trademarks and Jordan's name, image, likeness, and/or autograph for which Upper Deck holds an exclusive license related to the use of Jordan's publicity rights on trading cards.

25.     Upper Deck is informed and believes the Cards, like many of Defendant's Products, are illegally reprinted versions of authentic trading cards previously produced by Upper Deck that were created without Upper Deck's permission, consent, authority, or approval.

26.     The illegal and unauthorized reprinting of Upper Deck's products harms Upper Deck as the similarity between the authorized products and the illegal reprints causes, and will continue to cause confusion and mistake, and will deceive customers who wish to purchase Upper Deck products and others as to the affiliation, connection, or association of Upper Deck with Defendant, or as to the origin, sponsorship, or approval of Defendant's Products by Upper Deck and Jordan, destroys the goodwill and reputation established by Upper Deck and Jordan, and harms collectors who purchased authentic Upper Deck products.

## FIRST CAUSE OF ACTION
### Federal Trademark Infringement – Against All Defendants
### (15 U.S.C. § 1125(a))

27.     Upper Deck repeats and incorporates by reference the allegations in the preceding paragraphs.

28.     Upper Deck has the exclusive rights to use the Upper Deck Trademarks which are famous and distinctive within the meaning of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

29.     Upper Deck similarly has the exclusive rights to use Jordan's likeness and marks which are famous and distinctive within the meaning of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

30.     All of the marks have been in use for many years and play a prominent role of the Upper Deck's and Jordan's marketing, advertising, and popularity of their products, services, and commercial activities across many different media outlets. Jordan has gained widespread publicity and public recognition throughout the United States, including in California.

31.     The Upper Deck Trademarks and Jordan's likeness and marks were famous long before Defendant began using unauthorized reproductions, counterfeits, copies, and colorable imitations on its unauthorized Products.

32.     Defendant infringed on Upper Deck's rights by using the Upper Deck Trademarks and Jordan's marks, on and in connection with the sale of Defendant's unauthorized Products in interstate commerce. Defendant did so without the permission of Upper Deck or Jordan. By continuing to sell the Products, Defendant is intentionally infringing on Upper Deck's and Jordan's rights.

33.     Defendant's acts as alleged constitute trademark infringement, false designation of origin, false or misleading representation, and false or misleading description which (A) is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, right to use, or association of Defendant with Upper Deck or Jordan and as to the origin, sponsorship, or approval of Defendant's Products by Upper Deck or Jordan; and (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities or origin of Defendant's Products, and/or Upper Deck's or Jordan's authorized products, services, or commercial activities.

34.     Defendant's actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a). As a result of Defendant's unlawful acts, Defendant has been unjustly enriched and Upper Deck has been damaged.

35.     Defendant's unlawful activities have caused, and unless enjoined, will continue to cause, irreparable injury and other damage to Upper Deck in terms of their business, reputation, and goodwill in the Upper Deck Trademarks, Jordan's likenesses, rights, marks and related rights to use those marks.

36.     Upper Deck is also damaged and will continue to be damaged by Defendant's false descriptions and representations through direct diversion of sales and/or through a lessening of goodwill associated with Upper Deck's products and Jordan's likeness and marks. Upper Deck pays large premiums for the exclusive right to use Jordan's rights, including their marks described above, on trading card products. Upper Deck intends to foster and promote the goodwill associated with Jordan and his marks and to have continuing and ongoing relationships with him that creates mutual benefit to both parties. Defendant's alleged acts also negatively impact customers' perceived value of Upper Deck's products by increasing the appearance of total cards available on the market. Upper Deck does not have any adequate remedy at law.

37.   Upper Deck seeks injunctive relief, compensatory damages, disgorgement of profits, punitive damages, and recovery of its costs and attorney's fees against Defendant for Defendant's various and continuing acts of infringement, false affiliation, false advertising, and false competition.

## SECOND CAUSE OF ACTION
### Trademark Dilution – Against All Defendants
### (15 U.S.C. § 1125(c))

38.   Upper Deck repeats and incorporates by reference the allegations in the preceding paragraphs.

39.   Defendant has used the trademarks of Upper Deck and Jordan, on and in connection with the sale of Defendant's unauthorized Products in interstate commerce. Defendant has done so without the permission of Upper Deck or Jordan.

40.   Defendant's acts as alleged dilute and/or are likely to dilute the distinctive quality of those marks described above, and to lessen the capacity of such marks to identify and distinguish Upper Deck's trading cards.

