STEPHEN L. ANDERSON  (CBN 150860)
ANDERSON LAW
41923 Second Street, Suite 201
Temecula, California 92590
Tel. (951) 296-1700
Fax (951) 296-0614
E: attorneys@brandxperts.com

Attorneys for Defendant
MIGUEL FLORES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UPPER DECK COMPANY, A Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL FLORES, an individual, and DOES 1-100, inclusive,<br><br>Defendants. | Case No:  3:21-cv-01182-GPC-KSC<br><br>**NOTICE OF MOTION AND MOTION TO VACATE AND SET ASIDE DEFAULT; DECLARATION OF STEPHEN L.ANDERSON IN SUPPORT THEREOF; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[F.R.C.P. Rules 55; 60]**<br><br>Hearing Date: October 29, 2021<br>Time: 1:30 p.m.<br>Courtroom: 2D<br><br>Honorable Gonzalo P. Curiel |

TO THE COURT AND TO PLAINTIFF AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on October 29, 2021, at 1:30 p.m., in Courtroom 2D of the James M. Carter and Judith N. Keep United States Courthouse, located at 333 West Broadway, San Diego, California 92101, and before the Honorable Gonzalo P. Curiel, Defendant Miguel Flores, ("Flores") will, and hereby does move to set aside the Clerk's entry of default (Dkt. No. 7) entered against him earlier today in the above entitled cause pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure.

This Motion is based on the attached Declaration of Stephen L. Anderson, the points

and authorities set forth below, as well as the Defendant's Responsive Motion to Dismiss the Plaintiff's First Amended Complaint under Fed. Civ. P. Rule 12(b)(6), filed and served herewith on this same date of the Clerk's entry of default, August 10, 2021.

The motion is grounded on the mistake, surprise, inadvertence and excusable neglect by Defendant and the excusable neglect on the part of Defendant's attorney, Stephen L. Anderson and further due special and other extenuating circumstances as are described in the attached declaration of attorney Anderson. [F.R.C.P. Rule 60(b)].

Prior to the filing, an attempt to confer with Upper Deck's counsel was made by telephone, but Mr. Litney rejected the call.

August 10, 2021                         By: __/*StephenL Anderson*/_____
                                              STEPHEN L. ANDERSON
                                              ATTORNEY FOR DEFENDANT
                                              MIGUEL FLORES.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION – Procedural History and Background

Defendant Miguel Flores is an individual, residing in Riverside County, who has had a lifelong interest occasionally collecting sports trading cards as a hobby. He has never been a professional dealer or seller of trading cards, however, from time to time, he has listed very limited quantities of his own trading cards that he purchased from others, on his Ebay store account. He has never manufactured, printed, copied, or created any cards or made any advertisements for any such goods. He has never used Upper Deck's trademarks or logos or insignia in any sales offers, materials or otherwise in or in conjunction with any of his limited offers to sell his own trading cards.

At the beginning of this year, Flores created a few product listings on Ebay offering little more than a *dozen* cards that he had recently purchased online. A few of the cards bore Upper Deck insignia, while others bore brands such as "Star '85" or "Topps". Because Flores was unaware of the origin of these particular cards other than the seller where he had acquired them, knowing not whether they were exclusive, limited edition, or limited copies, whether the cards were "authentic", "original", or of any special collectible value, he sent some of them off to be examined, graded and numbered by a third-party, GMA Grading. Shortly thereafter he listed these cards for sale and on or about February 11, 2021, a singular card featuring Michael Jordan, shown at Paragraph 23 of Plaintiff's FAC, was sold to Plaintiff's counsel Ethan Litney.

On April 28, 2021, Upper Deck filed an Eight-Count Complaint against Flores alleging "Federal Trademark Infringement, Trademark Dilution, Registered Trademark and Counterfeiting, Deprivation of Rights of Publicity, Violation of Rights of Publicity Under Cal. Common law…" (inexplicably) in the Superior Court of California, San Diego County (*See* State Court Complaint, Dkt. No. 1-4)

On May 18, 2021, Defendant Flores retained the undersigned counsel to represent him in the State Court matter. After researching the claims, on May 19, 2021, the undersigned counsel sent a meet and confer letter to Plaintiff's attorneys, a true copy of which is attached

