**DECLARATION OF STEPHEN L. ANDERSON**

I, Stephen L. Anderson hereby declare and attest as follows:

1. This declaration is submitted in support of Plaintiff's Opposition to Defendants' Motion to Vacate the Clerks Entry of Default against Defendant Miguel Flores (Dkt., No. 7) filed on this even date.

2. I am an attorney and member in good standing of the State Bar of California, admitted to practice within this, and all the Judicial Districts in this State for more than 30 years. I am intellectual property and litigation counsel for Defendant Miguel Flores in the above captioned matter. The facts stated in this declaration are true of my own personal knowledge, except as to any matters stated on information and belief, and as to those matters, I am informed and believe them to be true. If called as a witness in this matter, I could and would competently testify to the matters set forth below.

3. On May 18, 2021, I agreed to represent Mr. Flores and have been responsible for his defense since such date. On May 18 and 19th, I reviewed the Eight Count Complaint filed against Mr. Flores on April 28, 2021, alleging "Federal Trademark Infringement, Trademark Dilution, Registered Trademark and Counterfeiting, Deprivation of Rights of Publicity, Violation of Rights of Publicity Under Cal. Common law…" in the Superior Court of California, San Diego County (*See* State Court Complaint, Dkt. No. 1-4)  After researching the claims, on May 19, 2021, I sent a meet and confer letter to Plaintiff's attorneys, a true copy of which is attached hereto as **Exhibit 1.**

4. On May 20, 20, 2021, I engaged in a contentious telephone discussion with Mr. Litney and followed up via email correspondence.

5. On May 21, 2021, Mr. Litney replied via letter.

6. After further correspondence, on May 26, 2021, Mr. Litney granted Defendant a "*30-day extension to respond to the Complaint, on the condition that you agree to accept service on behalf of your client in this matter so that Plaintiff is not prejudiced by Defendant's delay in filing a responsive pleading. . .*"

7. That same day, the undersigned confirmed such agreement in writing *inter alia* that Defendant "was the purchaser of a lot of 33 trading cards - in total - of which only 4 were UPPER DECK cards and 8 featured the image of Michael Jordan. Among those, my client has also provided me with three cards that meet the description of those identified your client's complaint. Thus at best, your allegations involve the sale of less than ten trading cards, and involves de minimus damages at best! These "reprint" cards were purchased by my client and were sent out for grading - when the cards returned, he was advised they are "REPRINTS" but they are not counterfeit! Indeed, Mr. Flores' sale of these handful of cards barely netted enough to cover the net costs of grading, packaging, advertising and shipping these few cards, and thus, I simply cannot comprehend why you chose to file this case, let alone to persist in your past, present and ongoing threats to pursue your client's claims herein. Please note Dozens, if not hundreds, or even thousand of similar and identical cards are presently being offered and sold by many diverse traders. …" I even attached a few examples of identical cards for sale on Ebay. I also sent a formal offer to compromise the matter and advised particularly that "we have no intent to default in this action and thereby demand that in any future filings you advise the court" accordingly.

8. Despite my additional detailed follow-up letters to Plaintiff's counsel, including

DECLARATION OF STEPHEN L. ANDERSON I/S/O MOTION TO VACATE DEFAULT            1

1 June 4, and June 15, 2021, as well as several telephone messages left for each of Plaintiff's
2 counsel. they did not acknowledge, reply or otherwise agree to discuss the matter.

3   9. On June 28, 2021, on behalf of Defendant Miguel Flores I had removed the action
4 from the Superior Court of California, San Diego Country, Case No. 37-2021-00018912-CU-
5 IP-CTL, to this District Court.

6   10. The next day, June 29, 2021, Plaintiff filed its First Amended Complaint in this
7 action, (Dkt. No. 4).  Under Fed. R. Civ. P. 15(a)(3) Defendant would thusly have at least until
8 **July 14, 2021** to file its Response. (Time to respond to amended complaint is the time to
9 respond to the original pleading or within 14 days of service of the amended pleading,
10 whichever is later).

11   11. On July 16, 2021 Upper Deck's counsel filed a request for default (Dkt. 6).

