**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Shaun Markley (SBN 291785)
Ethan T. Litney (SBN 295603)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: smarkley@nicholaslaw.org
Email: elitney@nicholaslaw.org

Attorneys for Plaintiff.
THE UPPER DECK COMPANY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UPPER DECK COMPANY, a Nevada corporation,<br><br>     Plaintiff,<br><br>  vs.<br><br>MIGUEL FLORES, an individual, and DOES 1-100, inclusive,<br><br>     Defendants. | Case No. 3:21-cv-01182-GPC-KSC<br><br>**DECLARATION OF ETHAN LITNEY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT**<br><br>**Judge**: Hon. Gonzalo P. Curiel<br>**Magistrate**: Hon. Karen S. Crawford<br><br>**Case Removed**: June 28, 2021<br>**Trial Date**: None Set |

DECL. OF ETHAN LITNEY ISO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE DEFAULT

I, Ethan T. Litney, declare:

1.     I am an attorney at law duly licensed to practice before all the courts of the State of California, the Southern District of California, the Central District of California, and the Northern District of California. I am an associate with the law firm of Nicholas & Tomasevic, LLP ("N&T"), counsel of record for Plaintiff in this matter. I am familiar with the facts of this case and if called upon as a witness I could testify to the following facts based on my own personal knowledge. I make this declaration in support of the Plaintiff's Opposition to Defendant's Motion to Set Aside Default.

2.     On April 28, 2021, Plaintiff filed its Complaint against Defendant Miguel Flores ("Defendant") in the Superior Court for the County of San Diego, Case No. 37-2021-00018912-CU-IT-CTL.

3.     On May 4, 2021, Defendant was personally served with the summons and Complaint. A true and correct copy of Plaintiff's proof of service of summons is attached hereto as **Exhibit A**.

4.     Plaintiff was first contacted by Stephen Anderson ("Mr. Anderson"), counsel for Defendant, on May 19, 2021. Mr. Anderson's initial May 19, 2021 letter to Plaintiff threatened Plaintiff and its counsel with: (1) sanctions under Code of Civil Procedure Section 128.7; (2) sanctions under Federal Rule of Civil Procedure 11; (3) misleading the Court in violation of California Rules of Professional Conduct, Rule 5-200(B); (4) violation of ABA Model Code of Professional Responsibility, DR 7-106(b)(1); (5) violation of ABA Model Rules of Professional Conduct, Rule 3.3; (6) violation of the California Rules of Professional Conduct, Rule 3.3; and (7) violation of an attorney's duties under Business and Professions Code § 6068. A true and correct copy of Mr. Anderson's May 19, 2021 letter is attached hereto as **Exhibit B**.

5.     The next day, at approximately 12:45 p.m., Mr. Anderson called me at my office. Mr. Anderson immediately took an aggressive and unprofessional

posture, repeatedly interrupted me and asked me to "take a deep breath and start over" rather than address my comments. Mr. Anderson twice explicitly threatened to report me to the California State Bar for ethical violations unless Plaintiff modified its Complaint. When I informed Mr. Anderson that his attempt to utilize a threat of reporting Plaintiff's counsel to the California State Bar to gain advantage in civil litigation was itself a potential violation of the California Rules of Professional Conduct, Rule 5-100, Mr. Anderson flew into a rage, yelled at and berated me, and informed me that he would take the matter "directly to Judge Curiel." Despite my repeated suggestions that the matter should be further discussed, Mr. Anderson unceremoniously hung up the phone on me. Given Mr. Anderson's strange conduct, I immediately discussed the nature of the call with Plaintiff's other counsel, including Shaun Markley, and memorialized the same in writing prior to 1:00 p.m. that day.

6.     At approximately 1:18 p.m. the same day, Mr. Anderson sent a rambling follow-up email that materially misstated and mischaracterized the content of our earlier call, and claimed that he "was forced to terminate the call," and painted me as "thoughtless, black-hearted, and cavalier." A true and correct copy of Mr. Anderson's email to Plaintiff's counsel is attached hereto s **Exhibit C**.

7.     I responded to Mr. Anderson's phone call and follow-up email the next day on May 21, 2021. A true and correct copy of my email attaching a letter is attached hereto as **Exhibit D**. The letter refuted Mr. Anderson's characterization of the May 20 phone call. Despite Mr. Anderson's abusive conduct, I asked if Defendant would be willing to consider informal cooperation regarding where he obtained the counterfeit products at issue as part of an effort to settle this action, and stated that "We hope to have a productive and professional conversation in the coming days regarding your client's cooperation." A true and correct copy of the May 21, 2021 letter is attached hereto as **Exhibit E**.

DECLARATION OF ETHAN LITNEY IN SUPPORT OF JOINT STIPULATION TO
AMEND SCHEDULING ORDER

8.    On May 26, 2021, Mr. Anderson requested a 30-day extension to respond to the Complaint. Plaintiff offered to stipulate to the extension on the condition that Mr. Anderson agreed to accept service on behalf of Defendant (i.e., for the purpose of serving discovery) so that Plaintiff would not be prejudiced by Defendant's delay in filing a responsive pleading given that time was of the essence. I again reiterated Plaintiff's desire to cooperate to resolve the matter. A true and correct copy of Plaintiff's counsel's May 26, 2021 email is attached hereto as **Exhibit F**.

