# EXHIBIT A

(State Bar Court Case No. 00-C-10316)

S094645

**IN THE SUPREME COURT OF CALIFORNIA**

**EN BANC**

SUPREME COURT
**FILED**

MAR 3 0 2001

Frederick K. Ohlrich Clerk

DEPUTY

---

IN RE **STEPHEN LEE ANDERSON** ON DISCIPLINE

---

It is ordered that **STEPHEN LEE ANDERSON, State Bar No. 150860**, be suspended from the practice of law for three months, that execution of the suspension be stayed, and that he be placed on probation for 18 months subject to the conditions of probation recommended by the Hearing Department of the State Bar Court in its Order Approving Stipulation filed on October 5, 2000, as modified by its order filed November 21, 2000. It is further ordered that he take and pass the Multistate Professional Responsibility Examination within one year after the effective date of this order. (See *Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 891, fn. 8.) Costs are awarded to the State Bar and one-third of said costs shall be added to and become part of the membership fees for the years 2002, 2003 and 2004. (Bus. & Prof. Code section 6086.10.)

I, Frederick K. Ohlrich, Clerk of the Supreme Court of the State of California, do hereby certify that the preceding is a true copy of an order of this Court, as shown by the records of my office.

Witness my hand and the seal of the Court this _____ day of ____MAR 3 0 2001____ 20 ___

By: _____

_George_
Chief Justice

kwiktag ®      018 035 216

**FILED**

**NOV 2 1 2000**

STATE BAR COURT
CLERK'S OFFICE
LOS ANGELES

### THE STATE BAR COURT

### HEARING DEPARTMENT - LOS ANGELES

| | |
|---|---|
| In the Matter of | Case No. 00-C-10316-CEV |
| STEPHEN LEE ANDERSON, | MODIFICATION ORDER |
| Member No. 150860, | |
| A Member of the State Bar. | |

 The Order Approving Stipulation Re Facts, Conclusions of Law and Disposition filed on October 5, 2000, is hereby MODIFIED, sua sponte, to include the following modifications to the parties' Stipulation Re Facts, Conclusions of Law and Disposition filed October 5, 2000 ("stipulation"):

 1.  On page 1 of the stipulation, paragraph A.(7), "2001, 2002 and 2003" is deleted and in its place is inserted "2002, 2003 and 2004."

 2.  On page 5 of the stipulation, an "X" is inserted in the box requiring Respondent to provide proof of passage of the Multistate Professional Responsibility Examination to the Probation Unit within one year.

 Any objection to this Modification Order must be filed within 15 days of its service.  If no timely objection is filed, the stipulation as modified remains approved, and a staff member of the State Bar Court is directed to transmit the record in this matter to the Supreme Court without further delay.

Dated: November 21, 2000

CARLOS E. VELARDE
Judge of the State Bar Court

# CERTIFICATE OF SERVICE
## [Rule 62(b), Rules Proc.; Code Civ. Proc., § 1013a(4)]

I am a Case Administrator of the State Bar Court.  I am over the age of eighteen and not a party to the within proceeding.  Pursuant to standard court practice, in the City and County of Los Angeles, on November 22, 2000, I deposited a true copy of the following document(s):

**MODIFICATION ORDER, filed November 21, 2000**

in a sealed envelope for collection and mailing on that date as follows:

[X]   by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at Los Angeles, California, addressed as follows:

> **ELLEN A. PANSKY, A/L**
> **PANSKY & MARKLE**
> **1114 FREMONT AVE**
> **SOUTH PASADENA,  CA   91030**

[X]   by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

> **JOHN KELLEY, ESQ., Enforcement, Los Angeles**

I hereby certify that the foregoing is true and correct.  Executed in Los Angeles, California, on **November 22, 2000.**

**Rose M. Luthi**
Case Administrator
State Bar Court

Certificate of Service.wpt

**ORIGINAL**

**PUBLIC MATT**

### State Bar Court of the State Bar of California
### Hearing Department   ☒ Los Angeles   ☐ San Francisco

| | | |
|---|---|---|
| Counsel for the State Bar<br>Office of the Chief Trial Counsel<br>Enforcement<br>John T. Kelley, No. 193646<br>1149 S. Hill St.<br>Los Angeles, CA 90015<br>213/765-1000 | Case number(s)<br>00-C-10316 | (for Court's Use)<br><br>**FILED**<br><br>OCT 0 5 2000<br><br>STATE BAR COURT<br>CLERK'S OFFICE<br>LOS ANGELES |
| Counsel for Respondent<br>Ellen A. Pansky<br>Pansky & Markle<br>1114 Fremont Ave.<br>South Pasadena, CA 91030-3227<br>213/626-7300 | | |
| In the Matter of<br>Stephen L. Anderson<br><br>Bar # 150860<br>A Member of the State Bar of California<br>(Respondent) | Submitted to   ☒ assigned judge   ☐ settlement judge<br><br>STIPULATION RE FACTS, CONCLUSIONS OF LAW AND DISPOSITION AND ORDER APPROVING<br><br>**STAYED SUSPENSION; NO ACTUAL SUSPENSION**<br><br>☐   PREVIOUS STIPULATION REJECTED | |

### A. Parties' Acknowledgments:

(1)   Respondent is a member of the State Bar of California, admitted __December 4, 1990__.
   (date)

(2)   The parties agree to be bound by the factual stipulations contained herein even if conclusions of law or disposition are rejected or changed by the Supreme Court.

(3)   All investigations or proceedings listed by case number in the caption of this stipulation are entirely resolved by this stipulation, and are deemed consolidated. Dismissed charge(s)/count(s) are listed under "Dismissals." The stipulation and order consist of __9__ pages.

(4)   A statement of acts or omissions acknowledged by Respondent as cause or causes for discipline is included under "Facts."

(5)   Conclusions of law, drawn from and specifically referring to the facts are also included under "Conclusions of Law."

(6)   No more than 30 days prior to the filing of this stipulation, Respondent has been advised in writing of any pending investigation/proceeding not resolved by this stipulation, except for criminal investigations.

(7)   Payment of Disciplinary Costs—Respondent acknowledges the provisions of Bus. & Prof. Code §§6086.10 & 6140.7.  (Check one option only):
   ☐   costs added to membership fee for calendar year following effective date of discipline
   ☒   costs to be paid in equal amounts prior to February 1 for the following membership years:
   __2001, 2002, 2003__
   (hardship, special circumstances or other good cause per rule 284, Rules of Procedure)
   ☐   costs waived in part as set forth under "Partial Waiver of Costs"
   ☐   costs entirely waived

**Note:** All information required by this form and any additional information which cannot be provided in the space provided, shall be set forth in the text component of this stipulation under specific headings, i.e. "Facts," "Dismissals," "Conclusions of Law."

**B.** **Aggravating Circumstances (for definition, see Standards for Attorney Sanctions for Professional Misconduct, standard 1.2(b).)  Facts supporting aggravating circumstances are required.**

(1) ☐ **Prior record of discipline** (see standard 1.2(f))

    (a) ☐ State Bar Court case # of prior case _____

    (b) ☐ date prior discipline effective _____

    (c) ☐ Rules of Professional Conduct/ State Bar Act violations: _____

    _____

    _____

    (d) ☐ degree of prior discipline _____

    (e) ☐ If Respondent has two or more incidents of prior discipline, use space provided below or under "Prior Discipline".

(2) ☐ **Dishonesty:**  Respondent's misconduct was surrounded by or followed by bad faith, dishonesty, concealment, overreaching or other violations of the State Bar Act or Rules of Professional Conduct.

(3) ☐ **Trust Violation:**  Trust funds or property were involved and Respondent refused or was unable to account to the client or person who was the object of the misconduct for improper conduct toward said funds or property.

(4) ☐ **Harm:**  Respondent's misconduct harmed significantly a client, the public or the administration of justice.

(5) ☐ **Indifference:**  Respondent demonstrated indifference toward rectification of or atonement for the consequences of his or her misconduct.

(6) ☐ **Lack of Cooperation:**  Respondent displayed a lack of candor and cooperation to victims of his/her misconduct or to the State Bar during disciplinary investigation or proceedings.

(7) ☐ **Multiple/Pattern of Misconduct:**  Respondent's current misconduct evidences multiple acts of wrong-doing or demonstrates a pattern of misconduct.

(8) ☒ **No aggravating circumstances** are involved.

**Additional aggravating circumstances:**

Stayed Suspension

**C. Mitigating Circumstances (see standard 1.2(e).)** Facts supporting mitigating circumstances are required.

(1) ☒ **No Prior Discipline:** Respondent has no prior record of discipline over many years of practice coupled with present misconduct which is not deemed serious.

(2) ☒ **No Harm:** Respondent did not harm the client or person who was the object of the misconduct.

(3) ☒ **Candor/Cooperation:** Respondent displayed spontaneous candor and cooperation to the victims of his/her misconduct and to the State Bar during disciplinary investigation and proceedings.

(4) ☒ **Remorse:** Respondent promptly took objective steps spontaneously demonstrating remorse and recognition of the wrongdoing, which steps were designed to timely atone for any consequences of his/ her misconduct.

(5) ☐ **Restitution:** Respondent paid $ _____ on _____ in restitution to _____ without the threat or force of disciplinary, civil or criminal proceedings.

(6) ☐ **Delay:** These disciplinary proceedings were excessively delayed. The delay is not attributable to Respondent and the delay prejudiced him/her.

(7) ☐ **Good Faith:** Respondent acted in good faith.

(8) ☐ **Emotional/Physical Difficulties:** At the time of the stipulated act or acts of professional misconduct Respondent suffered extreme emotional difficulties or physical disabilities which expert testimony would establish was directly responsible for the misconduct. The difficulties or disabilities were not the product of any illegal conduct by the member, such as illegal drug or substance abuse, and Respondent no longer suffers from such difficulties or disabilities.

(9) ☐ **Family Problems:** At the time of the misconduct, Respondent suffered extreme difficulties in his/her personal life which were other than emotional or physical in nature.

(10) ☐ **Severe Financial Stress:** At the time of the misconduct, Respondent suffered from severe financial stress which resulted from circumstances not reasonably foreseeable or which were beyond his/her control and which were directly responsible for the misconduct.

