STEPHEN L. ANDERSON (CBN 150860)
ANDERSON LAW
41923 Second Street, Suite 201
Temecula, California 92590
Tel. (951) 296-1700
Fax (951) 296-0614
e-mail: attorneys@brandxperts.com

Attorneys for Defendant
MIGUEL FLORES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UPPER DECK COMPANY, A Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL FLORES, an individual, and DOES 1-100, inclusive,<br><br>Defendants. | Case No: 3:21-cv-001182-GPC-KSC<br><br>Hon. Gonzalo P. Curiel<br><br>DEFENDANT'S REPLY AND OBJECTIONS TO OPPOSITION TO MOTION TO SET ASIDE DEFAULT<br><br>Hearing Date: October 29, 2021<br>Time: 1:30 p.m.<br>Courtroom: 2D |

  Defendant Miguel Flores, through the undersigned counsel, respectfully submits this reply and memorandum of law in response to Plaintiff's Opposition, and in furtherance of Flores' Motion to Set Aside the Clerk's Default (Dkt. 8) . Having reviewed Plaintiff Upper Deck's Opposition Brief, Flores maintains that he and his counsel have plainly demonstrated "good cause" for the relief sought and thusly the Court should accept (and grant) Defendant's Motion to Dismiss (Dkt. No. 9) as was filed herein on the same day that Default was entered, namely August 10, 2021. (Dkt. No. 7)

  While Plaintiff focused its entire Opposition brief disputing that there is good cause to set aside the default, it has only challenged one singular issue, maintaining (albeit facetiously, scandalously and unreasonably) throughout its brief, that somehow Flores' brief delay in having his counsel prepare and

file the detailed and complex Motion to Dismiss the Plaintiff's (highly defective) First Amended Complaint (Dkt. 4), despite the clear and obvious temporary, severe and unanticipated hardships described in the declarations of undersigned counsel, that somehow, Flores' default was willful, intentional and due to the allegedly culpable conduct of the undersigned counsel.

As to that issue, Plaintiff plainly ignored the fact that Respondent's motion to vacate demonstrates ample and sufficient details showing good cause for its very brief delay, and in particular the unfortunate and unavoidable obstacles that prevented counsel from responding to the checkered, conclusory and plainly insufficient Complaint(s) filed by Plaintiff. In its Opposition Brief, Upper Deck's counsel has raised little more than plainly objectionable irrelevant and inadmissible materials, has blatantly miscited and mischaracterized a series of facts that are hardly germane to the Instant Motion and has once again, carelessly made false and frivolous statements and otherwise only offered more unsupported nonsensical argument and fatuous commentary, most notably its unsupported claims that Mr. Flores "counterfeited" its products or otherwise violated any cognizable right owned by Upper Deck by selling less than a handful of collector's trading cards, most of which were manufactured and labeled as Fleer, Topps, Star or some brand other than Upper Deck.

Thus, as a backstop to avoid having to explain or prove any of its misguided allegations, Upper Deck offers the Court nothing more than 'poppycock" and plainly irrelevant, immaterial and relatively scandalous 21-year old allegations against the undersigned counsel without any justification whatsoever.

Moreover, without any factual basis, Upper Deck's counsel had taken issue with many of the otherwise undisputed representations of the undersigned counsel, made solemnly, and as an officer of this tribunal, including, without limitation:   - that extraordinary time was required to review the (often erroneous, inconsistent and plainly inadequate) allegations contained in the Complaint(s), and to analyze the relevant law on point sufficiently to prepare Flores' Motion to Dismiss; -that significant time was required for counsel to address ongoing discovery disputes and Motions in unrelated proceedings and other pressing client intellectual property registration, renewal and litigation matters including several TTAB proceedings and Federal District Court cases wherein he serves as lead

counsel, thusly demanding immediate attention; and, most importantly: -that to the extent that the Response was (regrettably) filed a few days weeks late, it was caused, by a set of special circumstances, wherein for good cause, the undersigned counsel was unavailable to briefly attend to the Response - particularly including the death of the undersigned counsel's mother on June 5, 2021, her funeral on June 9, 2021, and a number of personal, family, and health challenges that persisted into the month of August.

Flores further maintains (and Plaintiff cannot dispute) that the filing of Flores' detailed Motion to Dismiss and his Motion to Set Aside the Default at issue herein, themselves, are undisputed evidence that the default was not willful and that Flores has an interest in litigating the case on its merits.   Based on these facts, and Plaintiff's bombastic and specious claims notwithstanding, certainly good cause for relief has been established. Defendant Flores is entitled to his "day in court" and Plaintiff is not entitled to any windfall due an minimally overdue pleading, filed amidst the many COVID related, political, natural and geographic issues that we all face every day. In short, Plaintiff's Opposition, while full of sound and thunder signifies nothing, but a lack of decorum and a waste of the parties and Court's valuable time.

CONCLUSION

Under the circumstances, it would likely be reversible judicial error not to set aside the default and to permit Mr. Flores to defend in this (overblown) and hotly contest matter, where he has shown no intent to default, and both good cause for the brief delay and a highly meritorious defense against Plaintiff's serious, yet legally insufficient, overbroad and conclusory allegations made against him

Respectfully submitted,                                                                                   ANDERSON LAW

Dated: October 8, 2021                                                                             by:___/StephenLAnderson/___
                                                                                                                    Stephen L. Anderson
                                                                                                                    Attorney for Miguel Flores