41.   Defendant's unlawful use of Jordan's marks in connection with inferior and counterfeit goods is also likely to tarnish those marks and negatively impact customers' perceived value of Upper Deck's products by increasing the appearance of total cards available on the market, thereby lessening the value of the marks as well as the value of Upper Deck's products, and lessening the demand for Upper Deck's products.

42.   Defendant's unlawful activities caused, and unless enjoined, will continue to cause, irreparable injury and other damage to Upper Deck, which does not have any adequate remedy at law.

43.   Upper Deck seeks injunctive relief, compensatory damages, disgorgement of profits, and punitive damages against Defendants for their various and continuing acts of dilution.

## THIRD CAUSE OF ACTION
### Registered Trademark Infringement and Counterfeiting – Against All Defendants
### (15 U.S.C. § 1114)

44.   Upper Deck repeats and incorporates by reference the allegations in the preceding paragraphs.

45.     Defendant used in commerce reproductions, counterfeits, copies, and/or colorable imitations of Upper Deck's and Jordan's registered marks in connection with the sale, offering for sale, distribution, or advertising of its Products. Defendant's use of these registered marks is causing or is likely to cause confusion, or to cause mistake, or to deceive consumers and the public into believing that Defendant's products are the products of Upper Deck.

46.     Defendant also reproduced, counterfeited, copied, and/or colorably imitated Upper Deck's and Jordan's registered marks and applied such reproductions, counterfeits, copies, and/or colorable imitations to their Products, and intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and advertising of their Products.

47.     Defendant used the registered marks without the permission of Upper Deck.

48.     Defendant's acts as alleged are causing, and unless enjoined, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Upper Deck and Jordan's goodwill and reputation, for which Upper Deck does not have any adequate remedy at law.

49.     Defendant's acts demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Upper Deck's and Jordan's marks to Upper Deck's great and irreparable harm.

50.     Upper Deck seeks injunctive relief, compensatory damages, disgorgement of profits, punitive damages, destruction of the infringing articles under 15 U.S.C.A. § 1118, and recovery of its costs and attorneys' fees against Defendant for their various and continuing acts of infringement and counterfeiting.

**FOURTH CAUSE OF ACTION**
**Deprivation of Rights of Publicity - Against All Defendants**
**(Cal. Civ. Code § 3344)**

51.     Upper Deck repeats and incorporates by reference the allegations in the preceding paragraphs.

52.     Defendant knowingly, and without authorization, used Jordan's name, image, likeness, and/or autograph in its Products, including the Cards, that were sold in interstate commerce via their Store among other channels.

8
COMPLAINT

53.   Upper Deck has an exclusive license to utilize Jordan's likeness in connection with trading cards and has the right to assert claims for deprivation of rights of publicity in connection with trading cards. Defendant's Products include trading cards.

54.   As a direct and proximate result of Defendant's wrongful acts, Upper Deck has been damaged in an amount that is not less than $750 per use of Jordan's likeness in each unauthorized and infringing Product. When Upper Deck has ascertained the full amount of damages, it may seek leave of court to amend the complaint accordingly. Upper Deck further seeks an award of punitive damages under Civil Code section 3344(a) for Defendant's knowing use of Jordan's name, image, likeness, and/or autograph without Upper Deck's or Jordan's authorization

55.   As a direct and proximate result of Defendant's wrongful acts, Upper Deck has incurred, and will continue to incur, substantial attorneys' fees and costs. Upper Deck is entitled to an award of its attorneys' fees and costs incurred in connection with this matter pursuant to California Civil Code section 3344(a).

56.   By reason of Defendant's wrongful acts, in addition to the relief sought above, Upper Deck is entitled to an accounting of all gross revenue and profits received, directly and indirectly, by Defendant as a result of the unauthorized use of Jordan's likeness and to an award of all such sums. By reasons of Defendant's wrongful acts as alleged above, Defendant is an involuntary trustee holding all such sums in its possession under a constructive trust for the benefit of Upper Deck with a duty to transfer the same to Upper Deck forthwith.

## FIFTH CAUSE OF ACTION
### Violation of Rights of Publicity under California Common Law - Against All Defendants

57.   Upper Deck repeats and incorporates by reference the allegations in the preceding paragraphs.

58.   Defendant knowingly, intentionally, and without authorization used Jordan's name, image, likeness, and/or autograph in its Products, including the Cards, that were sold in interstate commerce via their Store, among other channels, all without Upper Deck's or Jordan's authorization.