1. hereto as Exhibit 1.
2. The next day, May 20, 2021, I engaged in a contentious telephone discussion with Mr. Litney and followed up via email correspondence.
3. On May 21, 2021, Mr. Litney replied via letter.
4. After further correspondence, on May 26, 2021, Mr. Litney granted Defendant a "30-day extension to respond to the Complaint, on the condition that you agree to accept service on behalf of your client in this matter so that Plaintiff is not prejudiced by Defendant's delay in filing a responsive pleading. . ."
5. That same day, the undersigned confirmed such agreement in writing and further advised *inter alia* that the Defendant "was the purchaser of a lot of 33 trading cards - in total - of which only 4 were UPPER DECK cards and 8 featured the image of Michael Jordan. Among those, my client has also provided me with three cards that meet the description of those identified your client's complaint. Thus at best, your allegations involve the sale of less than ten trading cards, and involves de minimus damages at best! These "reprint" cards were purchased by my client and were sent out for grading - when the cards returned, he was advised they are "REPRINTS" but they are not counterfeit! Indeed, Mr. Flores' sale of these handful of cards barely netted enough to cover the net costs of grading, packaging, advertising and shipping these few cards, and thus, I simply cannot comprehend why you chose to file this case, let alone to persist in your past, present and ongoing threats to pursue your client's claims herein. Please note = Dozens, if not hundreds, or even thousand of similar and identical cards are presently being offered and sold by many diverse traders,"
I even attached a few examples of identical cards for sale on Ebay. I also sent a formal offer to compromise the matter and advised particularly that "we have no intent to default in this action and thereby demand that in any future filings you advise the court" accordingly.
6. Despite my additional detailed follow-up letters to Plaintiff's counsel, including June 4, and June 15, 2021, as well as several telephone messages left for each of Plaintiff's counsel. they did not acknowledge, reply or otherwise agree to discuss the matter.
7. On June 28, 2021, on behalf of Defendant Miguel Flores I had removed the action from

1 | the Superior Court of California, San Diego Country, Case No. 37-2021-00018912-CU-IP-
2 | CTL, to this District Court.
3 |      The next day, June 29, 2021, Plaintiff filed its First Amended Complaint in this action,
4 | (Dkt. No. 4).  Under Fed. R. Civ. P. 15(a)(3) Defendant would thusly have at least until **July**
5 | **14, 2021** to file its Response. (Time to respond to amended complaint is the time to respond to
6 | the original pleading or within 14 days of service of the amended pleading, whichever is later).
7 |      True to form, Mr. Litney filed a request for default (Dkt. 6) on July 16, 2021.
8 |      On August 10, 2021, the Clerk entered Default against Defendant. (Dkt. 7)
9 |      Also on August 10, 2021, the Defendant filed the instant Motion along with his Motion
10 | to Dismiss, which itself, plainly shows the merits of Defendant's Flores defenses and further
11 | bears the earmarks that demonstrate that during the brief time afforded to prepare the complex
12 | points and authorities and documentation filed herewith, Defendant had no culpaple conduct
13 | nor any intention nor effect of delaying this action.
14 |      Plaintiff has been in no way prejudiced by the brief and otherwise reasonable delay
15 | caused by the fact that the undersigned is a sole practitioner who initially took this matter on,
16 | on a highly reduced and practically "pro bono" fee schedule to defend Mr. Flores from the
17 | claims improperly filed in State Court, before a series of extenuating circumstances occurred
18 | this summer. To the extent that the Response is delinquent, the undersigned counsel has good
19 | cause to set aside Defendant's default, based on the time it took to prepare the documents filed
20 | herewith on this date, the need to research and review the various and relatively complex areas
21 | included in this litigation, as well as the particular facts and special circumstances attested to
22 | in the attached Declaration of Stephen L. Anderson, particularly including, without limitation,
23 |      -the death of his mother, "Shelly Balloon" which occurred in San Diego, June 5, 2021;
24 |      - his mother's funeral in Burbank, California on June 9, 2021;
25 |      - family and personal issues and time off from work caused thereby;
26 |      - the surgery of his youngest child which occurred in Tucson Arizona on July 11, 2021,
27 |       - press of other case and client deadlines; and
28 |      - a nearly constant stream of personal health issues which have warranted Dr.

Appointments, repeated medical care and time for recovery since July 01, 2021.