12   12. On August 10, 2021, the Clerk entered Default against Defendant. (Dkt. 7)

13   13. I am filing herewith Defendant's Fed Rule 12(b) Motion to Dismiss, which itself,
14 plainly shows the merits of Defendant's Flores defenses and further bears the earmarks that
15 demonstrate that during the brief time afforded to prepare the complex points and authorities
16 and documentation filed herewith, Defendant had no culpaple conduct nor any intention nor
17 effect of delaying this action.

18   14. Plaintiff has been in no way prejudiced by the brief and otherwise reasonable delay
19 herein.

20   15.  There is excusable neglect on my part, some of which simply unavoidable.  I am as
21 sole practitioner who has had to lay off most of my staff due to the COVID pandemic. I
22 initially took this matter on, on a highly reduced and practically "pro bono" fee schedule to
23 defend Mr. Flores from the claims that were plainly improperly filed in State Court, before a
24 series of extenuating circumstances occurred this summer. To the extent that the Response is
25 delinquent, it is caused, in part to the inordinate time it took for me to meet with the client,
26 research the claims and prepare the documents that I file herewith on this date - the need to
27 research and review the various and relatively complex areas included in this litigation, as well
28 as the particular facts and special circumstances that I did not expect to occur at the time I

1  agreed to represent the Defendant.

2  16.  These include that after nine days of hospitalization, my mother, "Shelly
3  Balloon" passed away in San Diego, on June 5, 2021; After dealing with my siblings, I gave a
4  eulogy at my mother's funeral in Burbank, California on June 9, 2021. Other than immediate
5  engagements, I did not work at any time for more than two weeks later, during which time I
6  developed an cranio-facial infection as well as an infection on my right buttocks which made it
7  difficult to sit and type. In addition, I have been suffering from Irritable Bowel Disease for
8  more than one year, which typically flares up when I am stressed or do not have a proper diet.

9  17.  On June 11, 2021, my youngest child underwent surgery in Tucson Arizona. For
10 nearly a week, my wife was away traveling for my child's care while I took on several
11 additional duties, visited several Doctors, and fell into a bout of depression.

12 18.  All the while, I have tried to earn a living, meeting with other clients and
13 prospective clients, and I am presently engaged in a number of other pressing legal matters
14 which have also demanded my time and attention.

15 19.  I have sincerely tried to reasonably discuss this case with Plaintiff's attorneys'
16 but they have failed to respond to most of my overtures, making the somewhat sensitive
17 explanation of my personal, family and health issues warranting a brief delay, and further
18 written meet and confer discussions, more difficult, if not impossible.

19 20.  Earlier today, prior to the filing of this Motion to Vacate, an attempt to
20 confer with Upper Deck's counsel was made by telephone, but Mr. Litney rejected the
21 call.

22 Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury pursuant to the laws of
23 the United States of America that the foregoing is true and correct.

24 Executed on this 10th day of August 2021.

25

26 _____
    Stephen L. Anderson
27  Attorney for Defendant

28

DECLARATION OF STEPHEN L. ANDERSON I/S/O MOTION TO VACATE DEFAULT                                3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

**Anderson Law - We Protect Imagination**®
41923 2nd Street #201
Temecula, California 92590
(951) 296-1700
attorneys@brandxperts.com

®

May 19, 2021

Craig M. Nicholas and/or
Shaun Markley & Ethan T. Litney
Nicholas & Tomasevic, LLP
225 Broadway
19th Floor
San Diego, CA 92101

    and via email to:    cnicholas@nicholaslaw.org, smarkley@nicholaslaw.org,
                                   ELitney@nicholaslaw.org

    RE:    *The Upper Deck Company v. Miguel Flores*
              San Diego Superior Court No. 37-2021-00018912-CU-IP-CTL

Dear Counsel:

    This office has been retained to represent the interests of Miguel Flores, Defendant in the above-identified action filed by your client in the San Diego Superior Court. Please therefore address any communications or correspondence regarding this matter solely to the undersigned counsel.