9.    On May 26, 2021, Defendant accepted Plaintiff's offer for the extension. However, Defendant refused to provide information regarding where he obtained the counterfeit products unless Plaintiff dismissed the action or accepted Mr. Anderson's purported offer to compromise of $500.01, and again threatened Plaintiff and his counsel with sanctions, fraud, and malicious prosecution. Despite Defendant's demand, rather than request, for a de facto extension to respond to the Complaint, Plaintiff did not seek a default at that time, and refused to accept Defendant's purported "offer to compromise." A true and correct copy of Mr. Anderson's May 26, 2021 email is attached hereto as **Exhibit G**.

10.    On June 30, 2021, Plaintiff asked Defendant for his availability for a Rule 26(f) conference and provided Plaintiff's availability for the same. A true and correct copy of Plaintiff's counsel's June 30, 2021 email chain is attached hereto as **Exhibit H**. In response Mr. Anderson again referred to me as "black hearted," and "cavalier," asked "what is wrong with you?" and perplexingly stated that Plaintiff would regret amending the Complaint, notwithstanding the amendment obviated several of the issues raised by Mr. Anderson. This response is included in **Exhibit H.**

11.    On July 14, 2021, Plaintiff informed Defendant that he was in default, and in accordance with this District's Code of Conduct for Civility and Professionalism, provided Defendant until July 15 to file an Answer without Plaintiff

DECLARATION OF ETHAN LITNEY IN SUPPORT OF JOINT STIPULATION TO AMEND SCHEDULING ORDER

seeking entry of default. A true and correct copy of Plaintiff's counsel's July 14, 2021 email is attached hereto as **Exhibit I**. Defendant never responded to this email or answered the Complaint before a default was entered. Indeed, even under Defendant's apparent misapprehension regarding his time to answer (August 9, 2021, assuming 40 days from June 30), Defendant failed to timely file an answer.

12. Despite Mr. Anderson's prior request that the party limit their communications to writing, and Plaintiff's insistence that further abusive conduct would require all further communications to be in writing, Mr. Anderson called Plaintiff's counsel on August 10, 2021 within two hours of the Court entering his client's default. I responded to Mr. Anderson by email and Mr. Anderson did not respond. A true and correct copy of my August 10, 2021 email is attached hereto as **Exhibit J**.

13. On August 13, 2021, Plaintiff learned that Defendant had apparently spoliated evidence relating to the conduct at issue in this litigation. The same day, I sent Defendant a lengthy meet and confer email Defendant identifying the spoliation at issue at issue, and asking Defendant "to cease from committing any further spoliation, and clarify the full extent of the destruction of documents or electronically stored information that has taken place thus far." On August 16, 2021, Defendant flatly denied spoliating any evidence, and asked Plaintiff to: "provide any evidence wh[ich] supports your latest (baseless and spurious) claim [regarding spoliation]." Further, Mr. Anderson stated: "Once again, you are apparently continuing to harass my client and vexa[t]iously increase the costs of your ill-founded litigation."  Less than an hour later, Plaintiff clarified that "your request attempts to put my client in a further untenable position by requesting that we identify every incidence of spoliation of which we are aware. Obviously, this could facilitate your client admitting only to the spoliation attempts that we know about, while taking additional efforts to conceal further spoliation of evidence." Nonetheless, Plaintiff identified a particular post from Defendant's Instagram page

(Instagram.com/check_dz_out08) and provided the URL to the deleted post in question, which was deleted after the filing of this action. A true and correct copy of Plaintiff's counsel's email correspondence to Mr. Anderson regarding evidence of spoliation described above is attached hereto as **Exhibit K**.

14.    The card described in Defendant's now deleted Instagram post is a counterfeit Upper Deck branded card. A true and correct copy of that Instagram post is attached hereto as **Exhibit L**. Indeed, this particular card is so heavily counterfeited that it is presently the at issue in multiple pending lawsuits. A true and correct copy of Plaintiff's complaint in the matter of *Upper Deck v. Catalfamo* is attached hereto as **Exhibit M**. A true and correct copy of Plaintiff's complaint in the matter of *Upper Deck v. Trudsoe* is attached hereto as **Exhibit N**. I am personally familiar with these complaints and facilitated their filing; the complaints bear my signature.

15.    After providing the above URL, Mr. Anderson again engaged in a slew of pejorative attacks on Plaintiff's counsel. *See* **Exhibit K**.

16.    Given Defendant and his counsel's conduct in this litigation, and Mr. Anderson's personal history, Plaintiff sought documents from Defendant to substantiate the representations in Mr. Anderson's declaration (which was not executed under penalty of perjury) and sought evidence of any other destruction of relevant information. A true and correct copy of Plaintiff's subpoena for production of records is attached hereto as **Exhibit O**. Defendant provided a ten-page meet and confer letter that raised several purported threshold with the nature of Plaintiff's document requests, and raised boilerplate objections to the specific requests at issue. A true and correct copy of Mr. Anderson's meet and confer letter is attached hereto as **Exhibit P**. The same day, Plaintiff responded to Defendant's letter, and thoroughly addressed the threshold issues raised by Defendant. After two weeks with no response, Plaintiff sent a further meet and confer email regarding the document

1  requests. A true and correct copy of Plaintiff's counsel's email responses are

2  attached hereto as **Exhibit Q**.

3      17.    As of this date, Defendant has resisted providing any substantive

4  evidence supporting the allegations in the unsigned Anderson declaration (despite

5  the apparent ease at which such evidence could be presented), and has not produced

6  any additional evidence relating to spoliation.

7      I declare under penalty of perjury under the laws of the State of California and

8  the United States of America that the foregoing is true and correct. Executed on

9  September 17, 2021, in San Diego, California.

10

11               By: */s/ Ethan T. Litney*

12                   Ethan T. Litney
                 Declarant and Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28