(11) ☐ **Good Character:** Respondent's good character is attested to by a wide range of references in the legal and general communities who are aware of the full extent of his/her misconduct.

(12) ☐ **Rehabilitation:** Considerable time has passed since the acts of professional misconduct occurred followed by convincing proof of subsequent rehabilitation.

(13) ☐ **No mitigating circumstances** are involved.

**Additional mitigating circumstances:**

**D. Discipline**

   1.  **Stayed Suspension.**

      A.  Respondent shall be suspended from the practice of law for a period of __3  months__

         ☐  i.  and until Respondent shows proof satisfactory to the State Bar Court of rehabilitation and present fitness to practice and present learning and ability in the law pursuant to *standard 1.4(c)(ii), Standards for Attorney Sanctions for Professional Misconduct*

         ☐  ii.  and until Respondent pays restitution to _____ (payee(s)) (or the Client Security Fund, if appropriate), in the amount of _____, plus 10% per annum accruing from _____, and provides proof thereof to the Probation Unit, Office of the Chief Trial Counsel

         ☐  iii.  and until Respondent does the following: _____.

      B.  The above-referenced suspension shall be stayed.

   2.  **Probation.**

      Respondent shall be placed on probation for a period of __eighteen months__, which shall commence upon the effective date of the Supreme Court order herein. (See rule 953, California Rules of Court.)

**E.  Additional Conditions of Probation:**

(1)   ☒  During the probation period, Respondent shall comply with the provisions of the State Bar Act and *Rules of Professional Conduct.*

(2)   ☒  Respondent shall promptly report, and in no event in more than 10 days, to the Membership Records Office of the State Bar and to the Probation Unit, Office of the Chief Trial Counsel, Los Angeles, all changes of information including current office or other address for State Bar purposes as prescribed by section 6002.1 of the Business and Professions Code..

(3)   ☒  Respondent shall submit written quarterly reports to the Probation Unit of the Office of the Chief Trial Counsel on each January 10, April 10, July 10, and October 10 of the period of probation, except as set forth in the second paragraph of this condition. Under penalty of perjury each report shall state that Respondent has complied with all provisions of the State Bar Act and the Rules of Professional Conduct during the preceding calendar quarter or period described in the second paragraph of this condition.

         If the first report would cover less than 30 days, then the first report shall be submitted on the next quarter date and cover the extended period. The final report is due no earlier than 20 days before the last day of the period of probation and no later than the last day of probation.

(4)   ☒  Subject to assertion of applicable privileges, Respondent shall answer fully, promptly and truthfully any inquiries of the Probation Unit of the Office of the Chief Trial Counsel and any probation monitor assigned under these conditions which are directed to Respondent personally or in writing relating to whether Respondent is complying or has complied with the probation conditions.

(5)  [X]  Within one year of the effective date of the discipline herein, Respondent shall attend the State Bar Ethics School, and shall pass the test given at the end of such session.

    [ ]  No Ethics School recommended.

(6)  [ ]  Respondent shall be assigned a probation monitor. Respondent shall promptly review the terms and conditions of his/her probation with the probation monitor to establish a manner and schedule of compliance. During the period of probation, Respondent shall furnish such reports as may be requested by the probation monitor to the probation monitor in addition to quarterly reports required to be submitted to the Probation Unit of the Office of the Chief Trial Counsel. Respondent shall cooperate fully with the probation monitor to enable him/her to discharge his/her duties.

(7)  [ ]  The following conditions are attached hereto and incorporated:

    [ ]  Substance Abuse Conditions    [ ]  Law Office Management Conditions

    [ ]  Medical Conditions    [ ]  Financial Conditions

(8)  [ ]  Other conditions negotiated by the parties:

        See Attachment

[ ]  **Multistate Professional Responsibility Examination:** Respondent shall provide proof of passage of the Multistate Professional Responsibility Examination ("MPRE"), administered by the National Conference of Bar Examiners, to the Probation Unit of the Office of the Chief Trial Counsel within one year. **Failure to pass the MPRE results in actual suspension without further hearing until passage. But see rule 951(b), California Rules of Court, and rule 321(a)(1) & (c), Rules of Procedure.**

    [ ]  **No MPRE recommended.**

## ATTACHMENT TO STIPULATION RE FACTS, CONCLUSIONS OF LAW AND DISPOSITION

IN THE MATTER OF:      STEPHEN LEE ANDERSON, SBN 150860

CASE NUMBER:            00-C-10316

## PROCEDURAL BACKGROUND

1.  This is a proceeding pursuant to §§ 6101 and 6102 of the Business and Professions Code and Rule 951 of the California Rules of Court.

2.  On December 17, 1999, Respondent was convicted, after a jury trial, of violating California Vehicle Code § 31 Making False Statement to Peace Officer, a misdemeanor.

3.  On May 12, 2000, the Review Department of the State Bar Court issued an order referring the matter to the Hearing Department on the issue of whether the facts and circumstances surrounding the offense involved moral turpitude or other misconduct warranting discipline.

## FACTS AND CONCLUSIONS OF LAW

Respondent admits that the following facts are true and that he is culpable of violations of the specified statutes and/or Rules of Professional Conduct:

1.  On or about September 4, 1998, at approximately 10:40 p.m. Respondent was driving in the vicinity of Pier Avenue and Hermosa Avenue in the city of Hermosa Beach and was stopped by an officer of the Hermosa Beach Police Department for making a right turn out of a left-turn lane.

2.  During the traffic stop, Respondent showed the officer an identification card number 400561 and badge number 909 identifying Respondent as a Los Angeles County Deputy District Attorney.

3.  During the traffic stop Respondent told the officer that Respondent was "the Deputy District Attorney" or words to that effect.

4.  Respondent knew the statement to the officer was untrue since Respondent had terminated his employment as a Los Angeles County Deputy District Attorney on or about December 31, 1992.

6

5.    Respondent intentionally misrepresented his capacity as a Los Angeles County Deputy District Attorney in order to influence the officer's exercise of discretion in issuing Respondent a ticket.

6.    After misrepresenting his status as a Los Angeles County Deputy District Attorney, Respondent attempted three times to speak with the officer to clarify that he was a prior Deputy District Attorney, but was not allowed the opportunity to do so.

7.    After the September 4, 1998, incident and before criminal charges were filed against Respondent, officers of the Hermosa Beach Police Department visited Respondent at his home and Respondent openly disclosed the fact that he had terminated his position as a Deputy District Attorney in 1992.

8.    On December 17, 1999, Respondent was convicted, after a jury trial, of violating California Vehicle Code § 31 Making False Statement to Peace Officer.

9.    On January 13, 2000, Respondent was sentenced to two years summary probation with payment of fines and eighty hours of community service.

<u>Legal Conclusions</u>

By telling a peace officer, during a traffic stop, that he was a Deputy District Attorney, knowing that he was no longer a Deputy District Attorney, Respondent violated California Vehicle Code § 31. The facts and circumstances surrounding Respondent's violation of California Vehicle Code § 31 involve moral turpitude since Respondent committed an act of intentional deceit in wilful violation of California Business & Professions Code § 6106. Respondent acknowledges that by the conduct described above, he failed to support the laws of the State of California in wilful violation of California Business and Professions Code § 6068(a).

## PENDING PROCEEDINGS

The disclosure date referred to, on page one, paragraph A.(6) was September 18, 2000.

## **OTHER CONDITIONS NEGOTIATED BY THE PARTIES**

Respondent waives finality of his conviction in the underlying criminal matter and consents to the State Bar Court's acceptance of this stipulation as to facts, conclusions of law and discipline in all respects as if the conviction were final, including entry of findings consistent with this stipulation, imposition of discipline, or entry of a recommendation as to the degree of discipline to be imposed.

Respondent waives any right to challenge on the basis of lack of finality of his conviction

the State Bar Court's recommendation of discipline, if any, and the actual imposition of discipline, if any, by the State Bar Court or the California Supreme Court.

Respondent further waives any right he may have to seek review or reconsideration on the basis of any relief he may receive as a result of any appeal of, or petition regarding, the criminal conviction underlying any recommendation of and/or actual imposition of discipline by the State Bar Court or the California Supreme Court.

## COMPLIANCE WITH CONDITIONS OF PROBATION/PAROLE IN UNDERLYING CRIMINAL MATTER

Respondent shall comply with all conditions of probation or parole imposed in the underlying criminal matter and shall so declare under penalty of perjury in conjunction with any quarterly report required to be filed with the State Bar Probation Unit.  Respondent shall also report any modifications, including revocation, of criminal probation in conjunction with any quarterly report required to be filed with the State Bar Probation Unit.

| Date 9/22/00 | Respondent's signature | Stephen L. Anderson<br>print name |
| Date 9-26-00 | Pansky & Markle<br>By: Ellen Pansky<br>Respondent's Counsel's signature | Ellen A. Pansky<br>print name |
| Date Sep 29 2000 | John J. Kelley<br>Deputy Trial Counsel's signature | John T. Kelley<br>print name |

## ORDER

Finding the stipulation to be fair to the parties and that it adequately protects the public, IT IS ORDERED that the requested dismissal of counts/charges, if any, is GRANTED without prejudice, and:

☒ The stipulated facts and disposition are APPROVED and the DISCIPLINE RECOMMENDED to the Supreme Court.

❑ The stipulated facts and disposition are APPROVED AS MODIFIED as set forth below, and the DISCIPLINE IS RECOMMENDED to the Supreme Court.