59.     Upper Deck has an exclusive license to utilize Jordan's name, image, likeness, and/or autograph in connection with trading cards and has the right to assert claims for deprivation of rights of publicity in connection with trading cards. Defendant's Products are trading cards.

60.     As a direct and proximate result of Defendant's misappropriation of Jordan's publicity rights, Defendant injured Upper Deck.

61.     Defendant's actions, as described herein, were committed maliciously, intentionally, fraudulently and with a willful and conscious disregard of Upper Deck's rights, making an award of punitive damages appropriate in order to punish and deter Defendant from engaging in the conduct alleged herein.

### SIXTH CAUSE OF ACTION
### Violation of California Unfair Competition Law - Against All Defendants
### (Cal. Bus. & Prof. Code § 17200 et seq.)

62.     Upper Deck repeats and incorporates by reference the allegations in the preceding paragraphs.

63.     California Business and Professions Code § 17200, et seq., prohibits businesses from engaging in any unlawful, unfair, or fraudulent business acts or practices.

64.     Defendant's misappropriation of the Upper Deck Trademarks, and Jordan's name, image, likeness, and/or autograph permit, and will permit, Defendant to use and benefit from the goodwill and reputation of Jordan. By selling trading cards which bear the Upper Deck Trademarks or Jordan's likeness, Defendant is benefitting from the positive reputation and value customers have given Upper Deck and Jordan to which Defendant would not otherwise have, at Upper Deck's expense.

65.     Defendant's conduct constitutes unlawful, unfair, and deceptive trade practices and unfair completion in violation of California Business & Professions Code § 17200 et seq.

66.     By continuing to sell the misappropriated Products, Upper Deck will suffer substantial injury, including possible loss of customers who will lose trust in the Upper Deck name, brand, and tenet to provide authentic products, and injury to its business relationship with Jordan.

## SEVENTH CAUSE OF ACTION
### Violation of California Common Law Unfair Competition - Against All Defendants

67.     Upper Deck repeats and incorporates by reference the allegations in the preceding paragraphs.

68.     Defendant's acts constitute common law unfair competition, and have created and will continue to create, irreparable injury to Upper Deck who will have no adequate remedy at law.

69.     On information and belief, Defendant acted with full knowledge of Upper Deck's use of, and statutory common law rights to the Upper Deck Trademarks and Jordan's likeness without regard to the likelihood of confusion to the public.

70.     Defendant clearly acted in an intentional manner to benefit from Upper Deck's and Jordan's reputable and respected names and goodwill.

71.     As a result of Defendant's actions, Upper Deck suffered substantial injury, loss, and damage. Therefore, Upper Deck is entitled injunctive relief to account for loss of profit and damages to Upper Deck.

## EIGHTH CAUSE OF ACTION
### Unjust Enrichment / Quasi-Contract - Against All Defendants

72.     Upper Deck repeats and incorporates by reference the allegations in the preceding paragraphs.

73.     By unlawfully using the Upper Deck Trademarks and Jordan's likeness for its own commercial benefit, Defendant unjustly profited from the goodwill and reputation associated with Upper Deck and Jordan. Defendant's acts created a quasi-contractual obligation on Defendant to restore these ill-gotten gains to Upper Deck. Because Defendant's retention of its ill-gotten gains would be unjust and inequitable, Defendant must pay restitution to Upper Deck.

## JURY DEMAND

74.     Upper Deck respectfully requests a jury trial on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Upper Deck requests it be rewarded the following relief:

1.    Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined from:

      a.    advertising, marketing, promoting, offering for sale, distributing, or selling the Products including the Cards;

      b.    using Upper Deck Trademarks or Jordan's name, image, likeness, autograph, or other publicity rights on or in connection with any of Defendant's trading card goods;

      c.    using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendant's trading card goods that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any Upper Deck trademarks, trade dresses, names, or logos, or Jordan's name or likeness;

      d.    using any trademark, name, likeness, logo, design, or source designation of any kind on or in connection with Defendant's trading card goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Upper Deck, or are sponsored or authorized by Upper Deck or Jordan, or are in any way connected or related to Upper Deck or Jordan;

      e.    passing off, palming off, or assisting in passing off or palming off Defendant's goods as those of Upper Deck, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

      f.    advertising, promoting, offering for sale, or selling the Products or other similar goods; and

      g.    representing to any person or entity that Defendant has authority to use the Jordan's name, image, autograph, likeness, or any other publicity right;