**II.     LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 55(c), and 60(b), a court may set aside entry of default for "good cause." The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994). "Default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits." *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991) (internal citations and quotations omitted). In addition, "where a defendant seeks timely relief from the judgment and has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment." *Id.*

Rule 60(b) provides that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; …"

A court determines the existence of good cause for removing a default by considering the following factors: (1) whether the party seeking to set aside the entry of default engaged in culpable conduct that led to the default; (2) whether there is any meritorious defense to plaintiff's claims; or (3) whether setting aside the entry of default would prejudice the plaintiff. *United States. v. Signed Personal Check No. 730 of Yubran S. Mesle,* ("Mesle"),615 F.3d 1085, 1091 (9th Cir. 2010). These factors are disjunctive: "a finding that any one of these factors is true is sufficient reason for the district court to set aside the entry of default." Id. at 1091.  In considering these good cause factors, the Ninth Circuit instructs that the court is to be guided by the underlying policy concern that "'judgment by default is a drastic step

appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" Id. (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696-697 (9th Cir. 2001).

### A. Defendant Has Not Engaged In Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *See Mesle*, 615 F.3d at 1092 (quoting TCI, 224 F.3d at 697) (explaining that conduct is construed as culpable where the defendant "received actual . . . notice of the filing of the action and intentionally failed to answer"). A neglectful failure to answer where the defendant offers a credible, good faith explanation "negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process is not 'intentional' under [the Ninth Circuit's] default cases . . . ." *Id; Mesle*, 615 F.3d at 1092 ("movant cannot be treated as culpable simply for having made a conscious choice not to answer").

The facts warranting the brief delay in responding are more than sufficient to establish good cause under Rule 60. There are simply no facts before the court to demonstrate that Defendant intentionally failed to answer the lawsuit for the purpose of taking advantage of an opposing party, interfering with judicial decision making, or manipulating the legal process. *See TCI Group, 244 F.3d at 697*. To the contrary, while the delay in this case is particularly de minimis, the circumstances described in the attached declaration warrant immediate relief and that the default be set aside. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, the Eitel factors weigh against default judgment, including the large amount of money alleged to be at stake, as Plaintiff is requesting a large statutory damage award. Further, Defendant's default amounts to excusable neglect, and there are complex legal theories

NOTICE OF MOTION AND MOTION TO VACATE DEFAULT                                                                   6

somewhat redundantly claimed in Plaintiff's First Amended Complaint filed June 29, 2021, and as shown by Defendant's Motion to Dismiss, there are hotly disputed issues of material fact and meritorious defenses presented herein.

### B. There are Meritorious Defense Presented

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *TCI Group,* 244 F.3d at 700. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense . . . ." *Mesle*, 615 F.3d at 1094 (citing TCI Group, 244 F.3d at 700).

Defendant's Motion to Dismiss filed herewith (in the same day that Default was entered) establishes that Defendant has a meritorious defense worthy of being heard, and further that at least some, if not all of Plaintiff's claims alleged have been previously rejected by this very Court. (*See The Upper Deck Company v. Panini America, Inc.* 3:20-cv-00185-GPC-KSC (Dkt. 63 – April 13, 2021).

### C. There is No Prejudice to Plaintiff Caused By the Brief Delay

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. Defendant and its undersigned counsel asserts that there are no circumstances in this case that could demonstrate how Upper Deck would in any way be prejudiced by the few days delay in receiving a well-researched Motion to Dismiss its case.  Certainly, Plaintiff is not prejudiced simply because it lost a "quick victory due to [Defendant's] procedural default and must litigate on the merits." *Id.* (citing Bateman v. U.S. Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000)). Plaintiff cannot present facts indicating it would be prejudiced by anything greater than a short delay,

which as described above, was unavoidable, regrettable and the result of excusable neglect caused by the recent personal family issues and health issues of the undersigned counsel. (See e.g., Ewing v. McCarthy, et. al. (USDC Southern District No. 3:17-cv-01554-GPC-RBB - Dkt. 34 - granting Motion to Set Aside Default on grounds that Defendant was "inundated with funeral arrangements" .. had fell ill and had been in and out of the hospital during a substantially longer period than the few days delay caused by the undersigned counsel in the case at bar.)

**CONCLUSION**

For the foregoing reasons, Miguel Flores and counsel, respectfully request that the clerk's entry of default be vacated and set aside.

Respectfully submitted,                                      ANDERSON LAW

August 10, 2021                                 by: /*StephenL Anderson*/
                                                STEPHEN L. ANDERSON
                                                ATTORNEY FOR DEFENDANT
                                                MIGUEL FLORES.

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system on this day, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

August 10, 2021

                                        BY: /*StephenL Anderson*/
                                                STEPHEN L. ANDERSON
                                                ATTORNEY FOR DEFENDANT
                                                MIGUEL FLORES.