    I note that there is an indication on the Summons that the Defendant was personally served on May 4, however, he has advised me that the date written thereon was incorrect, and rather, that he was actually served with the Summons and Complaint on May 8, 2021. We would therefore appreciate if you could confirm the actual service date and forward me any proofs of service concerning same.

    Next, please be advised that my client respects the intellectual property rights of others, and that while he most certainly denies the allegations, as for the few relevant basketball cards that my client offered for sale on eBay, he neither manufactured the cards, nor are we aware of any evidence suggesting that the cards were counterfeit as alleged in your client's Complaint. Moreover, he is agreeable to identifying the source of the cards, and his records concerning these relatively *de minimus* sales. Thus, once we are able to more clearly understand the nature and basis of your client's serious, (and somewhat erroneous, invalid and plainly over-stated)_legal claims, we hope and expect that we can reach a swift and amicable resolution of this action.

    For now, I have just begun my own investigation of your client's claims and allegations and already have serious concerns, not only regarding the factual allegations, but also regarding several important legal issues that "jump off the page", even at first blush.

    Indeed, in view of Fed. R. Civ. Pro. Rule 11, as well as California Code of Civ. Procedure Section 128.7(b), I would be eager to speak with you concerning the factual allegations and legal grounds underlying your client's Complaint, in view of a number of obvious preliminary issues and concerns, which already seem to require the implication of a huge amount of litigation time,

Craig M. Nichoas  – for The Upper Deck Company
May 19, 2021
Page **2**

particularly as compared to the dwarflike, de minimus and indeed relatively improbable, if not completely devoid claims of liability and damages that Upper Deck might ever conceivably be entitled to recover against Mr. Flores.

      As a legal draftsman and attorney for over 30 years, it seems to me that your client's Complaint alleges some factual matter that appears vague, overbroad and even plainly incorrect in context of the claims, suggesting that the work was drafted based on a prior complaint filed by your office; perhaps the allegations were first drafted for filing in the Federal Court in *Upper Deck v. Panini America, Inc.* and later amended for a different case, E.g., *Upper Deck v. Ronald Brinza* or *Upper Deck v. William Trudsoe*.

      Besides the erroneous notion that the few cards Mr. Flores sold were allegedly "counterfeit", a few other matters remain highly questioned and will likely be vigorously disputed: One particular question lingers as to why despite the respective requirements of both Cal. Rules of Professional Conduct 3.3[1], and California Code, Business and Professions Code § 6068, you would falsely include at page 3 of your client's Complaint, footnotes 1 and 2 purporting that "*Upper Deck's exclusive license related to Jordan has been recognized by state and federal courts*"

      In view of the attached ruling by Judge Curiel's Order, Dkt. 63 in USDC San Diego Case No. 20cv185-GPC(KSC) (S.D. Cal. Apr. 13, 2021) I would dare suggest that at the time you filed the Complaint against Mr. Flores, you were plainly aware that the matters alleged in such footnotes are misleading, at best, if not totally false. Either way, in my humble view, by submitting such statements to the Court, you plainly violated the duty that an attorney owes a tribunal and such false, denounced and incomplete allegations must be stricken from the Complaint.

      Indeed, it has oft-been said and is the controlling law of this District that:

*Under the rules of practice applicable in federal courts and the courts of virtually every state, an attorney may not knowingly fail to disclose controlling authority that is directly adverse to*

---

[1] *See e.g.*, *Precision Specialty Metals, Inc. v. US*, 315 F.3d 1346 (Fed. Cir. 2003)("Other courts of appeals that have considered the application of Rule 11 to attorney-case-citation issues have reached differing results. … In some of the cases that have rejected sanctions, the attorney's alleged violation was failure to discover precedents that negated his position. See, e.g., *United States v. Stringfellow,* 911 F.2d 225, 227 (9th Cir.1990). … In the present case, however, Walser was sanctioned not for failure to discover pertinent precedents or to cite adverse decisions. She violated Rule 11 because, in quoting from and citing published opinions, she distorted what the opinions stated by leaving out significant portions of the citations or cropping one of them, and failed to show that she and not the court has supplied the emphasis in one of them. We know of no appellate decision holding that Rule 11 does not cover such misstatements of legal authority. *Cf. Teamsters Local No. 579 v. B & M Transit., Inc.*, 882 F.2d 274, 280 (7th Cir.1989) (upholding Rule 11 sanction for "misstating the law"); *Borowski v. DePuy, Inc.*, 850 F.2d 297, 304-05 (7th Cir.1988) **(Counsel's "ostrich-like tactic of pretending that potentially dispositive authority against [his] contention does not exist[] [is] precisely the type of behavior that would justify imposing Rule 11 sanctions**." (internal citation omitted, emphasis added).