The parties are bound by the stipulation as approved unless: 1) a motion to withdraw or modify the stipulation, filed within 15 days after service of this order, is granted; or 2) this court modifies or further modifies the approved stipulation. (See rule 135(b), Rules of Procedure.) **The effective date of this disposition is the effective date of the Supreme Court order herein, normally 30 days after file date. (See rule 953(a), California Rules of Court.)**

Date Oct 5, 2000

Judge of the State Bar Court

## CERTIFICATE OF SERVICE
### [Rule 62(b), Rules Proc.; Code Civ. Proc., § 1013a(4)]

I am a Case Administrator of the State Bar Court. I am over the age of eighteen and not a party to the within proceeding. Pursuant to standard court practice, in the City and County of Los Angeles, on October 6, 2000, I deposited a true copy of the following document(s):

**STIPULATION RE FACTS, CONCLUSIONS OF LAW AND DISPOSITION AND ORDER APPROVING STAYED SUSPENSION; NO ACTUAL SUSPENSION, filed October 5, 2000**

in a sealed envelope for collection and mailing on that date as follows:

[X]   by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at Los Angeles, California, addressed as follows:

> **ELLEN A. PANSKY, A/L**
> **PANSKY & MARKLE**
> **1114 FREMONT AVE.**
> **SOUTH PASADENA, CA 91030**

[X]   by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

> **JOHN KELLEY, ESQ., Enforcement, Los Angeles**

I hereby certify that the foregoing is true and correct. Executed in Los Angeles, California, on **October 6, 2000.**

**Rose M. Luthi**
Case Administrator
State Bar Court

Certificate of Service.wpt

Ellen A. Pansky, Bar No. 77688
PANSKY & MARKLE
1114 Fremont Avenue
South Pasadena, California 91030
(213) 626-7300

Attorneys for Respondent Stephen Lee Anderson

**FILED**

JUN 0 9 2000

STATE BAR COURT
CLERKS OFFICE
LOS ANGELES

BEFORE THE STATE BAR COURT

OF THE STATE BAR OF CALIFORNIA

HEARING DEPARTMENT - LOS ANGELES

| | |
|---|---|
| In the Matter of | Case No. 00-C-10316-CEV |
| STEPHEN LEE ANDERSON, Bar No. 150860, | RESPONSE TO NOTICE OF HEARING ON CONVICTION |
| A Member of the State Bar. | |

TO THE OFFICE OF THE CHIEF TRIAL COUNSEL OF THE STATE BAR OF

CALIFORNIA AND TO ITS DEPUTY TRIAL COUNSEL OF RECORD:

Respondent Stephen Lee Anderson responds to the Notice of Hearing on

Conviction on file herein as follows, pursuant to rule 601, Rules of Procedure of the

State Bar Court.

1.     The address to which all further notices to respondent Anderson in

relation to these proceedings may be sent is as follows: Ellen A. Pansky, Pansky &

Markle, 1114 Fremont Avenue, South Pasadena, CA 91030, (213) 626-7300.

2.     Respondent's position in the within matter includes the following:

a)     The conduct underlying Respondent's conviction of a misdemeanor violation of Vehicle Code § 31 did not involve moral turpitude;

b)     That the conduct underlying Respondent's misdemeanor conviction of Vehicle Code § 31 did not involve other misconduct warranting discipline; and

c)     That the facts underlying Respondent's conviction of Vehicle Code § 31 were completely unrelated to the practice of law, and therefore there is no nexus between the criminal activity and Respondent's fitness to practice, and no disciplinary action is appropriate.

3.     Respondent reserves the right to present additional positions in response to assertions and allegations which may be made by The Office of the Chief Trial Counsel;

4.     Respondent does not object to a hearing on the issue whether the conduct underlying his misdemeanor conviction involves moral turpitude or other misconduct warranting discipline.  Respondent does not waive his objection to a recommendation of discipline due to the lack of the finality of the conviction.

WHEREFORE, respondent Anderson requests that the court find that he did not commit acts constituting professional misconduct, and that the instant proceeding be dismissed.

PANSKY & MARKLE,

Dated:  June 9, 2000          By: _____
                                   Ellen A. Pansky
                                   Attorneys for Respondent
                                   Stephen Lee Anderson

## PROOF OF SERVICE BY MAIL

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 S. Grand Avenue, Suite 4050, Los Angeles, California 90071.

On June 9, 2000, I served the foregoing **RESPONSE TO NOTICE OF HEARING RE CONVICTION** on the interested parties in this action by mail by placing ( ) the original (X) a true copy thereof in a sealed envelope addressed to each of the following:

John Kelley, Deputy Trial Counsel
Office of The Chief Trial Counsel
State Bar of California
1149 South Hill Street
Los Angeles, CA 90015-2299

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on June 9, 2000, at South Pasadena, California.

Patricia Donah

| THE STATE BAR COURT<br><br>HEARING DEPARTMENT<br><br>1149 S. Hill St., 5th Fl., Los Angeles, CA 90015-2299 | FOR CLERK'S USE ONLY:<br><br>**FILED**<br><br>**MAY 2 4 2000**<br><br>STATE BAR COURT<br>CLERK'S OFFICE<br>LOS ANGELES |
|---|---|
| In the Matter of:<br><br>**STEPHEN LEE ANDERSON,**<br><br>**Member No. 150860,**<br><br>A Member of the State Bar. | Case No(s): **00-C-10316-CEV**<br><br>**NOTICE OF HEARING ON CONVICTION**<br>(Business and Professions Code §§ 6101 and 6102) |

## NOTICE TO RESPONDENT RE: DEFAULT AND INACTIVE ENROLLMENT

**If you fail to file an answer to this notice within the time allowed by State Bar Rules, including extensions, or if you fail to appear at the State Bar Court trial, (1) your default shall be entered; (2) you shall be enrolled as an involuntary inactive member of the State Bar and will not be permitted to practice law unless the default is set aside on motion timely made under the Rules of Procedure of the State Bar; (3) you shall not be permitted to participate further in these proceedings unless your default is set aside; and (4) you shall be subject to additional discipline.**

**State Bar Rules require you to file your written response to this notice within twenty days after service.**

**If your default is entered: (1) evidence that would otherwise be inadmissible may be used against you in this proceeding; and (2) you will lose the opportunity to participate further in these proceedings, including presenting evidence in mitigation, countering evidence in aggravation, and moving for reconsideration, unless and until your default is set aside on motion timely made under the prescribed grounds. See rules 200 et seq., and rules 602, 603 and 604, Rules of Procedure for State Bar Court Proceedings; Business and Professions Code section 6102(g).**

**If your default is entered and the discipline imposed by the Supreme Court in this proceeding includes a period of actual suspension, you will remain suspended from the practice of law for at least the period of time specified by the Supreme Court. In addition, the actual suspension will continue until you have requested, and the State Bar Court has granted, a motion for termination of the actual suspension. As a condition for terminating the actual suspension, the State Bar Court may place you on probation and require you to comply with such conditions of probation as the State Bar Court deems appropriate. See rule 205, Rules of Procedure for State Bar Court Proceedings.**

Pursuant to the order of the Review Department, filed **May 25, 2000**, a true and correct copy of which is attached as an exhibit hereto, your conviction has been referred to the Hearing Department of the State Bar Court.

**You are notified to be present in person or by counsel at a status conference to be set pursuant to rule 1210, Rules of Practice of the State Bar Court.**

YOU ARE FURTHER NOTIFIED, pursuant to rules 600-607, Rules of Procedure for State Bar Court Proceedings, to be present at such time and place as is set for the first day of trial, in person or by counsel to present evidence on your behalf, to examine and cross-examine witnesses and otherwise participate in the proceedings before the State Bar Court.

Your attention is directed to the Rules of Procedure of the State Bar and Rules of Practice of the State Bar Court, which govern these proceedings. You may locate the Rules of Procedure for State Bar Court Proceedings on the Internet at http://www.calbar.org/2bar/3sbct/rules/3r-proc.htm and the Rules of Practice of the State Bar Court on the Internet at http://www.calbar.org/2bar/3sbct/rules/3r-prac.htm. If you do not have access to the Internet, please contact Linda Cho at (213) 765-1138 to obtain a copy of the rules.

## NOTICE - COST ASSESSMENT

**In the event these proceedings result in public discipline, you may be subject to the payment of costs incurred by the State Bar in the investigation, hearing and review of this matter pursuant to Business and Professions Code sections 6086.10 and 6140.7. See also rule 280, et seq., Rules of Procedure of the State Bar.**

Dated: May 24, 2000

G. Jeannie Johnson
Case Administrator
State Bar Court

F I L E D

MAY 1 2 2000

STATE BAR COURT
CLERK'S OFFICE
LOS ANGELES

00-C-10316

## REVIEW DEPARTMENT OF THE STATE BAR COURT
## IN BANK

### IN THE MATTER OF **STEPHEN LEE ANDERSON**

### A MEMBER OF THE STATE BAR OF CALIFORNIA

Since the State Bar Court has not yet received evidence that the conviction of respondent **STEPHEN LEE ANDERSON** for a misdemeanor violation of Vehicle Code section 31 is final, the Hearing Department shall, after a hearing, file a decision limited to whether the facts and circumstances surrounding the offense involved moral turpitude or other misconduct warranting discipline. The decision shall not include a recommendation regarding discipline absent a complete waiver of the lack of finality of the conviction. (See rule 607, Rules of Procedure of the State Bar of California.)

If respondent timely objects to a hearing on this issue before the conviction is final, the Hearing Department shall, after a hearing, file its finding, based only on the record of conviction, whether there is probable cause to believe that the facts and circumstances surrounding the offense involved moral turpitude. If the Hearing Department finds probable cause, the Review Department will consider placing respondent on interim suspension. (See *In Re Strick* (1983) 34 Cal. 3d 891.)