1        2.     Injunctive relief preventing Defendant's continued use of the Jordan's name,

2  image, likeness, autograph, or any other publicity right;

3        3.     An award to Upper Deck of damages from sold, marketed, advertised, and

4  promoted Products with Jordan's name or likeness, in an amount not less than $4.5 million;

5        4.     That Defendant be ordered to destroy all remaining sports cards and other products

6  which carry Upper Deck Trademarks or Jordan's name, image, likeness, autograph, or publicity

7  right;

8        5.     That Defendant report to Upper Deck any and all profits derived from the selling

9  or distribution of Products, as well as any trading cards that use Upper Deck Trademarks or

10  Jordan's name, image, autograph, or likeness;

11       6.     That Upper Deck receive and recover from Defendant Upper Deck's (a) actual

12  damages under applicable state statutory and common law, (b) costs of court, (c) statutory

13  damages based on Lanham Act, (d) enhanced damages or profits under the Lanham Act, (e)

14  attorneys' fees pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 505, California Civil Code § 3344, and

15  any other applicable provision of law;

16       7.     That Upper Deck be awarded punitive damages to prevent future willful and

17  deliberate dilution of the Upper Deck Trademarks and Jordan's likeness, as well as deprivation of

18  Jordan's rights of publicity under California law;

19       8.     That Upper Deck be awarded prejudgment and post-judgment interest on all

20  monetary Awards; and

21       9.     That Upper Deck be awarded such other and further relief as the court may deem

22  just and proper.

23  Respectfully submitted:          **NICHOLAS & TOMASEVIC, LLP**

24  Dated: April 28, 2021

25                   By:    _____

                            Craig M. Nicholas (SBN 178444)

26                            Shaun Markley (SBN 291785)

                            Ethan T. Litney (SBN 295603)

27

                            Attorneys for Plaintiff.

28                           THE UPPER DECK COMPANY

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Craig M. Nicholas, Esq. (SBN 178444) | Ethan T. Litney, Esq. (SBN 295603)
NICHOLAS & TOMASEVIC, LLP
225 Broadway, 19th Floor
San Diego, CA 92101
TELEPHONE NO.: (619) 325-0492   FAX NO.: (619) 325-0496
ATTORNEY FOR *(Name):* Plaintiff, The Upper Deck Company

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**04/28/2021** at 10:50:40 AM
Clerk of the Superior Court
By Kristin Sorianosos, Deputy Clerk

CASE NAME:
The Upper Deck Company v. Miguel Flores

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2021-00018912-CU-IP-CTL |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Joel R. Wohlfeil DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[✓] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* Eight (8): Trademark Infringement/Dilution, Counterfeiting, etc.
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 28, 2021
Ethan T. Litney, Esq. (SBN 295603)
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| DIVISION: | Central |
| TELEPHONE NUMBER: | (619) 450-7073 |

| PLAINTIFF(S) / PETITIONER(S):   The Upper Deck Company |
|---|
| DEFENDANT(S) / RESPONDENT(S):  Miguel Flores |

| THE UPPER DECK COMPANY VS FLORES [IMAGED] | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | CASE NUMBER:<br>37-2021-00018912-CU-IP-CTL |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Joel R. Wohlfeil                                        Department: C-73

**COMPLAINT/PETITION FILED:** 04/28/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 10/01/2021 | 01:30 pm | C-73 | Joel R. Wohlfeil |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2021-00018912-CU-IP-CTL    CASE TITLE: The Upper Deck Company vs Flores [IMAGED]

<u>NOTICE</u>: **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
   **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
   **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
   **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): The Upper Deck Company |
|---|
| DEFENDANT(S): Miguel Flores |
| SHORT TITLE: THE UPPER DECK COMPANY VS FLORES [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2021-00018912-CU-IP-CTL |
|---|---|

Judge: Joel R. Wohlfeil .                                           Department: C-73

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                                   ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                      ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                    Date: _____

_____                    _____
Name of Plaintiff                                            Name of Defendant

_____                    _____
Signature                                                   Signature

_____                    _____
Name of Plaintiff's Attorney                                 Name of Defendant's Attorney

_____                    _____
Signature                                                   Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 04/29/2021                                               _____
                                                               JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1