Craig M. Nichoas – for The Upper Deck Company
May 19, 2021
Page **3**

*the position he or she advocates. See, e.g., Cal. Rules Prof. Conduct, Rule 5-200(B) (counsel shall not mislead the court regarding the facts or law); ABA Model Code Prof. Responsibility, DR 7-106(B)(1) (lawyer shall disclose to the court legal authority in the controlling jurisdiction known to him to be directly adverse to the position of his client and which is not disclosed by opposing counsel); ABA Model Rules Prof. Conduct, Rule 3.3 (lawyer shall not knowingly fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel). The Ninth Circuit has observed that this rule "is an important one, especially in the district courts, where its faithful observance by attorneys assures that judges are not the victims of lawyers hiding the legal ball." Transamerica Leasing, Inc v. Compania Anonima Venezolana de Navegacion, 93 F.3d 675, 675-76 (9th Cir.1996). Ensuring candor toward the court is especially important when, as here, both / / / parties advocate a particular result, and the pleadings lack the usual adversarial sharpness that characterize motion practice.*

*Examples abound of courts approving disciplinary action against attorneys who knowingly fail to disclose adverse authority. See, e.g., Southern Pacific Transp. Co. v. Public Utilities Comm'n. of State of Cal., 716 F.2d 1285, 1291 (9th Cir.1983) (characterizing an attorney's failure to acknowledge controlling precedent as "a dereliction of [its] duty to the court ..."); United States v. Stringfellow, 911 F.2d 225, 226 (9th Cir.1990) (where counsel fails to cite controlling case law that renders its position frivolous, he or she "should not be able to proceed with impunity in real or feigned ignorance of them, and sanctions should be upheld."); Malhiot v. Southern California Retail Clerks Union, 735 F.2d 1133, 1138 (9th Cir.1984) (sanctioning party sua sponte under 28 U.S.C. § 1927 for deliberately misquoting statute); Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 212 (9th Cir.1987) (awarding sanctions in part because argument on appeal ignored controlling Supreme Court authority); McEnery v. Merit Sys. Protection Bd., 963 F.2d 1512, 1516-17 (Fed.Cir.1992) (awarding sanctions on appeal for failing to reference or discuss controlling precedent); DeSisto College, Inc. v. Line, 888 F.2d 755, 766 (11th Cir.1989) (noting that counsel must acknowledge the binding precedent of the circuit). These cases recognize that while courts should encourage attorneys to assert novel legal theories, attorneys must nonetheless acknowledge authority that is directly adverse to their positions. Counsel are reminded of these standards going forward.*

*United States v. Blondeau, No. 10-CR-3871-LAB, at \*2-3 (S.D. Cal. Mar. 15, 2016).*

      Another important consideration herein is the First Sale Doctrine.

      As the legitimate owner of these (few) Upper Deck trading cards that Mr. Flores, offered for sale on eBay (for a mere pittance and with little potential for profit), although he did not create, display or use any marks allegedly owned by your client, Mr. Flores had the absolute right to nominally use of Upper Deck's alleged trademarks in connection with the disposition of his own personal property, which he maintains were lawfully obtained and are not apparent "counterfeits," by any means. Indeed, you client has no apparent right of suit under the First Sale Doctrine[2],

---

[2] See also *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519 (2013);

Craig M. Nichoas  – for The Upper Deck Company
May 19, 2021
Page **4**

codified at 17 U.S.C. § 109, which provides that an individual who knowingly purchases a copy of a copyrighted work receives the right to sell, display or otherwise dispose of that particular copy, notwithstanding the interests of the copyright owner.