James W. Obrien
Presiding Judge

# CERTIFICATE OF SERVICE
## [Rule 62(b), Rules Proc.; Code Civ. Proc., § 1013a(4)]

I am a Case Administrator of the State Bar Court.  I am over the age of eighteen and not a party to the within proceeding.  Pursuant to standard court practice, in the City and County of Los Angeles, on May 24, 2000, I deposited a true copy of the following document(s):

**NOTICE OF HEARING ON CONVICTION AND NOTICE OF ASSIGNMENT AND NOTICE OF INITIAL STATUS CONFERENCE AND ATTACHMENTS, filed May 24, 2000**

in a sealed envelope for collection and mailing on that date as follows:

[X]     by certified mail, No. P972516592, with return receipt requested, through the United States Postal Service at Los Angeles, California, addressed as follows:

**STEPHEN LEE ANDERSON**
**ATTORNEY AT LAW**
**22292 BARBERA**
**LAGUNA HILLS, CA 92653**

[X]     by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

**JOHN KELLEY ESQ, Enforcement, Los Angeles**

I hereby certify that the foregoing is true and correct.  Executed in Los Angeles, California, on **May 24, 2000.**

**G. Jeannie Johnson**
Case Administrator
State Bar Court

Certificate of Service.wpt

# EXHIBIT B

AO279,CLOSED

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles)**
**CIVIL DOCKET FOR CASE #: 2:93-cv-04275-RMT-S**

Hard Rock Cafe Lic, et al v. West, et al
Assigned to: Judge Robert M. Takasugi
Referred to: Magistrate Judge Robert M. Stone
Demand: $250,000
Cause: 15:1125 Trademark Infringement (Lanham Act)

Date Filed: 07/20/1993
Date Terminated: 03/03/1994
Jury Demand: None
Nature of Suit: 840 Trademark
Jurisdiction: Federal Question

**Plaintiff**

**Hard Rock Cafe Licensing Corp**
*a New York corp*
*also known as*
Seal 1

represented by   **Stephen Lee Anderson**
Anderson and Associates
27280 Via Industria
Unit B
Temecula, CA 92590
951-296-1700
Fax: 951-296-0614
Email: attorneys@brandxperts.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ross West**
*also known as*
Kerlan Jobe Orthopaedic Clinic

**Defendant**

**John Doe**
*also known as*
Seal B

**Defendant**

**Does**
*1-20*
*also known as*
Frank W Jose MD

| Date Filed | # | Docket Text |
|---|---|---|
| 07/20/1993 | 1 | COMPLAINT (Summons(es) issued) Jury Trial Demanded (seal) (Entered: 07/21/1993) |
| 07/20/1993 | 2 | EX PARTE APPLICATION for OSC re P/I & TRO etc. by plaintiff Seal 1 (seal) (Entered: 07/21/1993) |
| 07/20/1993 | 3 | ORDER GRANTING case to be file underseal by Judge Robert M. Takasugi case sealed (seal) (Entered: 07/21/1993) |
| 07/20/1993 | | CASE REFERRED to Discovery Robert M. Stone (seal) (Entered: 07/21/1993) |
| 07/20/1993 | 4 | ORDER TO SHOW CAUSE re prelim inj & TRO rtnble 8/4/93, 1:30pm by Judge Robert M. Takasugi (cc: all counsel) (seal) (Entered: 07/27/1993) |
| 07/20/1993 | 4 | ORDER by Judge Robert M. Takasugi granting application [2-1] ; order to show cause hearing set on 1:30 8/4/93 re prelim inj TRO pend hrg on osc; ord for seizure , ord wv ntc & ord for special appoint to srv process; ord bnd sert at $10,000 (seal) (Entered: 07/27/1993) |
| 07/22/1993 | 5 | NOTICE of Undertaking in amount of $ 10000 Bond No. 3SE74171900 from: American Mfg Mutual Ins Co as to plaintiff (seal) (Entered: 07/27/1993) |
| 07/27/1993 | 6 | RETURN OF SUMMONS and proof of service executed upon defendant Seal C on 7/23/93 (seal) (Entered: 07/29/1993) |
| 07/27/1993 | 7 | RETURN OF SUMMONS and proof of service executed upon defendant Seal C on 7/23/93 (seal) (Entered: 07/29/1993) |
| 07/27/1993 | 8 | RETURN OF SUMMONS and proof of service executed upon defendant Seal A on 7/23/93 (seal) (Entered: 07/30/1993) |
| 08/03/1993 | 9 | NOTICE by Crt of cont of P/I hrg to 8/5/93, 1:30pm (seal) (Entered: 08/19/1993) |
| 08/05/1993 | 10 | RETURN OF SUMMONS and proof of service executed upon defendant Seal C on 7/23/93 (Mihlfread III) (seal) (Entered: 08/19/1993) |
| 08/05/1993 | 11 | RETURN OF SUMMONS and proof of service executed upon defendant Seal C on 7/23/93 (Kim) (seal) (Entered: 08/19/1993) |
| 08/05/1993 | 12 | RETURN OF SUMMONS and proof of service executed upon defendant Seal C on 7/23/93 (Chois) (seal) (Entered: 08/19/1993) |
| 08/05/1993 | 13 | MINUTES: by Judge Robert M. Takasugi CR: N/A: P/I: Crt & cnsl confer in chambers. Plfs cnsl to file finds & concl of law (seal) (Entered: 08/19/1993) |
| 08/20/1993 | 14 | NOTICE by plaintiff of lodging of Court exhibit 1 (seal) (Entered: 09/01/1993) |
| 08/20/1993 | | LODGED Court exh 1 submitted by plaintiff (seal) (Entered: 09/01/1993) |
| 08/20/1993 | 15 | NOTICE by plaintiff oflodging of Crt exh 2 (seal) (Entered: 09/01/1993) |
| 08/20/1993 | | LODGED Crt Exh 2 submitted by plaintiff (seal) (Entered: 09/01/1993) |
| 08/20/1993 | 16 | REQUEST by plaintiff for dflt as to dft Seal a & Doe dfts 1 & 2 (seal) (Entered: 09/03/1993) |
| 08/20/1993 | 16 | DEFAULT ENTERED as to defendant Seal A, defendant Seal C (Does 1 & 2) (seal) (Entered: 09/03/1993) |
| 08/30/1993 | 17 | PRELIMINARY INJUNCTION by Judge Robert M. Takasugi agnst Defts Kim & West & Den P/I agnst dft Choi (ENT 9/3/93) (seal) (Entered: 09/03/1993) |

| 08/30/1993 | 18 | FINDINGS of fact and conclusions of law by Judge Robert M. Takasugi re: P/I (Ent 9/3/93) (seal) (Entered: 09/03/1993) |
| 09/24/1993 | 19 | PROOF OF SERVICE by plaintiff seal 1 of decl re prelimj (seal) (Entered: 09/29/1993) |
| 03/02/1994 | 20 | ORDER by Judge Robert M. Takasugi Applic for dflt jgm by crt & decl of Stephen L Anderson & peter Maheu in suppt & Ord that dft Ross West, Jong Y Choi dba Choi's Fashion and Kwang Chul Kim each committed infringment of valid trademark lawfully owned by pla & dft are perm restrained from infringing, pla recvr from dft the sum of $2,250.00 & costs terminating case (ENT 3-3-94) Mld JS 6 Mld cpy (sb) (Entered: 03/04/1994) |
| 03/13/1996 | | CLOSING REPORT on the filing or determination of an action regarding trademarks (cc: form mailed to Washington, D.C.) (jw) (Entered: 03/13/1996) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/16/2021 13:32:37 | | | |
| PACER Login: | cnichola477 | Client Code: | UD v. Flores |
| Description: | Docket Report | Search Criteria: | 2:93-cv-04275-RMT-S End date: 9/16/2021 |
| Billable Pages: | 2 | Cost: | 0.20 |

# EXHIBIT C

**U.S. District Court**
**Southern District of California (San Diego)**
**CIVIL DOCKET FOR CASE #: 3:03-cv-00958-DMS-POR**

Directv Inc v. Pero, et al                                    Date Filed: 05/13/2003
Assigned to: Judge Dana M. Sabraw                            Date Terminated: 08/24/2004
Referred to: Magistrate Judge Louisa S Porter               Jury Demand: None
Demand: $0                                                    Nature of Suit: 890 Other Statutory Actions
Cause: 28:1331ca Fed Question: Fed Communications Act        Jurisdiction: Federal Question

**Plaintiff**

**Directv, Inc.**                          represented by   **Diana S Ponce-Gomez**
*a California corporation*                                  Danner and Martyn LLP
                                                           100 East Thousand Oaks Boulevard
                                                           Suite 244
                                                           Thousand Oaks, CA 91360
                                                           (805)777-8700
                                                           Fax: (805)778-0736
                                                           *TERMINATED: 08/09/2004*
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Keli N Osaki**
                                                           Manatt Phelps & Phillips LLP
                                                           695 Town Center Drive
                                                           14th Floor
                                                           Costa Mesa, CA 92626
                                                           (714)371-2539
                                                           Fax: (714)371-2550
                                                           Email: kosaki@manatt.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Lisa Pero**
*TERMINATED: 11/17/2003*

**Defendant**

**Michael Day**                            represented by   **Edward W Freedman**
*TERMINATED: 06/07/2004*                                   Law Offices of Edward Freedman
                                                           4225 Executive Square
                                                           Suite 490
                                                           La Jolla, CA 92037
                                                           (858)550-8181
                                                           Fax: (858)550-0499
                                                           Email: lallen271@gmail.com
                                                           *TERMINATED: 06/07/2004*
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Randy Barrett**                          represented by   **Stephen L Anderson**
*TERMINATED: 10/30/2003*                                   Anderson Law
                                                           41923 Second Street
                                                           Suite 201
                                                           Temecula, CA 92590
                                                           951-296-1700
                                                           Fax: 951-296-0614
                                                           Email: attorneys@brandxperts.com
                                                           *TERMINATED: 10/30/2003*
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Anthony Van Dang**