Meanwhile, your client has alleged in support of its claims for Federal Trademark Infringement (Complaint, Counts 1 and 3) and Trademark Dilution (Count 2), *inter alia,* that it is the licensee of the rights to the name and image of Michael Jordan and that it has the right to enforce his rights of publicity under Cal Civ. Code Section 3344; however, as you are plainly aware, and you were explicitly advised by Judge Curiel, prior to your filing of this action, your client, Upper Deck lacks any "property interest in the trademark" alleged in this same action, and "lacks standing to bring" an action for allegations of trademark infringement involving the marks of Michael Jordan and because these very goods, a few trading cards legitimately obtained by Mr. Flores (and only apparently offered for sale by him, for small dollar amounts, while lawfully disposing of his own property to cover for a recent job loss) plainly do not infringe any right of the licensee, Upper Deck. Please consult Judge Curiel's Order in USDC San Diego Case No. 3:20-cv-00185 for further analysis regarding these important issues: (Dkt. 63, April 13, 2021)

On that subject, another issue that jumped out at me was the curious fact that you had recently filed this (and at least two other) civil complaints by Upper Deck in the Superior Court.

In view of the important Federal questions and the interest that Judge Curiel has in overseeing the fair and consistent administration of justice within this District, should we be forced to respond to the unfounded and plainly inadequate, invalid and misguided claims alleged in this action, we will most certainly seek to file a motion to dismiss this action, and in the alternative, to remove the matter to the Federal Court, and in view of the facts before me, in such motion(s) we will more than likely seek sanctions against you and your client in such regard.

On that subject, and for such reasons, to avoid the potential for imminent legal motions and the likelihood of an award of sanctions should you and your client persist in this misguided mission, I have at least three "wishes", or rather requests for your immediate consideration, namely:

---

*Allison et al. v. Vintage Sports Plaques et al.*, U.S.C.A. 11th Circuit, No. 96-6809, (March 18, 1998); "As a general rule, trademark law does not reach the sale of genuine goods bearing a true mark even though the sale is not authorized by the mark owner." <u>Polymer Tech. Corp. v. Mimran, 975 F.2d 58, 61 (2d Cir. 1992)</u>; This general rule flows from the principle that the right of a manufacturer to control distribution of its products does not extend beyond the first sale of the product, *as long as the product sold is genuine. See Abbott Labs. v. Adelphia Supply USA,* 15-CV-5826 (CBA) (LB), 2019 WL 5696148, at *4-5 (E.D.N.Y. Sept. 30, 2019); <u>Bel Canto Design, Ltd. v. MSS Hifi, Inc., 837 F. Supp.2d 208, 222-23 (S.D.N.Y. 2011)</u>;
The First Sale Doctrine Defense as a Limit on the Right of Publicity: Allison v. Vintage Sports Plaques *LMU Law Review* 1-1999
https://digitalcommons.lmu.edu/cgi/viewcontent.cgi?article=1385&context=elr
The First Sale Doctrine and the Economics of PostSale Restraints *BYU Law Review,* V2014 I1
https://digitalcommons.law.byu.edu/cgi/viewcontent.cgi?article=2912&context=lawreview

Craig M. Nichoas – for The Upper Deck Company
May 19, 2021
Page **5**

1) Please provide any proofs of service regarding this matter; and advise me in writing within three (3) days, if Plaintiff intends to Amend the Complaint on file herein;

2) Inasmuch as I was only retained yesterday afternoon, please advise if you will grant to Mr. Flores an extension of time to file a response or to otherwise plead in this matter, through and including July 8, 2021; and

3) Please advise when you are available for a brief teleconference wherein I can fill you in on some additional factual details and where I hope to learn more about your client's claims and legal theories.

In the interim, if you require any further information or wish to enlighten me with any additional facts or claims omitted from your pleading, please feel free to advise me immediately. Otherwise, I look forward to hearing from you soon.

Sincerely yours,

/S/
*Stephen L. Anderson*

cc:    client