**Defendant**

**Gerardo Sanchez**
*TERMINATED: 02/02/2004*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/13/2003 | 1 | Complaint Filed; (referred to Magistrate Judge Louisa S. Porter ) Receipt No/Amt of Fee: #093894/$150 (dkt clerk) (Entered: 05/14/2003) |
| 05/13/2003 | 2 | Notice of Party with Financial Interest by Directv Inc (dkt clerk) (Entered: 05/14/2003) |

| Date | No. | Description |
|---|---|---|
| 06/13/2003 | 3 | Summons issued as to Lisa Pero, Michael Day, Randy Barrett, Anthony Van Dang, Gerardo Sanchez (cag) (Entered: 06/16/2003) |
| 08/07/2003 | 4 | Return of Service of summons and mtn for cert of documents not executed upon dft Lisa Pero; Adding Randy Barrett (cag) (Entered: 08/08/2003) |
| 08/12/2003 | 5 | Stipulation to extend time to file responsive pleading and Order thereon by Judge Judith N. Keep; Answer due by 8/21/03 for Michael Day (cag) (Entered: 08/13/2003) |
| 08/25/2003 | 6 | Stipulation extending answer ddl and Order thereon by Judge Judith N. Keep; Answer by 9/9/03 for Randy Barrett (Atty Maint) (cag) (Entered: 08/25/2003) |
| 08/25/2003 | 7 | Return of Service of summons, cmp, ntc of party w/ financial interest executed upon defendant Michael Day on 7/15/03 (cag) (Entered: 08/27/2003) |
| 09/08/2003 | 9 | Return of Service of summons and cmp, ntc of pty w/ financial interest executed upon defendant Anthony Van Dang on 8/16/03 (cag) (Entered: 09/09/2003) |
| 09/09/2003 | 8 | Return of Service of summons, cmp, ntc of pty w/ financial interest executed upon defendant Gerardo Sanchez on 8/13/03 (cag) (Entered: 09/09/2003) |
| 09/11/2003 | 10 | Amended Proof of service by plaintiff (cag) (Entered: 09/12/2003) |
| 10/03/2003 | 11 | DISCREPANCY ORDER by Judge Judith N. Keep rejecting document: notice of settlement from plaintiff Directv Inc, non-compliance with local rule other (cag) (Entered: 10/06/2003) |
| 10/30/2003 | 12 | Notice of dismissal of dft Randy Barrett w/ prej and Order thereon by Judge Judith N. Keep; terminating party Randy Barrett (cag) (Entered: 10/30/2003) |
| 11/17/2003 | 13 | Notice of dismissal and Order thereon by Judge Judith N. Keep; terminating dft Randy Barrett (cag) (Entered: 11/18/2003) |
| 11/17/2003 | 14 | Notice of dismissal and Order thereon by Judge Judith N. Keep; terminating dft Lisa Pero (cag) (Entered: 11/18/2003) |
| 11/18/2003 | 15 | Order transferring case by Judge Judith N. Keep; Case reassigned to Judge Dana M. Sabraw (cag) (Entered: 11/19/2003) |
| 01/21/2004 | 16 | Order to show cause by Judge Dana M. Sabraw; pla to file a response to this order by 1/30/04 (OSC stayed until 2/13/04 per order of 2/2/04) (cag) Modified on 02/03/2004 (Entered: 01/22/2004) |
| 01/30/2004 | 17 | Request by Directv Inc for entry of dflt of dft Anthony Van Dang (cag) (Entered: 02/02/2004) |
| 01/30/2004 | 18 | Declaration of Susan L. Wilson re request for entry of dflt as to dft Anthony Van Dang [17-1] (cag) (Entered: 02/02/2004) |
| 01/30/2004 | 19 | Default entered as to Anthony Van Dang (cag) (Entered: 02/02/2004) |
| 02/02/2004 | 20 | Response by pla to OSC of 1/21/04 as to dft Michael Day and Order thereon by Judge Dana M. Sabraw; OSC stayed until 2/13/04; if stip for dismissal of dft Day not on file by 2/13/04, ct will dismiss dft Day on its own order (cag) (Entered: 02/03/2004) |
| 02/02/2004 | 21 | Request for dismissal of dft Sanchez w/o prej and Order thereon by Judge Dana M. Sabraw; terminating party Gerardo Sanchez (cag) (Entered: 02/03/2004) |
| 05/19/2004 | 27 | Minutes: Enter Order by Judge Dana M. Sabraw; Order to show cause hrg 55.1 vacated 10:30 7/2/04 (Received in docketing 6/15/04) (cag) (Entered: 06/16/2004) |
| 06/07/2004 | 22 | Order by Judge Dana M. Sabraw dismissing dft Michael Day; terminating party Michael Day (cag) (Entered: 06/08/2004) |
| 06/07/2004 | 23 | Notice of hearing (In-House); Order to show cause 55.1 hrg set for 10:30 7/2/04 before Judge Dana M. Sabraw (cag) (Entered: 06/08/2004) |
| 06/10/2004 | 24 | Notice of Motion and Motion by Directv Inc for default judgment against Anthony Van Dang ; [motion referred to Judge Dana M. Sabraw]; motion hrg set for 7/16/04 at 2:30 (cag) (Entered: 06/14/2004) |
| 06/10/2004 | 25 | Memorandum of points and authorities by Directv Inc in support of motion for default judgment against Anthony Van Dang [24-1] (cag) (Entered: 06/14/2004) |
| 06/10/2004 | 26 | Declaration of Keli N. Osaki re motion for default judgment against Anthony Van Dang [24-1] (cag) (Entered: 06/14/2004) |
| 07/09/2004 | 28 | Order by Judge Dana M. Sabraw; ct finds motion for default judgment against Anthony Van Dang [24-1] suitable for submission w/o oral argument; no appearances are required at this time (cag) (Entered: 07/12/2004) |
| 08/09/2004 | 29 | Applicaiton for Attorney Substitution and Order: signed by Magistrate Judge Louisa S. Porter terminating attorney Diana S Ponce-Gomez for Directv Inc and substituting attorney Keli N Osaki (ksr) (Entered: 08/09/2004) |
| 08/24/2004 | 30 | Default Judgment against Anthony Van Dang by Judge Dana M. Sabraw; granting motion for default judgment against Anthony Van Dang [24-1]; jgm for pla in the sum of $60,000 plus post-jgm interest against Anthony Van Dang; terminating case (cag) (Entered: 08/24/2004) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/16/2021 13:33:18 | | |
| **PACER Login:** | cnichola477 | **Client Code:** | UD v. Flores |
| **Description:** | Docket Report | **Search Criteria:** | 3:03-cv-00958-DMS-POR |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# EXHIBIT D

1  Name: Sky Sirewest
   Address: 4704 Oliver Street
2  Riverdale, MD 20737
   240-288-5922
3  Defendant --In Pro Per

**FILED**

Jan 04 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ darcig          DEPUTY

NUNC PRO TUNC

1/3/18

## FEDERAL DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING, as an individual, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Case No.: 17CV1554 GPC RBB |
| PATRICK MC CARTHY, an individual aka | ) |
| FLYNN MC CARTHY; BRYAN DAVID | ) |
| MINCEY, an individual; SKY SIREWEST, an | ) |
| individual; DOES 1-10; ABC | ) |
| CORPORATIONS 1-10; AYZ, LLC's 1-10 | ) |
| Defendants. | ) |
| | ) Date Complaint was filed: August 1, 2017 |

**NOTICE OF MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT:**

**TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:**

   **YOU ARE HEREBY NOTIFIED THAT** at the above-captioned date and time and

department in the courthouse located at 333 W. Broadway, Suite 420, and San Diego CA 92101 that

Defendant, Sky Sirewest moved the court for an order requesting that the Default and, if entered,

Default Judgment be set aside. This motion is made on the following grounds:

   ❑ Inadvertence, surprise, mistake, or excusable neglect (Fed Rule Civil Procedure 60 (b)

   (1);

---

MOTION TO SET ASIDE- 1

This motion will be based upon this notice, the attached points and authorities and declaration of Sky Sirewest, and the records and files in this action.

December 30, 2017

Dated:

Submitted By:

Sky Sirewest

## MOTION TO SET ASIDE DEFAULT JUDGMENT
## ND STAY EXECUTION OF THE JUDGMENT PNDING HEARING

Defendant Sky Sirewest, in proper person pursuant to Federal Rules of Civil Procedure 60 and 62 moves this honorable court for its order to set aside the Default Judgment and the Stay of Execution of said Judgment pending a hearing on Defendant's Motion for the reasons set forth below.

Dated this _____30th_____ day of December, 2017.

Respectfully Submitted

Sky Sirewest, Pro Se

**Memorandum of Points and Authorities in Support of Motion for Set Aside Default**

I. Background

On August 1, 2017, Plaintiff filed a Complaint in this court. On December 4, 2017 this court entered a default against the Defendant. Defendant acknowledges that he was served with summons and complaint. Defendant did not file an Answer to the Summons and Complaint because his wife was battling and in the end stages of brain cancer. The suit was filed and served one month before his wife passed, and he was inundated with the funeral arrangements, consoling his children and 9 grandchildren. Thereafter, Defendant fell ill, and was in and out of the hospital and under doctor's care. The moving defendant is now asking for a set aside of that default and, if entered, default judgment. Defendant is prepared to testify to these facts consistent with the Affidavit attached thereto.

## II. LEGAL ARGUMENT

**I. Pursuant to California Code of Civil Procedure §473(b), the court should set aside this adverse judgment or ruling based on inadvertence, surprise, or excusable neglect.**

On application, the court may, on any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect (Fed. Rule Civ. Proc. 60)). This motion is filed within a reasonable period of time, not exceeding six months after entry of the default. It is the policy of the law is that controversies should be heard and disposed of on their merits (*Fasuyi v. Permatea, Inc.* (2008) 167 Cal. App. 4th 681, 694–703, 84 Cal. Rptr. 3d 351; *Berman v. Klassman* (1971) 17 Cal. App. 3d 900, 909, 95 Cal. Rptr. 417). A trial court has wide discretion to grant relief under Code of Civil Procedure (*Berman v. Klassman* (1971) 17 Cal. App. 3d 900, 909, 95 Cal. Rptr. 417). The Code of Civil Procedure Section 473(b) is a remedial measure to be liberally construed, and any doubts existing as to the propriety of setting aside a default thereunder will be resolved in favor of a hearing on the merits (*Berman v. Klassman* (1971) 17 Cal. App. 3d 900, 910, 95 Cal. Rptr. 417). On a finding by the court that the motion was made within the two year time period permitted by Code of Civil Procedure Section 473.5(a) and that his or her lack of actual notice

in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect, it may set aside the default or default judgment on whatever terms as may be just and allow the party to defend the action (Code Civ. Proc. § 473.5(c); *Goya v. P.E.R.U. Enterprises* (1978) 87 Cal. App. 3d 886, 890–891, 151 Cal. Rptr. 258). *See also Federal Rule of Civil Procedure 60 and 62*. Whether or not relief should be granted under Code of Civil Procedure Section 473.5 is a matter within the discretion of the trial court (*Brockman v. Wagenbach* (1957) 152 Cal. App. 2d 603, 611, 313 P.2d 659). Unless inexcusable neglect is clear, the policy favoring trial on the merits prevails over the general rule of deference to the trial court's exercise of discretion, and doubts are resolved in favor of the application for relief from default (*Tunis v. Barrow* (1986) 184 Cal. App. 3d 1069, 1079, 229 Cal. Rptr. 389). On a finding by the court that the motion was made in time period(s) permitted by Civ. Code § 1788.61(a)(2)(A), Civ. Code § 1788.61(a)(2)(B) and/or Civ. Code § 1788.61(a)(3)(A), and that his or her lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect, it may set aside the default or default judgment on whatever terms as may be just and allow the party to defend the action (Civ. Code § 1788.61(c)). It is well settled that when an application to vacate and set aside a judgment that is not void on its face but void in fact is made within a reasonable time after its rendition and is based on a sufficient showing, it is within the power of the court, and its duty, to set it aside (*Smith v. Bratman* (1917) 174 Cal. 518, 520, 163 P. 892).

For motions under Federal Rule of Civil Procedure 60 (b) (1), i.e. inadvertence, surprise, mistake, or excusable neglect the Court is to consider the following factors:) a prompt application to remove the judgment; (2) an absence of an intent to delay the proceedings; (3) a lack of knowledge of procedural requirements: (4) good faith; and (5) the court must consider the general policy in favor of resolving cases on their merits.

The judgment in this case should be vacated as the Defendant satisfies the foregoing factors. He was not able to answer because he literally lived in the hospital 24 hours a day for a few months battling to keep his wife & soulmate alive from end-stage brain cancer. The suit was filed one month before

his wife passed, and he was inundated with grief, financial stress, consoling his children, 9 grandchildren, and so much more. Thereafter, Defendant fell ill, went to the emergency room, and is still under doctor's care and testing. He is recovering from a very fragile state prompted in large part by the death of his life partner. Defendant has made a prompt application to vacate the Default Judgment-based upon his medical and emergency circumstances. Defendant first became aware of entry of the Default Judgment on or about December 10, 2017, and has now acted promptly to seek relief from the Judgment. He was completely overwhelmed with the circumstances presented to him. Defendant has no intent to delay these proceedings, and is ready, willing, and able to adhere to deadlines and scheduling the Court may order. Defendant at first lacked knowledge of procedural requirements, and did not realize the implication of the pleadings and papers. Defendant is acting in good faith.

Further, Civil Procedure Rule 62 (b) states in pertinent part:

***In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment or order pursuant to Rule 60…..***Pursuant to the terms of Rule 62 (b), Defendant respectfully requests that the execution of any Judgment be stayed, pending the resolution of the Rule 60 (b) Motion, as the amount of money pursued is beyond what the Defendant can reasonably afford.

Accordingly, Defendant respectfully requests this Court to set this matter for hearing and vacate the Default judgment. Pending the hearing on this matter, the Defendant respectfully requests that execution of any Judgment be stayed until resolution of this Motion.

1. ❑ I have attached the following exhibits to this declaration in support of my motion to set aside the default:
   a. ❑ Exhibit A: Proposed Answer
   b. ❑ Exhibit B: Obituary

c.  ❑ Exhibit C: Redacted Medical Records

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: December ____3ᵉ____, 2017

_____
Sky Sirewest, Pro Se

Name:  Sky Sirewest
Address: 4704 Oliver Street
Riverdale, MD 20737
240-288-5922

Defendant in Pro Per

**FEDERAL DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Anton Ewing, as an individual, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Case No.: 17CV1554 GPC RBB |
| PATRICK MC CARTHY, an individual aka | ) |
| FLYNN MC CARTHY; BRYAN DAVID | ) |
| MINCEY, an individual; SKY SIREWEST, an | ) |
| individual; DOES 1-10; ABC | ) |
| CORPORATIONS 1-10; AYZ, LLC's 1-10 | ) |
| Defendants. | ) |
| | ) Date Complaint was filed: August 1, 2017 |

MOTION TO SET ASIDE- 6

**AFFIDAVIT**

The affiant, Sky Sirewest, being first duly sworn, testifies as follows:

I did not file an Answer to the Complaint due to mistake inadvertence, surprise, or excusable neglect in that, my wife was battling brain cancer and died shortly after the case was filed. I was caring for her and thereafter, I was experiencing extreme grief and distress to the point of incurring multiple and lengthy hospitalizations, and medical treatment for stroke and heart failure.

1.                              I made a prompt application to remove the Default Judgment in that I filed my motion within 20 days after I became aware of the default judgment.

2.                              I have no intent to delay these proceedings and will do my utmost to became aware of and adhere to all future deadlines.

3.                              I am not an attorney and I lacked knowledge of procedural requirements.

4.                              I am acting in good faith as demonstrated by the above and in that I deserve an opportunity to defend this matter

Further the Affiant sayeth naught

Dated this ___30___ day of December, 2017

**STATE OF MARYLAND**

This instrument was acknowledged before me on

This ___ day of December 2017

By _____

NOTARY PUBLIC in and for said County and State

> Sariah J Beatty
> NOTARY PUBLIC
> Prince George's County, Maryland
> My Commission Expires July 3, 2018

CERTIFICATE OF U.S. MAILING

I HEREBY CERTIFY that on the ____ day of December, 2017, I placed a true and correct copy of the foregoing MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT in the United States Mail with first-class postage prepaid addressed to the following:

1. Anton Ewing -3077 B Claremont Drive #372  San Diego California 92117
2. Bryan David Mincey-4225 Wellington Rd  Melbourne Florida, 32935
3. Patrick Flynn Mc McCarthy 9053 SW 214th Street Cutler Bay Florida 33189

**STATE OF MARYLAND**

This instrument was acknowledged before me on

This _____ day of December 2017

By _____

NOTARY PUBLIC in and for said County and State

> Sariah J Beatty
> NOTARY PUBLIC
> Prince George's County, Maryland
> My Commission Expires July 3, 2018

CERTIFICATE OF U.S. MAILING

I HEREBY CERTIFY that on the _____ day of December, 2017, I placed a true and correct copy of the foregoing MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT in the United States Mail with first-class postage prepaid addressed to the following:

1. Anton Ewing -3077 B Claremont Drive #372  San Diego California 92117
2. Bryan David Mincey-4225 Wellington Rd  Melbourne Florida, 32935
3. Patrick Flynn Mc McCarthy 9053 SW 214th Street Cutler Bay Florida 33189

MOTION TO SET ASIDE- 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Proposed Answer Exhibit A

THE UNITED STATES FEDERAL DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Name:  Sky Sirewest
Address:  4704 Oliver Street
Riverdale, MD 20737
240-288-5922
Defendant --In Pro Per

ANTON EWING, as an individual,

        Plaintiff,

    vs.

PATRICK MC CARTHY, an individual aka

FLYNN MC CARTHY; BRYAN DAVID

MINCEY, an individual; SKY SIREWEST, an

individual; DOES 1-10; ABC

CORPORATIONS 1-10; AYZ, LLC's 1-10

        Defendant.

Civil Case No.: 17CV1554 GPC RBB

Date Complaint was filed: August 1, 2017

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SKY SIREWEST

Defendant Sky Sirewest ("Defendant"), pro se hereby answers Plaintiff's Complaint
("Complaint"), and assert the following affirmative defenses, as follows:

1. Paragraph 1 sets forth legal conclusions to which no response is required. To the extent that an
answer is required, Defendant denies the allegations.

1

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and on that basis deny such allegations.

3. Paragraph 3 sets forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant denies the allegations.

4. Defendant denies the allegations in paragraph 4.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and on that basis deny such allegations.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and on that basis deny such allegations. Defendant denies that he has made any threats to the Plaintiff.

7. Defendant denies the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9 Defendant denies the allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Defendant denies the allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13 and lacks knowledge about expenditures and bills paid by the Plaintiff.

14. Defendant denies the allegations in paragraph 14.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 15. Many of the statements made are legal conclusions and improperly plead and denied by Defendant.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and on that basis deny such allegations. Many of the statements made are legal conclusions and improperly plead and denied by Defendant.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and on that basis deny such allegations. Many of the statements made are legal conclusions and improperly plead and denied by Defendant.

18. -20. Paragraphs 18-20 are not contained in the Complaint served upon Defendant Sirewest, and are denied.

21. Paragraph 21 consists of subsection A-F, inclusive and are allegations of law and not facts, and are denied by Defendant Sirewest.

22.- 26. Paragraphs 8-20 are not contained in the complaint served upon Defendant Sirewest.

27. Defendant denies the allegations in paragraph 27.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 28. Many of the statements made are legal conclusions and improperly plead and denied by Defendant.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 29. Many of the statements made are legal conclusions and improperly plead and denied by Defendant.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 30. Many of the statements made are legal conclusions and improperly plead and denied by Defendant.

31. Defendant acknowledges that paragraph 31 is a prayer relief for which the Plaintiff lacks any factual basis and should be denied.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 32 and on that basis denies the allegations.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 33.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations set forth in paragraph 34 and on that basis denies the allegations.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41.   Defendant denies the allegations in paragraph 41.

42.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint, and on that basis deny such allegations.

43.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43.

44.   Defendant denies the allegations in paragraph 44.

45.   Defendant denies the allegations in paragraph 45.

46.   Defendant denies the allegations in paragraph 46.

47.   Defendant denies the allegations in paragraph 47.

48.   Defendant denies the allegations in paragraph 41.

49.   Defendant denies the allegations in paragraph 49.

50.   Defendant denies the allegations in paragraph 50.

51.   Defendant denies the allegations in paragraph 51.

52.   Defendant denies the allegations in paragraph 52.

53.   Defendant denies the allegations in paragraph 53.

54.   Defendant denies the allegations in paragraph 54.

55.   Defendant denies the allegations in paragraph 55.

56.   Defendant denies the allegations in paragraph 56.

57.   Defendant denies the allegations in paragraph 57.

58.   Defendant denies the allegations in paragraph 58.

59.   Defendant denies the allegations in paragraph 59.

61.   Paragraph 61 sets forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant denies the allegations.

62.   Paragraph 62 sets forth legal conclusions to which no response is required. To the extent that an answer is required, Defendant denies the allegations.

63.   Defendant denies the allegations in paragraph 63.

4

64. Defendant denies the allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

67. Defendant denies the allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69.

70. Defendant Sirewest incorporates by reference all of the above paragraphs and herein re-alleges, as if fully set forth, his allegations and responses heretofore set forth in his Answer.

71. Defendant denies the allegations in paragraph 71.

72. Defendant denies the allegations in paragraph 72.

73. Defendant denies the allegations in paragraph 73.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77. Defendant further alleges that Plaintiff is not entitled to attorney's fees for non-retained counsel.

78. Defendant denies the allegations in paragraph 78. Defendant denies ever making any death threats.

79. Defendant denies the allegations in paragraphs 79.

80. In answer to the allegation in paragraph Defendant Sirewest herein re-alleges, as if fully set forth in paragraph 1-79 as if fully set forth in his Answer.

81. Defendant denies the allegations in paragraph 81.

82. Defendant denies the allegations in paragraph 82.

83. Defendant denies the allegations in paragraph 83.

84. Defendant denies the allegations in paragraph 84.

85. Defendant denies the allegations in paragraph 85.

86. Defendant denies the allegations in paragraph 86.

87. Defendant denies the allegations in paragraph 87.

88. Defendant denies the allegations in paragraph 88.

89. Defendant denies the allegations in paragraph 89.

90. Defendant denies the allegations in paragraph 90.

91. In answer to the allegation in paragraph Defendant Sirewest herein re-alleges, as if fully set forth in paragraphs 1-90 as if fully set forth in his Answer.

92. Defendant denies the allegations in paragraph 92.

93. Defendant denies the allegations in paragraph 93.

94. Defendant denies the allegations in paragraph 94.

95. Defendant denies the allegations in paragraph 95.

96. Defendant denies the allegations in paragraph 96.

97. Defendant denies the allegations in paragraph 97.

98. Defendant denies the allegations in paragraph 98.

99. Defendant denies the allegations in paragraph 99.

100. Defendant denies the allegations in paragraph 100.

101. Defendant denies the allegations in paragraph 101.

## **Affirmative Defenses**

1. Defendant Sirewest alleges that Plaintiff's complaint fails to state a claim upon which relief may be granted.

2. Defendant Sirewest alleges that this Court lacks subject matter jurisdiction of a Civil Rico claim.

3. Defendant Sirewest alleges that he is not a part of any Corporation delineated in the complaint.

4. Defendant Sirewest alleges that Plaintiff is a vexatious litigator who has filed a series of law suits to harass and intimidate business, and collect money from his pursuits.

5. Defendant Sirewest alleges that Plaintiff is not entitled to attorney's fees. Defendant is pro se, and is not entitled to said sums.

6. Defendant Sirewest alleges that Plaintiff is not entitled to any damages. Plaintiff has knowingly and intentionally created the factual circumstance resulting in his claimed damages- and is therefore estopped from seeking damages, and has a duty under the law to mitigate damages.

## PRAYER FOR RELIEF

Wherefore Defendant prays:

1. That the Court deny and dismiss Plaintiff's complaint against the defendant.
2. That the Court award him a money judgment for his taxable costs, including reasonable attorney's fees.
3. For such other and further relief the Court may deem just and equitable,

Respectfully Submitted,

Sky Sirewest-Pro Se

## CERTIFICATE OF U.S. MAILING

I HEREBY CERTIFY that on the 30th day of December, 2017, I placed a true and correct copy of the foregoing ANSWER in the United States Mail with first-class postage prepaid addressed to the following:

1. Anton Ewing -3077 B Claremont Drive #372  San Diego, California 92117
2. Bryan David Mincey-4225 Wellington Rd  Melbourne, Florida, 32935
3. Patrick Flynn Mc McCarthy-9053 214th St SW Cutler Bay Florida 33189

# _Celebration of Life_

## _Iris McLaurin-Southall_



**SUNRISE**

Feb. 15, 1956

**SUNSET**

Sep. 5, 2017

### Saturday, September 16, 2017

9 am – Viewing | 10 am Service

Fisherman of Men Church

3641 Georgia Ave NW

Washington, DC 20010

Pastor – Bishop Clarence Groover, Sr.

Bishop James L. Coleman, Officiating

Repast: 12:30 PM – 1:30 PM

Interment: 2:30 PM

Heritage Memorial Cemetery

13472 Poplar Hill Rd

Waldorf, MD 20601



# Obituary

### Iris Ramona McLaurin-Southall

"We are Love," that is the story of Iris' life.  And what a story it is, one that we'd like to share with anyone who was ever a part of it.

It all started back on February 15, 1956 in Littleton, North Carolina.  Iris Ramona was born into the Ashe Family to Vivian Susan, the oldest of the six Ashe siblings.  Iris was the oldest of the seven McLaurin children and she enjoyed her role as the oldest; Iris was also the oldest of the 34 grandchildren of Robert and Elise Ashe.  Oh, how she enjoyed being the head of the Ashechips.  Some of her favorite memories include the time she spent with her grandfather who wished for a boy,  he called her "Pete" and her grandmother who gave her all of the mechanics to become "a church mother".  Growing up in the Ashe household was one of her fondest memories, she was special to all four of her aunts and her Uncle June.  Spending her summers in the McLaurin home with her mother, two sisters and four brothers gave her a love for family that would propel her passion for family, her future career endeavors.

Iris attended the McIver Elementary School in Littleton, NC.  She was an academic achiever and always stood out from among her peers.  She attended William R. Davie Middle School in Roanoke Rapids, NC.  In 1970 she entered the Northwest High School where she excelled academically, socially and in community affairs.  The story goes on this wise, Iris was skipped a grade and went on to Shaw University to participate in a program for high achieving students with potential for college studies.  Iris holds a bachelor's degree in secondary education from Shaw University, an M.A. in public relations from Ohio State University, and project management certificates from various corporate training programs.

Iris made a decision about her commitment to God and her faith at an early age, she received the gift of the Holy Spirit as a child and spent her early years working and serving in the Church of Our Lord Jesus Christ of the Apostolic Faith on the local and state level.

Iris was also affiliated with Mt. Airy Baptist Church, influencing their worship and community outreach.

Later, Iris was affiliated with Imani Temple on Capitol Hill, became Principal, designing a curriculum to  enable students who were three years behind to achieve their proper grade levels.  Iris was and is the epitome of "servanthood" as unto the Lord.  Some of Iris' work experience included CBS Publishing, Scholastic, and Yellow Pages.  Iris worked for the NHP Foundation for 4 years as the Resident Manager, resulting in a nationwide resident program that was adopted for all NHP properties across the country. Iris received 2 Merit awards of Excellence for her leadership symposi-

ums conducted annually for all Resident Managers across the country.

Iris was an employee of the DC Housing Authority, serving the residents of DC. She worked tirelessly to ensure low-income families received the necessary support that enabled them to move closer to self-sufficiency. She worked endless nights devising programs and services that would benefit the whole family.

Iris changed communities when she developed and implemented a "first-class" Fatherhood Initiative that included partnerships with many service providers in the District. Her Fatherhood program was recognized as one of the best in the country. She also served as the Family Coordinator for the family properties and Community Navigator during her tenure. She worked closely with the Resident Council leadership and developed a top-notch "Resident Academy" that trains resident leaders. Her full commitment to youth resulted in the development and implementation of the Commitment to Excellence Scholarship program (CESP) which promotes higher education for youth.

Iris and Sky were united in marriage in Nashville, Tennessee. During their eighteen years together they were intentionally devoted to each other while nurturing their blended family of four children and now thirteen grandchildren.

Iris leaves to cherish her memory and maintain her legacy her devoted husband, Thomas Southall (Sky), daughters,

a multitude of nieces, cousins. extended family: Goddaughters, Adora and Chaplain Denny & family; Godson, Chaplain Bez & family; God-granddaughter,        and many more, exceptional friends including Team Iris who prayed her through this journey.

"She existed. She existed. We can be. Be and be better. For she existed. "And I heard a voice from heaven saying unto me, Write: Blessed are the dead which die in the Lord ...      ~The Family

## Life with this Angel



Angels... Angels do exist. I know because I married one! Being with Iris is easier than breathing. Trust, integrity, honesty, gentleness, thoughtfulness, full of surprises, creative, intelligent, affectionate, passionate about everything, so selfless, so deep. No matter what I talk about...Iris is right there waiting with an opinion, idea, new information. We can't dream of running out of things to talk about, not in a million years. No brick walls...just wide open space for mind, soul, & spirit to roam.

Iris has an amazing side most people never imagined exist. I call it her little girl side. Iris will do business with a president of the United States, hang up the phone and instantly be that loving li'l baby girl with a tender voice she reserves only for me. She calls me her 'Sky man'. Iris has that ability to make everyone feel so loved, appreciated, respected, and I always get the mega dose of that!

In her periods of sickness, especially recently, people sometimes wonder how I do it. Anything I do for Iris is the very least that I can do after being loved like this. Being there for Iris is my greatest joy and place of peace. So many of us feel that way about her. Iris brings the best out of us, sees the best in us, forgives our shortcomings, and ultimately deeply respects and believes in us. Five minutes with Iris and you somehow know you have encountered a love and acceptance that only God is capable of. So often an encounter with this angel leaves one with a feeling, a knowing that God exist. He must because you just experienced love like no other. I get that every day from her. Can you imagine?

### Things I Love Most About Iris

Millions of inside jokes! So much so that often we can look at each other and bust out laughing without having to say a word. We are each other's favorite comedians.

Endless conversations and we have never exhausted the list of TV shows and movies we have seen which was a fun conversation on road trips!

Our very favorite love moments are dancing in the kitchen from 10pm to dawn the next day to our favorite wax record albums.

Watching sunrise and sunset from mountain tops and sitting on the beach just existing.

In the last few months we kissed, hugged, and held each other's hands millions of times...lifetime of kisses...enough to carry us on our journey past solar systems & galaxies.

Iris' greatest prayer for us is that we live our dreams, love one another, and experience the love she lives that only Jesus Christ can give...and we know that as much as she loves us, God loves us infinitely more...no matter who we are or what we have done...and you can take that to the bank.

I found this written in the front of her Bible in red ink... "I shall be satisfied, when I awake, with thy likeness" Psalm 17:15 ...and after her last breathe here, she woke up breathing heaven air again! Finally home, back where she came from, preparing the celebration for when we arrive!

CERTIFICATION OF VITAL RECORD

VIEW PRESENCE OF WATERMARK    HOLD TO LIGHT TO VIEW

# STATE OF MARYLAND
## Department of Health and Mental Hygiene
## Division of Vital Records

**Certificate of Death**

*320170339360000*

File Number *32017MD033886*

| 1. Decedent's Name, AKA Name *(if any)* | 2. Date of Death | 3. Time of Death |
|---|---|---|
| IRIS R MCLAURIN-SOUTHALL | 09/05/2017 | 0140 |

| 4a. Facility Name | 4b. City, Town or Location of Death | 4c. County of Death |
|---|---|---|
| ADVENTIST HEALTHCARE WASHINGTON ADVENTIST HOSPITAL | TAKOMA PARK | MONTGOMERY |

| 5. Social Security Number | 6. Sex | 7. Age | 8. Date of Birth | 9. Birthplace |
|---|---|---|---|---|
| 244029930 | F | 61 YR | 02/15/1956 | NORTH CAROLINA |

| Usual Residence of Decedent | 10b. County | 10c. City, Town or Location | 10d. Inside City Limits? |
|---|---|---|---|
| 10a. State MARYLAND | PRINCE GEORGE'S | RIVERDALE | YES |

| 10e. Address 4704 OLIVER STREET - | 10f. Zip Code 20737-- |
|---|---|

| 11. Marital Status | 12. Ever In U.S. Armed Forces? | 13. Hispanic Origin? NO | 14. Race |
|---|---|---|---|
| MARRIED | NO | | BLACK |

| 15. Decedent's Education | 16a. Decedent's Usual Occupation | 16b. Business/Industry |
|---|---|---|
| BACHELOR | PROGRAM DIRECTOR | DEPT. OF HOUSING AUTHORITY |

| 17. Father's Name | 18. Mother's Name Prior to First Marriage |
|---|---|
| | VIVIAN MCLAURIN |

| 19. Surviving Spouse's Name THOMAS SOUTHALL |
|---|

| 20a. Informant's Name | 20b. Informant's Relationship | 20c. Informant's Mailing Address |
|---|---|---|
| THOMAS SOUTHALL | HUSBAND | 4704 OLIVER STREET -, RIVERDALE, MARYLAND 20737-- |

| 21a. Method of Disposition | 21b. Place of Disposition | 21c. Date of Disposition | 21d. Location |
|---|---|---|---|
| BURIAL | HERITAGE MEMORIAL PARK | 09/16/2017 | 13472 POPLAR HILL ROAD -, WALDORF, MARYLAND 20601-- |

| 22a. Signature of Funeral Service Licensee | 22b. License No | 22c. Name and Address of Funeral Facility |
|---|---|---|
| RONALD MONROE TAYLOR, II | M01426 | RONALD TAYLOR II FUNERAL HOME 108 W. NORTH AVE -, BALTIMORE, MD 21201-- |

| 23a. Part I. Disease, injuries, or complications that directly caused the death | | Approximate Interval Between Onset and Death |
|---|---|---|
| GLIOBLASTOMA MULTIFORME | | |
| Immediate Cause (final disease or condition resulting in death | a. Due to (or as a consequence of): LUNG COLLAPSE | |
| Conditions, if any, leading to immediate cause | b. Due to (or as a consequence of): | |
| | c. Due to (or as a consequence of): | |
| | d. | |

| Part II. Other significant conditions contributing to death but not resulting in the underlying cause in Part I | 23b. Did tobacco use contribute to the cause of death? |
|---|---|
| HISTORY OF ALLERGIC REACTION TO ZOSYN | UNK |

| 24a. Was an autopsy performed? NO | 24b. Were autopsy findings available prior to completion of cause of death? NO | 25a. Was case referred to medical examiner? YES | 25b. Medical Examiner Countersignature |
|---|---|---|---|

| 26. Place of Death | 27. Manner of Death | 28a. Date of Injury | 28b. Time of Injury |
|---|---|---|---|
| INPATIENT | NATURAL | | |

| 28c. How Injury occurred | 28d. Injury at work? | 28e. Transportation Injury? | 28f. Place of Injury |
|---|---|---|---|

| 28g. Location of Injury |
|---|

| 29a. Certifier Type | 29b. Signature and Title of Certifier | 29c. License No | 29d. Date signed |
|---|---|---|---|
| CERTIFYING PHYSICIAN | SARITHA GORANTLA, MD | D70093 | 09/05/2017 |

| 30a. Name of person who completed cause of death | 30b. Address of person who completed cause of death |
|---|---|
| SARITHA GORANTLA | 7600 CARROLL AVE -, TAKOMA PARK, MARYLAND 20912-- |

For Office Use Only:

| 31. Date Filed | 32. Register at Filing | 33. Date Issued | 34. This is to certify that this is a true and correct copy of the official record on file in |
|---|---|---|---|

**FedEx**
Express

**NEW** Package
**US** Airbill

FedEx Tracking Number **8083 7888 7068**

Form ID No. **0200**

**Recipient's Copy**

**1 From**

Date **1-3-18**

Sender's Name **Sharon Anderson** Phone **301 370-9855**

Company **Temple of Praise**

Address **700 Southern ave SE**

City **Washington** State **DC** ZIP **20032**

**2 Your Internal Billing Reference** **Case # 17 CV1554 G PC R B B**

**3 To**

Recipient's Name **Clerk Civil** Phone **619 557-5600**

Company **US District Court**

Address **333 W. Broadway #420**
We cannot deliver to P.O. Boxes or P.O. ZIP codes.

Address
Use this line for the HOLD location address or for continuation of your shipping address.

City **San Diego** State **CA** ZIP **92101**

**4 Express Package Service** *To most locations.
NOTE: Service order has changed. Please select carefully.

**Packages up to 150 lbs.**
For packages over 150 lbs., use the own FedEx Express Freight US Airbill.

**Next Business Day**

☐ FedEx First Overnight
Earliest next business morning delivery to select locations. Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

☒ FedEx Priority Overnight
Next business morning.* Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

☐ FedEx Standard Overnight
Next business afternoon.*
Saturday Delivery NOT available.

**2 or 3 Business Days**

☐ FedEx 2Day A.M.
Second business morning.*
Saturday Delivery NOT available.

☐ FedEx 2Day
Second business afternoon.* Thursday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

☐ FedEx Express Saver
Third business day.*
Saturday Delivery NOT available.

**5 Packaging** *Declared value limit $500.

☐ FedEx Envelope*  ☐ FedEx Pak*  ☒ FedEx Box  ☐ FedEx Tube  ☐ Other

**6 Special Handling and Delivery Signature Options**

☐ SATURDAY Delivery
NOT available for FedEx Standard Overnight, FedEx 2Day A.M., or FedEx Express Saver.

☐ No Signature Required
Package may be left without obtaining a signature for delivery.

☐ Direct Signature
Someone at recipient's address may sign for delivery. *Fee applies.

☐ Indirect Signature
If no one is available at recipient's address, someone at a neighboring address may sign for delivery. For residential deliveries only. *Fee applies.

**Does this shipment contain dangerous goods?**
One box must be checked.

☒ No
☐ Yes As per attached Shipper's Declaration.
☐ Yes Shipper's Declaration not required.
☐ Dry Ice Dry Ice, 9, UN 1845 _____ kg
☐ Cargo Aircraft Only

Dangerous goods (including dry ice) cannot be shipped in FedEx packaging or placed in a FedEx Express Drop Box.

**7 Payment** *Bill to:*

Enter FedEx Acct. No. or Credit Card No. below.

☐ Sender Acct. No. in Section 1 will be billed
☐ Recipient
☐ Third Party
☐ Credit Card
☐ Cash/Check

Total Packages    Total Weight _____ lbs.    Credit Card Auth.

Obtain recip. Acct. No. ☐

†Our liability is limited to US$100 unless you declare a higher value. See the current FedEx Service Guide for details.

**644**

Rev. Date 1/12 • Part #167002 • ©2012 FedEx • PRINTED IN U.S.A. SRF

fedex.com 1.800.GoFedEx 1.800.463.3339

**8083 7888 7068**

# EXHIBIT E

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                                    Plaintiff,<br><br>v.<br><br>PATRICK McCARTHY; BRYAN DAVID MINCEY; and SKY SIREWEST,<br><br>                                    Defendants. | Case No.:  3:17-cv-01554-GPC-RBB<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**<br><br>**[ECF No. 33]** |

Before the Court is Defendant Sirewest's motion to set aside the default entered against him in this case.  (ECF No. 33.)  On October 25, 2017, the Court denied Defendants' motions to dismiss.  (ECF No. 22.)  After the Court issued that order, Defendant Sirewest failed to file an answer to Plaintiff's complaint within the 14-day period set forth in Federal Rule of Civil Procedure 12(a)(4).  Upon Plaintiff's request, default was entered against Defendant Sirewest on December 4, 2017.  (ECF No. 30.)

"The court may set aside an entry of default for good cause . . ."  Fed. R. Civ. P. 55(c).  Sirewest indicates in his motion that he failed to file a timely answer because his wife has been battling brain cancer.  According to Sirewest, this suit was filed and served a month before his wife passed away, and Sirewest has since been "inundated with the funeral arrangements, consoling his children and 9 grandchildren."  (ECF No. 33 at 3.)

1

1   Moreover, in that time Sirewest has also fell ill and has been in and out of the hospital.

2   (*Id.*)  Sirewest attaches to his motion an affidavit in which he testifies to these facts, as

3   well as copies of a funeral program and his wife's death certificate.  He also attaches a

4   proposed answer to Plaintiff's complaint.

5           The Court finds that Defendant Sirewest has shown good cause to set aside the

6   default entered against him.  The Court GRANTS the motion to set aside default.

7   Defendant Sirewest shall file in this Court, within 14 days of this order, an answer to

8   Plaintiff's complaint.

9           **IT IS SO ORDERED.**

10  Dated:  January 4, 2018

11                                          Hon. Gonzalo P. Curiel

12                                          United States District Judge

2