STEPHEN L. ANDERSON  (CBN 150860)
ANDERSON LAW
41923 Second Street, Suite 201
Temecula, California 92590
Tel. (951) 296-1700
Fax (951) 296-0614
e-mail: attorneys@brandxperts.com

Attorneys for Defendant
MIGUEL FLORES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UPPER DECK COMPANY, A Nevada corporation, <br><br> Plaintiff, <br><br> v. <br><br> MIGUEL FLORES, an individual, and DOES 1-100, inclusive, <br><br> Defendants. | Case No: 3:21-cv-001182-GPC-KSC <br><br> Hon. Gonzalo P. Curiel <br><br> DEFENDANT'S SUPPLEMENT TO REPLY AND OBJECTIONS TO OPPOSITION TO MOTION TO SET ASIDE DEFAULT <br><br> Hearing Date: October 29, 2021 <br> Time: 1:30 p.m. <br> Courtroom: 2D |

The attached are communications sent to Mr. Litney, while they are not directly relevant to the issues raised in Defendant's Motion to Set Aside Default, they respond to Mr. Lintey's inappropriate suggestion in the Plaintiff's Opposition, that somehow, by properly resisting unlawful discovery tactics, or relying on the Federal Rules of Civil Procedure and Rules of Evidence, that Defendant is guilty of spoliation, concealment or some other type of inappropriate behavior.

Respectfully submitted,                    ANDERSON LAW

Dated: October 8, 2021                     by:___/StephenLAnderson/___
                                           Stephen L. Anderson
                                           Attorney for Miguel Flores

**And2erson & Associates <attorneys@brandxperts.com>**        9/14/2021 1:43 PM

## Re: The Upper Deck Company v. Miguel Flores | Subpoena

To Stephen Anderson <namesavers@gmail.com> • Ethan Litney <elitney@nicholaslaw.org>   Copy
Craig Nicholas <cnicholas@nicholaslaw.org> • Shaun Markley <smarkley@nicholaslaw.org> •
Emilia Carrillo <ecarrillo@nicholaslaw.org> • Valerie Garcia <vgarcia@nicholaslaw.org>

---

MORE AUTHORITY SHOWING THE LACK OF ANY JUSTIFICATION FOR YOUR POSITION

Moreover, Maale held that Rule 26(g) sanctions are required when the "discovery request has been interposed for any improper purpose, or where a competent attorney could not have reasonably believed that the paper was well grounded in fact and was warranted by existing law."Maale, 2009 WL 302254, at *4 (internal quotation marks and citation omitted).  Both circumstances are present here. Counsel initiated the ex-parte discovery to, at least in part, obtain merits and assets discovery—an improper purpose.  Further, any competent attorney would have been familiar with the Federal Rules of Civil Procedure before initiating a lawsuit in federal court, especially a rule as basic (and consistent with common sense) as Rule 26(d).  And any competent attorney would have acknowledged and followed the Rule when it was brought to the attorney's attention through an objection to the discovery. Counsel here did neither

The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused." Theofel v. Farey-Jones, 359 F.3d 1066, 1074 (9th Cir. 2004).  Counsel did not meet that responsibility here.

In the case you cited, "No. 3:19-cv-00487-HZ"  *Trs. of U.A. Union Local No. 290 Plumber v. Puddletown Plumbing LLC*, No. 3:19-cv-00487-HZ, (D. Or. Apr. 6, 2020) the court stated:

Before the Court is Plaintiffs' Motion to Compel Production of Documents [10]. Plaintiffs brought this action against Defendant Puddletown Plumbers LLC, seeking to enforce a collective bargaining agreement and certain audit and contribution obligations under  29 U.S.C. § 185 of the Labor-Management Relations Act ("LMRA"),  29 U.S.C. §§ 141  *et seq*, and  29 U.S.C. §§ 1132 and 1145 of the Employee Retirement Income Security Act ("ERISA"),  29 U.S.C. §§ 1001  *et seq*. Plaintiffs move for an order directing Defendant to produce documents by responding to Plaintiffs' First Request for Production. The Motion is DENIED.

Under Rule 26 of the Federal Rules of Civil Procedure, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1). Typically, discovery does not begin until the parties confer to discuss, among other things, a discovery plan.  Fed. R. Civ. P. 26(d), (f). Once discovery begins, "[a] party may serve on any other party a request within the scope of  Rule 26(b)" to produce "any designated documents[.]"  Fed. R. Civ. P. 34(a)(1)(A). If a party fails to produce documents requested by another party pursuant to Rule 34, the requesting party may move for an order compelling production.  Fed R. Civ. P. 37(a)(3)(B)(iv).

### DISCUSSION

Plaintiffs' motion to compel is procedurally improper. Plaintiffs have not provided—nor is the Court aware of—any authority supporting Plaintiffs' contention that Rule 37(a) is the  appropriate vehicle for compelling discovery from a party that is not before the Court. Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by  Rule 26(f)."  Fed. R. Civ. P. 26(d). Given that the parties have not conducted a Rule 26(f) conference, Defendant is not even considered to have been served with Plaintiffs' First Request for Production.  *See*  Fed. R. Civ. P. 26(d)(2)(B). Therefore, Plaintiffs' motion is procedurally deficient.

THUS THE CASE YOU CITED CONFIRMS MY POSITION!

AS SUCH, I SINCERELY THINK YOU ARE HORRIBLY MISTAKEN IN YOUR APPROACH.

TRY READING THE FRCP!

Stephen L. Anderson
Anderson Law
WE PROTECT IMAGINATION®

Offices in Temecula, California --- WEBSITES EVERYWHERE!
email: attorneys@brandXperts.com

Anderson Law
41923 Second Street, Suite 201
Temecula, California 92590 U.S.A.
+(951) 296-1700 tel.



®

VISIT OUR VIRTUAL VILLAGE:
http://www.brandxperts.com/  TRADEMARKS
http://www.copyrightpros.com/   COPYRIGHTS
http://www.namesavers.net/       DOMAIN NAMES
http://www.mybrandsonline.com/     REGISTER NOW!
http://www.weprotectimagination.com/  IP SOLUTIONS

On September 14, 2021 1:33 PM Stephen Anderson <namesavers@gmail.com> wrote:

There is no deadline to comply.   Stop the mendacity.

On Tue, Sep 14, 2021, 1:20 PM Ethan Litney < ELitney@nicholaslaw.org> wrote:

Hi Stephen,

I just learned that you called our office. Please send your meet and confer correspondence via email and I will promptly consider it given the imminent deadline to comply with Plaintiff's subpoena.

Also, while I can appreciate that there is disagreement between counsel regarding this case, I will have to insist that you refrain from yelling at my staff in the future, particularly as this is not the first time I've been informed of such behavior.

Thanks,

Ethan



**From:** Ethan Litney
**Sent:** Monday, September 13, 2021 6:14 PM
**To:** attorneys@brandxperts.com
**Cc:** Craig Nicholas <CNicholas@nicholaslaw.org>; Shaun Markley <SMarkley@nicholaslaw.org>; Emilia Carrillo

<ECarrillo@nicholaslaw.org>; Valerie Garcia <vgarcia@NicholasLaw.org>
**Subject:** RE: The Upper Deck Company v. Miguel Flores | Subpoena

Hi Stephen,

Please see a further response to your meet and confer letter below (excerpts from your letter in full bold). For clarity, many issues mentioned two weeks ago are reiterated:

**As you are aware, the Subpoena is premature because Fed. R. Civ. P. 26(a)(1)(B) provides that a "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure … or when authorized by these rules, by stipulation, or by court order." Here, the defendant is in default, a Motion to Dismiss is pending and the parties have not conferred, so any discovery must be specifically authorized and, if not, must be quashed. See, e.g., *Deuss v. Siso*, Case No. 14-cv-00710-YGR (JSC), 2014 WL 4275715 (N.D. Cal. Aug. 29, 2014) (quashing subpoenas issued to nonparties in violation of Fed. R. Civ. P. 26(d)(1) and imposing sanctions where a party did not withdraw the subpoenas even after the violation was brought to its attention) First of all, you are correct that generally a Rule 26(f) conference is required prior to serving discovery in the Ninth Circuit. However, such a conference is not required prior to serving discovery on a defaulted defendant via a Rule 45 subpoena.**

This objection lacks merit. Recently, in *Trustees of U.A. Union Local No. 290 Plumber, Steamfitter, and Shipfitter Industry Pension Trust*, 2020 WL 1673326, at *2 (D. Or. Apr. 6, 2020), the District of Oregon recognized this nuance when evaluating an attempt to compel production from a party that had not yet been successfully served (emphasis added):

> Plaintiffs' motion to compel is procedurally improper. Plaintiffs have not provided—nor is the Court aware of—any authority supporting Plaintiffs' contention that Rule 37(a) is the appropriate vehicle for compelling discovery from a party that is not before the Court. Generally, **"[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."** Fed. R. Civ. P. 26(d). Given that the parties have not conducted a Rule 26(f) conference, Defendant is not even considered to have been served with Plaintiffs' First Request for Production. See Fed. R. Civ. P. 26(d)(2)(B). Therefore, Plaintiffs' motion is procedurally deficient.

> Plaintiffs could, however, proceed by moving for an entry of default as Defendant "has failed to plead or otherwise defend" itself in this action. Fed. R. Civ. P. 55(a). Although Plaintiffs contend that they "cannot file for a default because [D]efendant's books and records are needed ... to perform [a] payroll examination," an entry of default does not foreclose Plaintiffs' ability to seek the documents they need. Pl. Resp. 2. **For example, once an order of default is entered, "a defaulted defendant should be treated as a non-party," and can be commanded to produce documents pursuant to a properly issued subpoena. *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010); Fed R. Civ. P. 45.** Accordingly, Plaintiffs' Motion to Compel is denied.

*Duess v. Siso* is distinguishable because Nicola Angie Siso was not defaulted when the subpoenas were issued. Further, the Plaintiff is *Siso* served the subpoenas concurrently with the complaint, before service, rendering those subpoenas particularly inappropriate and distinguishable from the instant action. Here, if your client remains defaulted, there is no party other than Plaintiff who could possibly participate in a Rule 26(f) conference. To extend the logic of your meet and confer letter would preclude any discovery from defaulted parties who refused to participate in a Rule 26(f) conference prior to defaulting, which would be most defaulting parties. Further, if this proceeds to a motion, we will also assert that your blanket refusal to engage in a Rule 26(f) conference additionally distinguishes this matter from *Siso*.

**Somewhat ironically, the Subpoena you emailed me last night, calling for compliance by Mr. Flores, on or before September 15, 2021 was also untimely - and unreasonable because Plaintiff did not permit the subpoenaed parties a reasonable time to respond. I am writing you now, before I take any more time addressing the overbroad, unfair and MISDIRECTED subpoena.**

This objection lacks merit. Regarding the timeline to respond, 15 days is admittedly less than parties are entitled to under Rule 34, but the suggestion that it is per se unreasonable has been routinely rejected by the Southern District of California. *See, e.g., Oliver v. In-N-Out Burgers*, 2013 WL 12415761, at *4 (S.D. Cal. Feb. 7, 2013) (emphasis added):

> Plaintiff contends that the subpoenas must be quashed because they required production of documents thirteen or fourteen days after service of the subpoenas, thus failing to provide the witnesses with a reasonable time to produce the requested documents. (ECF No. 44 at 13:20-14:17.) Rule 45 requires that a subpoena must be quashed or modified if it "fails to allow a reasonable time to comply." FED. R. CIV. P. 45(c)(3)(A)(I). Plaintiff contends that because a party is

afforded thirty days to produce documents (see FED. R. CIV. P. 34(b)(2)), it is "clearly unreasonable" to require non-parties to produce documents in less than half that time. (ECF No. 44 at 14:2-3.) **However, Plaintiff's argument fails. The provisions of Rule 45 relating to objections to a subpoena imply that less than fourteen days for production of documents may be reasonable.** See FED. R. CIV. P. 45(c)(2)(B) (requiring that "objections must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served")

Also, the date of compliance is also immediately before the deadline for my client's opposition to your motion to set aside default. As described below, much of the discovery at issue is directly targeting statements in your declaration in support of that motion that Plaintiff has no other plausible method of verifying. Also, we attempting to tailor the requests in such a way that you would not have difficulty complying. For the most part they merely ask you to substantiate your declaration which we anticipate would not be difficult.

**Notably, you failed to serve either me or Mr. Flores the Notice to Consumer as required by Cal. CCP Section 1985.3 inasmuch as it seeks the personal records of Mr. Flores, and I, each consumers who are entitled to specific notice, direct service, and sufficient time to respond to the Subpoena seeking our Personal Records.**

This objection lacks merit. A notice to consumer is a requirement of the California Code of Civil Procedure that is inapplicable to this action as you have compelled my client to litigate in federal court. *See RBS Sec. Inc. v. Plaza Home Mortg., Inc.*, 2012 WL 3957894, at *1 (S.D. Cal. Sept. 10, 2012) ("A subpoena duces tecum issued under the Federal Rules of Civil Procedure is not subject to CCP 1985.3 which, by its terms, is limited to subpoenas issued under the CCP.").

**Next, under Federal Rule of Civil Procedure 45(a)(1)(c), while any party may serve a subpoena commanding a nonparty "to attend and give testimony or to produce and permit inspection and copying of" documents, the subpoena is subject to the relevance and proportionality limitations set forth in Rule 26. Thus, the subpoena may typically command the production of documents which are "not privileged" and are "relevant to the subject matter" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).**

**However, the subpoena will not be enforced if the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; . . . or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).**

As a preliminary matter, as a defaulted party, Mr. Flores is not entitled to the same protections as true non-parties to an action, notwithstanding the fact that Rule 45 is the appropriate mechanism for seeking production of documents from a defaulted party. Further, Mr. Flores has not identified with particularity the undue burdens imposed by the requests at issue. Instead, you only reference burden in a generalized and conclusory fashion. This is insufficient to support a motion to quash. *See Rich v. Butowsky*, 2020 WL 5910069, at *2 (N.D. Cal. Oct. 6, 2020) ("On a Rule 45 motion to quash a subpoena, the moving party has the burden of persuasion … Therefore, the party resisting discovery bears the burden to demonstrate why discovery should not be permitted."). As described below, Mr. Flores fails to demonstrate burden with any specificity or particularity.

### Other Specific Objections

#### Attorney-Client Privilege

This objection lacks merit. Regarding your fee arrangement with Defendant, you have attempted to directly put those matters as issue, and have waived any attorney-client or attorney work product privilege or any privacy protection as to those records. What you are suggesting is quintessential use of a potentially privileged communication as a "sword and shield," which is not allowed in this Circuit, and warrants a finding of a subject matter waiver under Federal Rule of Evidence 502.

Relevantly, Rule 502 provides:

> When the disclosure is made in a federal proceeding or to a federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:
>
> (1) the waiver is intentional;
>
> (2) the disclosed and undisclosed communications or information concern the same subject matter; and
>
> (3) they ought in fairness to be considered together.

Fed. R. Civ. P. 502; *see Munguia-Brown v. Equity* Residential, 2020 WL 3057502, at *2 (N.D. Cal. June 9, 2020); *see also Munguia-Brown v. Equity Residential*, 337 F.R.D. 509, 512 (N.D. Cal. 2021).

In *Munguia-Brown*, the Court held that where one party sought to use privilege as a sword, it could not also use it as a shield, finding "fairness required that this story be subjected to meaningful cross-examination. After all, what if Defendants were lying about what their lawyers told them? What if different lawyers told them different things? Defendants have testified to the high-level conclusion that many lawyers analyzed the late fee and they all advised it was legal. If the truth was anything more nuanced than that, their story could quickly fall apart. The only way to test Defendants' story was to consider the undisclosed communications together with the disclosed ones. Otherwise, cross-examination was impossible." *Munguia-Brown v. Equity* Residential, 2020 WL 3057502, at *6-7. Similarly, my client is entitled to substantiation of your fee agreement with Mr. Flores.

In summary, we maintain that you cannot selectively disclose favorable privileged facts, while disallowing cross-examination of those facts under the attorney-client privilege; we are entitled to discovery to substantiate arguably privileged facts which your client or yourself attempted to put at issue in order to obtain a favorable ruling from the Court on your motion to set aside default.

Similarly, we maintain that you cannot selectively disclose favorable private facts (including your medical conditions), while disallowing cross-examination of those facts under the right of privacy. *See Flournoy v. Maness*, 2015 WL 6523472, at *2 (E.D. Cal. Oct. 27, 2015) (A party may waive his right to privacy in his medical records by placing them at issue in a case.). In summary, we are entitled to discovery to substantiate arguably privileged and/or private facts which your client or yourself attempted to put at issue in order to obtain a favorable ruling from the Court on your motion to set aside default.

Medical Privacy/Privilege

These objections lacks merit. The California Supreme Court has determined that an individual may waive patient-physician privilege under California law by placing a medical condition at issue. *See In re Lifschutz*, 2 Cal.3d 415, 433-34 (1970). Similarly, an individual may waive the right of privacy under the California constitution by placing a medical condition at issue. *See Thomas v. Carrasco*, No. 1:04-CV-05793-MJS PC, 2010 WL 4024930, at *3 (E.D. Cal. Oct. 13, 2010), aff'd, 474 F. App'x 692 (9th Cir. 2012) ("The Ninth Circuit has yet to address this issue, but multiple district courts have held that the right to privacy of medical records is waived when the plaintiff's medical condition is 'at issue' in a grievance or lawsuit.")

Thus, you have waived any privilege and privacy concerns relating to the medical conditions you voluntarily disclosed in support of your motion to set aside the default in this action. While your client may never have been in possession of your medical records or other responsive documents relating the conditions you disclosed, those documents are in your client's control. *See Martinez v. Allison*, 2013 WL 1982678, at *1-2 (E.D. Cal. May 13, 2013) ("Actual possession, custody or control is not required. 'A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document' … **Such documents also include documents under the control of the party's attorney**.") (bold added); *Martinez-Sanchez v. Anthony Vineyards, Inc.*, 2021 WL 847835 (E.D. Cal. Mar. 5, 2021) (same).

In summary, we maintain that you cannot selectively disclose favorable private facts (including your medical conditions), while disallowing cross-examination of those facts under the right of privacy; we are entitled to discovery to substantiate arguably privileged and/or private facts which your client or yourself attempted to put at issue in order to obtain a favorable ruling from the Court on your motion to set aside default.

Vagueness/Ambiguity/Burden/Compound

These objections lacks merit. Courts "often conclude that that a non-party's objections under Rule 45(d)(2)(B) should be subject to the same requirements facing a party objecting to discovery under Rule 34, including the same prohibition on general or boiler-plate objections and requirements that the objections must be made with specificity." *A&F Bahamas, LLC v. World Venture Group, Inc.*, 2018 WL 5961297, at *4 (C.D. Cal. Oct. 19, 2018).

Therefore, your "general, boilerplate objections are inappropriate under the Federal Rules of Civil Procedure." *Taylor v. Cty. of Calaveras*, 2019 WL 6341131, at *4 (E.D. Cal. Nov. 27, 2019) (citing *Dolarian Capital, Inc.*, 2012 WL 4026818, at *2 (E.D. Cal. Sept. 12, 2012)); *see Marti v. Baires*, 2012 WL 2029720 (E.D. Cal. June 5, 2012) (reliance on boilerplate objections is an abuse of the discovery process); Fed. R. Civ. P. 33(b)(4). Further, The burden of clarifying and explaining these objections rests on Mr.

Flores. *See Garcia v. Clark*, 2014 WL 1232315, at *2 (E.D. Cal. Apr. 12, 2012) (citing *Roesberg v. Johnson-Manville Corp.*, 85 F.R.D. 292, 297 (E.D. Pa. 1980).

Mr. Flores objections as to vagueness, ambiguity, and burden do not provide and specificity or articulation, and cannot support a motion to quash. Further, Plaintiff specifically limited requests, where possible, to the relevant statutory period at issue (see Requests 1-7, 10, 12-13), other requests were even more limited in time (see Request 16, limiting the time period from June 1, 2021 and August 10, 2021). Further, Plaintiff specifically asked for "sufficient" documents, rather than "all" documents, where appropriate, further evidencing Plaintiff's attempt to minimize the burden on Mr. Flores (see Requests 11-13, 20).

<u>Assumes Facts</u>

This objection lacks merit. In addition to the same infirmities discussed above regarding vagueness and overbreadth, these objections are patently improper and must not be asserted. *Taylor*, 2019 WL 6341131, at *4 ("Objections that a request assumes facts not in evidence, calls for speculation, or lacks foundation are not proper in the course of written discovery."). To

<u>Legal Conclusion/Attorney Opinion</u>

These objections lacks merit. In addition to the same infirmities discussed above regarding vagueness and overbreadth, these objections are patently improper and must not be asserted. "[L]egal conclusion objections to discovery requests are frivolous." *SEC v. Mazzo*, 2013 WL 1217628, at *10 (C.D. Cal. Oct. 24, 2013) (citing *Board of Trustees of Leland Stanford Junior University*, 253 F. R. D. at 522 (C.D. Cal. 2013) (finding objection to discovery request as calling for legal conclusion is meritless)).

Contrary to your above objections, Plaintiff's subpoena seeks records directly relating to the allegations of the First Amended Complaint, and documents attempting to substantiate your declaration offered in support of Mr. Flores' motion to set aside default. The requests are clearly targeting such documents, and are narrowly tailored to obtain only documents that are proportional. I reiterate that it is particularly improper to preclude discovery into the very facts that you are attempting to rely on in support of your motion, particularly given the conduct in this case thus far, and your personal history.

Also, it's been almost two weeks since I previously sent the majority of the above response, yet we have not heard anything else back regarding your position on these issues or our cited authority, and we have not received any request for an extension regarding requests other than Nos. 11, and 14-21 (as described on September 1, we unfortunately cannot agree to an extension regarding Request Nos. 11, and 14-21).

Finally, we apologize for inadvertent inclusion of Request No. 19, which is largely duplicative of Request No. 14. Request No. 19 is hereby withdrawn and does not require a response.

We hope that further motion practice is not necessary to resolve Plaintiff's straightforward subpoena.

Thanks,

Ethan



---

**From:** attorneys@brandxperts.com <attorneys@brandxperts.com>
**Sent:** Thursday, September 2, 2021 3:04 PM
**To:** Ethan Litney <ELitney@nicholaslaw.org>
**Cc:** Craig Nicholas <CNicholas@nicholaslaw.org>; Shaun Markley <SMarkley@nicholaslaw.org>; Valerie Garcia <vgarcia@NicholasLaw.org>; Emilia Carrillo <ECarrillo@nicholaslaw.org>
**Subject:** RE: The Upper Deck Company v. Miguel Flores | Subpoena

[External Email]

Anything else?

Stephen L. Anderson
Anderson Law
WE PROTECT IMAGINATION®

Offices in Temecula, California --- WEBSITES EVERYWHERE!
email: attorneys@brandXperts.com

Anderson Law
41923 Second Street, Suite 201
Temecula, California 92590 U.S.A.
+(951) 296-1700 tel.



VISIT OUR VIRTUAL VILLAGE:
https://link.edgepilot.com/s/b2aefdc1/6L1VF1fGgEOKoMloF55jKw?u=http://www.brandxperts.com/   TRADEMARKS
https://link.edgepilot.com/s/cc96589e/vgoQONzcu02DRixYNAY5zQ?u=http://www.copyrightpros.com/   COPYRIGHTS
https://link.edgepilot.com/s/3a66ac46/NyVXa-S2BEqD_nOJap3MVQ?u=http://www.namesavers.net/      DOMAIN NAMES
https://link.edgepilot.com/s/4dfe3701/O89_Lt9FAU2zvi0k8A_eKg?u=http://www.mybrandsonline.com/   REGISTER NOW!
https://link.edgepilot.com/s/1486effd/IYhz6ok7aUOeR6JTiD3PpQ?u=http://www.weprotectimagination.com/   IP SOLUTIONS

On September 1, 2021 7:04 PM Ethan Litney <elitney@nicholaslaw.org> wrote:


Hi Stephen,

I apologize I omitted discussion of one of the preliminary procedural issues you raised.

A notice to consumer is a requirement of the California Code of Civil Procedure that is inapplicable to this action as you have compelled my client to litigate in federal court. *See RBS Sec. Inc. v. Plaza Home Mortg., Inc.*, 2012 WL 3957894, at *1 (S.D. Cal. Sept. 10, 2012) ("A subpoena duces tecum issued under the Federal Rules of Civil Procedure is not subject to CCP 1985.3 which, by its terms, is limited to subpoenas issued under the CCP.").

Thanks again,

Ethan



---

**From:** Ethan Litney
**Sent:** Wednesday, September 1, 2021 6:41 PM
**To:** attorneys@brandxperts.com
**Cc:** Craig Nicholas <CNicholas@nicholaslaw.org>; Shaun Markley <SMarkley@nicholaslaw.org>; Valerie Garcia <ygarcia@NicholasLaw.org>; Emilia Carrillo <ECarrillo@nicholaslaw.org>
**Subject:** RE: The Upper Deck Company v. Miguel Flores | Subpoena


Hi Steven,

Thank you for the meet and confer letter, I will review the authority you've provided and your specific objections. Also, I would appreciate it if you could clarify the image you attached in response to my client's subpoena so we can evaluate whether it satisfies any of our requests.

While I cannot address all of the issues you've raised immediately, I wanted to immediately clarify some of the threshold procedural, privilege, and privacy concerns you've raised at the earliest opportunity.

First of all, you are correct that generally a Rule 26(f) conference is required prior to serving discovery in the Ninth Circuit. However, such a conference is not required prior to serving discovery on a defaulted defendant via a Rule 45 subpoena.

Recently, in *Trustees of U.A. Union Local No. 290 Plumber, Steamfitter, and Shipfitter Industry Pension Trust*, 2020 WL 1673326, at *2 (D. Or. Apr. 6, 2020), the District of Oregon recognized this nuance when evaluating an attempt to compel production from a party that had not yet been successfully served (emphasis added):

> Plaintiffs' motion to compel is procedurally improper. Plaintiffs have not provided—nor is the Court aware of—any authority supporting Plaintiffs' contention that Rule 37(a) is the appropriate vehicle for compelling discovery from a party that is not before the Court. **Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."** Fed. R. Civ. P. 26(d). Given that the parties have not conducted a Rule 26(f) conference, Defendant is not even considered to have been served with Plaintiffs' First Request for Production. See Fed. R. Civ. P. 26(d)(2)(B). Therefore, Plaintiffs' motion is procedurally deficient.
>
> Plaintiffs could, however, proceed by moving for an entry of default as Defendant "has failed to plead or otherwise defend" itself in this action. Fed. R. Civ. P. 55(a). Although Plaintiffs contend that they "cannot file for a default because [D]efendant's books and records are needed ... to perform [a] payroll examination," an entry of default does not foreclose Plaintiffs' ability to seek the documents they need. Pl. Resp. 2. **For example, once an order of default is entered, "a defaulted defendant should be treated as a non-party," and can be commanded to produce documents pursuant to a properly issued subpoena.** *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1159 (9th Cir. 2010); Fed R. Civ. P. 45. Accordingly, Plaintiffs' Motion to Compel is denied.

*Duess v. Siso* is distinguishable because Nicola Angie Siso was not defaulted when the subpoenas were issued. Further, the Plaintiff in *Siso* served the subpoenas concurrently with the complaint, before service, rendering those subpoenas particularly inappropriate and distinguishable from the instant action. If this proceeds to a motion, we will also assert that your blanket refusal to engage in a Rule 26(f) conference distinguishes this matter from *Siso*.

Regarding the timeline to respond, 15 days is admittedly less than parties are entitled to under Rule 34, but the suggestion that it is per se unreasonable has been routinely rejected by the Southern District of California. *See, e.g., Oliver v. In-N-Out Burgers*, 2013 WL 12415761, at *4 (S.D. Cal. Feb. 7, 2013) (emphasis added):

> Plaintiff contends that the subpoenas must be quashed because they required production of documents thirteen or fourteen days after service of the subpoenas, thus failing to provide the witnesses with a reasonable time to produce the requested documents. (ECF No. 44 at 13:20-14:17.) Rule 45 requires that a subpoena must be quashed or modified if it "fails to allow a reasonable time to comply." FED. R. CIV. P. 45(c)(3)(A)(I). Plaintiff contends that because a party is afforded thirty days to produce documents (see FED. R. CIV. P. 34(b)(2)), it is "clearly unreasonable" to require non-parties to produce documents in less than half that time. (ECF No. 44 at 14:2-3.) **However, Plaintiff's argument fails. The provisions of Rule 45 relating to objections to a subpoena imply that less than fourteen days for production of documents may be reasonable.** See FED. R. CIV. P. 45(c)(2)(B) (requiring that "objections must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served").

Also, the date of compliance is also immediately before the deadline for my client's opposition to your motion to set aside default. As described below, much of the discovery at issue is directly targeting statements in your declaration in support of that motion that Plaintiff has no other plausible method of verifying. Also, we attempting to tailor the requests in such a way that you would not have difficulty complying. For the most part they merely ask you to substantiate your declaration which we anticipate should not be difficult.

Regarding the privacy of your medical records and your fee arrangement with Defendant, you have attempted to directly put those matters as issue, and have waived any attorney-client or attorney work product privilege or any privacy protection as to those records. What you are suggesting is quintessential use of a potentially privileged communication as a "sword and shield," which is not allowed in this Circuit, and warrants a finding of a subject matter waiver under Federal Rule of Evidence 502.

Relevantly, Rule 502 provides:

> When the disclosure is made in a federal proceeding or to a federal office or agency and waives the attorney-client privilege or work-product protection, the waiver extends to an undisclosed communication or information in a federal or state proceeding only if:
>
> (1) the waiver is intentional;
>
> (2) the disclosed and undisclosed communications or information concern the same subject matter; and
>
> (3) they ought in fairness to be considered together.

Fed. R. Civ. P. 502; *see Munguia-Brown v. Equity* Residential, 2020 WL 3057502, at *2 (N.D. Cal. June 9, 2020); *see also Munguia-Brown v. Equity Residential*, 337 F.R.D. 509, 512 (N.D. Cal. 2021).

In *Munguia-Brown*, the Court held that where one party sought to use privilege as a sword, it could not also use it as a shield, finding "fairness required that this story be subjected to meaningful cross-examination. After all, what if Defendants were lying about what their lawyers told them? What if different lawyers told them different things? Defendants have testified to the high-level conclusion that many lawyers analyzed the late fee and they all advised it was legal. If the truth was anything more nuanced than that, their story could quickly fall apart. The only way to test Defendants' story was to consider the undisclosed communications together with the disclosed ones. Otherwise, cross-examination was impossible." *Munguia-Brown v. Equity* Residential, 2020 WL 3057502, at *6-7. Similarly, my client is entitled to substantiation of your fee agreement with Mr. Flores.

Similarly, we maintain that you cannot selectively disclose favorable private facts (including your medical conditions), while disallowing cross-examination of those facts under the right of privacy. *See Flournoy v. Maness,* 2015 WL 6523472, at *2 (E.D. Cal. Oct. 27, 2015) (A party may waive his right to privacy in his medical records by placing them at issue in a case.). In summary, we are entitled to discovery to substantiate arguably privileged and/or private facts which your client or yourself attempted to put at issue in order to obtain a favorable ruling from the Court on your motion to set aside default.

Finally, I will say that while we would normally be amenable to a reasonable extension to the date of compliance, we unfortunately cannot agree to an extension regarding Request Nos. 11, and 14-21, given the imminent deadline to respond to Defendant's motion to set aside default and motion to dismiss. That being said, we anticipate that you may be able to provide documents that quickly substantiate the representations made in your declaration (e.g., a medical record substantiating one of the claimed conditions during the time period referenced), at which point we would reconsider in good faith whether our requests remained proportional to our needs. We are happy to discuss reasonable extensions to certain of the other requests if that would facilitate production.

Thanks again,

Ethan



**From:** attorneys@brandxperts.com <attorneys@brandxperts.com>
**Sent:** Wednesday, September 1, 2021 5:30 PM
**To:** Emilia Carrillo <ECarrillo@nicholaslaw.org>
**Cc:** Craig Nicholas <CNicholas@nicholaslaw.org>; Shaun Markley <SMarkley@nicholaslaw.org>; Ethan Litney <ELitney@nicholaslaw.org>; Valerie Garcia <vgarcia@NicholasLaw.org>
**Subject:** Re: The Upper Deck Company v. Miguel Flores | Subpoena

[External Email]

Dear Mr. Litney:

Please refer and respond to the enclosed correspondence. In particular, please advise me immediately when you are available to meet and confer / discuss a Motion to Quash/Motion For Protective Order as is imminently anticipated should you fail to withdraw the overbroad, premature and unreasonable subpoena that you emailed me last evening.

I look forward to your prompt and thoughtful response.

Sincerely yours,
Stephen L. Anderson
Anderson Law
WE PROTECT IMAGINATION*

Offices in Temecula, California --- WEBSITES EVERYWHERE!
email: attorneys@brandXperts.com

Anderson Law
41923 Second Street, Suite 201
Temecula, California 92590 U.S.A.
+(951) 296-1700 tel.



*
VISIT OUR VIRTUAL VILLAGE:
https://link.edgepilot.com/s/c543869d/kxHOjTjd5ES-RIQnJw83kA?u=http://www.brandxperts.com/  TRADEMARKS
https://link.edgepilot.com/s/0d21947b/yCcaZ-PnDUg7t1VxtQ2V7w?u=http://www.copyrightpros.com/   COPYRIGHTS
https://link.edgepilot.com/s/bb05d873/BxxPXtPQ90KGb8lKR1lClQ?u=http://www.namesavers.net/       DOMAIN NAMES
https://link.edgepilot.com/s/ceab1932/ofZQLA5XPkm10NhEU-oQeg?u=http://www.mybrandsonline.com/      REGISTER
NOW!
https://link.edgepilot.com/s/dd95d56c/0RD8JqtFOkWFgCZimQzxZw?u=http://www.weprotectimagination.com/  IP
SOLUTIONS

On August 31, 2021 4:45 PM Emilia Carrillo <ecarrillo@nicholaslaw.org> wrote:

Dear Counsel:

Please find attached Plaintiff's Notice of Subpoena & Subpoena to Produce Documents to Miguel Flores – a copy of the attached will follow via mail.

Please note that Plaintiff will also accept production of documents by email on or before 5:00 p.m. PST on the listed date of compliance at: elitney@nicholaslaw.org.

Thank you,

Emilia S. Carrillo | Legal Assistant
**Nicholas & Tomasevic, LLP**
225 Broadway, 19th Floor, San Diego, CA 92101
Ph: (619) 325-0492 | Fax: (619) 325-0496
https://link.edgepilot.com/s/726e179a/EovI0B2-Rkm6IbTsxcPGpg?u=http://www.nicholaslaw.org/

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

**Stephen Anderson <attorneys@brandxperts.com>**                                    8/16/2021 1:01 PM

# Re: Upper Deck v. Flores - Concerns Regarding Spoliation of Evidence

To Ethan Litney <elitney@nicholaslaw.org>  Copy Craig Nicholas <cnicholas@nicholaslaw.org> •
Shaun Markley <smarkley@nicholaslaw.org>

Dear Counsel:

Please provide any evidence whcih supports your latest (baseless and spurious) claim that you "have learned your client appears to have destroyed relevant evidence relating to this action, including, but not limited to, social media (e.g., Instagram) posts evidencing past advertisement of counterfeit Upper Deck cards."

My client has responded that he has no idea what you are alleging now....

MY CLIENT STATES: I never advertised anything about any counterfeit (cards) on any of my social media or even on EBay. I only advertised them on EBay as reprints like they stated when I bought them. I am not sure what they are speaking about. Please advise?

Once again, you are apparently continuing to harass my client and vexaciously increase the costs of your ill-founded litigation.

With the above in mind, I look forward to your prompt reply.

Sincerely yours,

Stephen L. Anderson
Anderson Law
WE PROTECT IMAGINATION®

Offices in Temecula, California --- WEBSITES EVERYWHERE!
email: attorneys@brandXperts.com

Anderson Law
41923 Second Street, Suite 201
Temecula, California 92590 U.S.A.
+(951) 296-1700 tel.



                      ®
VISIT OUR VIRTUAL VILLAGE:
http://www.brandxperts.com/  TRADEMARKS
http://www.copyrightpros.com/   COPYRIGHTS
http://www.namesavers.net/       DOMAIN NAMES
http://www.mybrandsonline.com/      REGISTER NOW!
http://www.weprotectimagination.com/  IP SOLUTIONS

On August 13, 2021 10:19 AM Ethan Litney <elitney@nicholaslaw.org> wrote:


Good morning Stephen,

I write to inform you that we have learned your client appears to have destroyed relevant evidence relating to this action, including, but not limited to, social media (e.g., Instagram) posts evidencing past advertisement of counterfeit Upper Deck cards. In the alternative, if your client has separately maintained records of any destroyed evidence, please let us know when those records will be produced.

Relevantly, "[s]poliation of evidence is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009) (citation omitted). "The court has inherent power to sanction parties or their attorneys for improper conduct ... which includes spoliation of evidence." *Glass v. Beer*, 2007 WL 1456059, at *2 (E.D. Cal. May 17, 2007); *see also Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).

In addition to the Court's inherent power to sanction parties for spoliation, Federal Rule of Civil Procedure 37(e) expressly provides an alternative basis for spoliation sanctions. Pursuant to Rule 37(e): "If electronically stored information ("ESI") that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment." "The range of measures is quite broad if they are necessary for this purpose," and "[m]uch is entrusted to the court's discretion." Rule 37(e)(1) Committee Notes. District Courts employ curative measures including monetary sanctions, attorneys' fees, adverse inference instruction, preclusion of evidence, permit parties to present evidence and argument of spoliation and lost ESI at trial, amongst others. *See e.g., Blumenthal Distributing, Inc. v. Herman Miller*, 2016 WL 6609208, at *26 (C.D. Cal. July 12, 2016), adopted in part by 2016 WL 6901696 (C.D. Cal. Sept. 2, 2016); *Matthew Enterprise, Inc. v. Chrysler Group LLC*, 2016 WL 2957133, at *5 (N.D. Cal. May 23, 2016); *Spencer v. Lunada Bay Boys*, 2018 WL 839862, at *2 (C.D. Cal. Feb. 12, 2018) (Court employed Rule 37(e)(1) remedies including monetary sanctions in form of attorneys' fees, adverse inference, and costs of newly ordered deposition, where spoliating party deleted unrecoverable text messages); *Painter v. Atwood*, 2014 WL 1089694 (D. Nev. Mar. 18, 2014) (Adverse inference instruction granted **where Plaintiff deleted relevant Facebook comments with a culpable state of mind**.) (emphasis added).

Under either authority, spoliation sanctions are appropriate where: (1) the person in control of the evidence had a duty to preserve it; (2) the loss/destruction of the evidence was done with a "culpable state of mind"; and (3) the lost evidence was "relevant" to a claim or defense at issue. *See, e.g., Clear-View Techs., Inc. v. Rasnick*, 2015 WL 2251005, at *7 (N.D. Cal. May 13, 2015); *Montoya v. Orange Cnty. Sheriff's Dept.*, 2013 WL 6705992, at *7 (C.D. Cal. Dec. 18, 2013).

Of course, every party has a duty to preserve relevant evidence. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). Litigants have a duty to preserve "what [they know], or should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." *Toppan Photomasks, Inc. v. Park*, No. 13–CV–03323–MMC, 2014 WL 2567914, at *5 (N.D. Cal. 2014).

This duty "arises as soon as a potential claim is identified." *Zest IP Holdings, LLC v. Implant Direct Mfg.* LLC, 2014 WL 6851607, at *9 (S.D. Cal. June 16, 2014) (citation omitted); *Scalia v. KP Poultry, Inc.*, 2020 WL 6694315, at *4 (C.D. Cal. Nov. 6, 2020) ("As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which [he or she] knows or reasonably should know is relevant to the action."). Once the duty to preserve evidence is triggered, it continues throughout the litigation. *Jimenez v. Menzies Aviation Inc.*, 2016 WL 3232793, at *4 (N.D. Cal. June 13, 2016).

A "culpable state of mind," includes negligence. *See, e.g., Cottle-Banks v. Cox Commc'ns, Inc.*, 2013 WL 2244333, at *14 (S.D. Cal. May 21, 2013); *see also Unigard Sec. Ins. Co.*, 982 F.2d at 368-69 (spoliation sanctions were warranted where a party negligently allowed evidence to be destroyed, even though disposal occurred when the party believed it had no legal claim). Where a party loses evidence or fails to protect it from destruction after having "some notice" that it is potentially relevant to pending or contemplated litigation, the "culpable state of mind" element is satisfied. *Leon*, 464 F.3d at 959; *see also Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) ("Surely a finding of bad faith will suffice, but so will simple notice of 'potential relevance to the litigation.'").

10/9/21, 12:01 AM    Network Solutions Webmail :: Fw: Ludha, Sonal v. Bhagat _ Meet and Confer Regarding Spoliation of Evidence Issues

Case 3:21-cv-01182-GPC-KSC    Document 14    Filed 10/08/21    PageID.612    Page 15 of 44

Therefore, I would ask that you please immediately instruct your client to cease from committing any further spoliation, and clarify the full extent of the destruction of documents or electronically stored information that has taken place thus far, including but not limited to deletion of posts on your client's Instagram account. In order to mitigate Plaintiff's prejudice and potentially avoid further unnecessary waste of the resources of the parties and the Court, we ask that your client immediately provides his consent under the Stored Communications Act for Plaintiff to subpoena Instagram, Facebook, and eBay relating to his accounts on those platforms. We are willing to discuss protocols to maintain the confidentiality of any irrelevant information that is produced in response to these subpoenas, as we are only interested in the relevant evidence that your client has destroyed. **Time is absolutely of the essence** given the limited periods of time in which deleted information is retained by these platforms, so we ask that you obtain your client's consent as soon as possible to minimize any prejudice to Plaintiff. We will provide appropriate consent forms for your review if your client is in agreement.

If you have any questions, please do not hesitate to follow-up via email.

Thanks,

Ethan



Ethan T. Litney, Attorney
NICHOLAS & TOMASEVIC
225 Broadway, 19th Floor - San Diego, California 92101
ph 619-325-0492    fax 619-325-0496
elitney@nicholaslaw.org    www.nicholaslaw.org

- image001.png (20 KB)

10/9/21, 12:00 AM
Case 3:21-cv-01182-GPC-KSC Document 14 Filed 10/08/21 PageID.613 Page 16 of 44
Network Solutions RE: Upper Deck v. Flores - Concerns Regarding Spoliation of Evidence
1/6

**Stephen Anderson <attorneys@brandxperts.com>**                    8/16/2021 3:07 PM

## RE: Upper Deck v. Flores - Concerns Regarding Spoliation of Evidence

To Ethan Litney <elitney@nicholaslaw.org> •  Copy Craig Nicholas <cnicholas@nicholaslaw.org> •
Shaun Markley <smarkley@nicholaslaw.org>  Blind copy Stephen Anderson <namesavers@gmail.com> •
miguel92530@yahoo.com <miguel92530@yahoo.com>

Ethan:

Oh Please!

I would sincerely appreciate it if you would refrain from taking every opportunity to misrepresent my prior statements and communications in each of your self-serving correspondence.

My client has always been willing to provide the information regarding where he purchased the cards (which we have no proof are "counterfeit", but rather as identified by GMA Grading, are facsimile reprints. ). I have repeatedly advised you of that.

I do not know and cannot imagine how you would conclude after buying ONE CARD that my client is the 'Progenitor" of your client's woes.
Indeed, your claims are somewhat laughable!

Your client's alleged market, industry and legal issues and problems are neither Mr. Flores nor mine to concern ourselves with.

I never required your client to release mine in exchange for the information,
I only asked you to be reasonable, though you have continually failed to do so. I should expect so much from counsel who more typically makes ADA claims and Prop 69 claims rather than intellectual property claims.

Neither me nor my client have been given the courtesy of any factual allegations - JUST ACCUSATIONS.   Again, Mr. Flores and I don't know what you are referring to and your repeated accusations against my client - NOW FOR SPOLIATION (without any basis) is itself untenable AND RIDICULOUS.

Perhaps you could quit concealing the truth and hiding behind your billable hours.

We cannot see the instagram post you referred to.. Did you screenshot or print this - ????

Perhaps it was one of the other 2 cards that he took down after receiving your lawsuit, either way, in good faith - you must be again mistaken or in error  --- it seems your claims of spoliation are as flimsy as your expensive ties.

I sincerely hope you appreciate that your consistent jargon is no cover for your lack of FACTUAL CLAIMS.

WE THINK YOU ARE MORE THAN A BIT OFF BASE ETHAN -- MY CLIENT HAS NOTHING TO DO WITH YOUR SUSPICIONS  and YOUR continued nonsensical accusations and litigation warfare is tiring, at best.

I DO NOT KNOW WHAT "SUBPOENAS" YOU previously identified - please explain.

Either way, it is highly unlikely that we will consent to any discovery other than as required by Court order or the Federal Rules.

Inasmuch as it appears this case wont be addressed for several months, perhaps, you can think about your suspicions and do your best to INVESTIGATE YOUR CASE - rather than make Mr. Flores engage in your anticipated discovery and fishing expeditions.

By the way, if I falsely accuse YOU -- whose burden is it to show innocence?
You have no respect for the process, instead, you use it as a cudgel.

PERHAPS YOU COULD OFFER SOME EVIDENCE OF YOUR OWN FOR ONCE!

Finally, please do not respond unless you have some information or a settlement offer.  I do not intend to go tit for tat with you further.



**Anderson Law – We Protect Imagination**®

41923 2nd Street #201
Temecula, California 92590
(951) 296-1700
attorneys@brandxperts.com

®

September 1, 2021

Ethan T. Litney
Craig M. Nicholas and/or Shaun Markley
Nicholas & Tomasevic, LLP
225 Broadway 19th Floor
San Diego, CA 92101

      and via email to: cnicholas@nicholaslaw.org, smarkley@nicholaslaw.org,
      ELitney@nicholaslaw.org

      RE:    The Upper Deck Company v. Miguel Flores
             USDC –SDCA - Case No.:  3:21-cv-01182-GPC-KSC

Dear Mr. Litney:

      This letter serves as my objections to, and is part of my effort to meet and confer concerning the Subpoena that I received via email from your law clerk last evening after working hours.  On behalf of my client, and on behalf of myself, personally, we hereby strenuously object to your overbroad, vindictive and plainly vexatious Subpoena for a litany of reasons discussed below and we therefore demand that you immediately send a Notice of Withdrawal revoking and rescinding same.

      Although I hope this letter will be the final word on this subject, please be advised that I am available to discuss the subpoena with you (prior to the preparation of Motions to Quash and/or for a Protective Order) on behalf of both me, and Mr. Flores.  You may contact me tomorrow, September 2, at any time between 11:00 am to 2:45 pm, or Friday, at any time between 10:40 am and 3:00 pm via my mobile number, or you can leave me a callback number via email or voice mail. If those times are not available, please advise me and I will try to accommodate you.

      Turning to the Subpoena, as I advised you via email on August 16, 2021, any discovery at this point, while my client remains **in default** and prior to the Rule 26 conference of counsel, is certainly premature[1], inappropriate and highly irregular.

      Moreover, having now reviewed your Attachment to the Subpoena, it appears that your requests are not only highly objectionable, they also appear to be highly abusive, annoying and vexatious – to the extent that they may likely form the basis for sanctions to be awarded against you[2], on grounds that they violate a number of laws, as well as the limits of plain decency.

---

[1] Discovery is Stayed Until a Rule 26(f) Conference Occurs - No discovery can occur before the Rule 26(f) conference, unless the case is excluded by the Rule itself, is stipulated otherwise, or unless the court so orders. Fed. R. Civ. P. 26(d). The party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from the usual discovery procedures. P*odNers, LLC v. Northern Feed & Bean of Lucerne, Ltd. Liability Co*., 204 F.R.D. 675, 676 (D. Colo. 2002).

[2] The party or attorney responsible for issuing and serving the subpoena must take reasonable steps to avoid imposing an undue burden or expense on the person subpoenaed. The court for the district where compliance is required must

Ethan Litney – for The Upper Deck Company
September 1, 2021
Page **2**

As you are aware, the Subpoena is premature because Fed. R. Civ. P. 26(a)(1)(B) provides that a "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure … or when authorized by these rules, by stipulation, or by court order." Here, the defendant is in default, a Moption to Dismiss is pending and the parties have not conferred, so any discovery must be specifically authorized and, if not, must be quashed. See, e.g., *Deuss v. Siso*, Case No. 14-cv-00710-YGR (JSC), 2014 WL 4275715 (N.D. Cal. Aug. 29, 2014) (quashing subpoenas issued to nonparties in violation of Fed. R. Civ. P. 26(d)(1) and imposing sanctions where a party did not withdraw the subpoenas even after the violation was brought to its attention).

Somewhat ironically, the Subpoena you emailed me last night, calling for compliance by Mr. Flores, on or before September 15, 2021 was also untimely  - and unreasonable because Plaintiff did not permit the subpoenaed parties a reasonable time to respond. I am writing you now, before I take any more time addressing the overbroad, unfair and MISDIRECTED subpoena.

Notably, you failed to serve either me or Mr. Flores the Notice to Consumer as required by Cal. CCP Section 1985.3 inasmuch as it seeks the personal records of Mr. Flores, and I, each consumers who are entitled to specific notice, direct service, and sufficient time to respond to the Subpoena seeking our Personal Records.

Next, under Federal Rule of Civil Procedure 45(a)(1)(c), while any party may serve a subpoena commanding a nonparty "to attend and give testimony or to produce and permit inspection and copying of" documents, the subpoena is subject to the relevance and proportionality limitations set forth in Rule 26.  Thus, the subpoena may typically command the production of documents which are "not privileged" and are "relevant to the subject matter" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

However, the subpoena will not be enforced if the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;  . . . or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Of course, objections are permitted to be lodged by the non-party who is the subject of the subpoena. Fed. R. Civ. P. 45(d)(2)(a) ("A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection . . . .") (emphasis added).In this case, your requests for my personal and confidential medical information, as well as your requests for my protected communications with my client regarding fees are just so objectionable as to be borderline outrageous.

---

enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply. Fed. R. Civ. P. 45(c).

Ethan Litney – for The Upper Deck Company
September 1, 2021
Page **3**

Indeed, the majority of your cavalier requests seek protected communications between attorney and client[3] and my own personal medical information that has no bearing on the facts of the case, nor is supported by any request, nor order for such irregular and extensive EARLY DISCOVERY. (See: Fed. R. Civ. P. 26(b)(4)(B and C)

What you should know is that on timely motion," a court "must quash or modify a subpoena that," as relevant here, "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). In addition—or in the alternative—"the nonparty served with the subpoena duces tecum may make objections . . . within 14 days after service or before the time for compliance, if less than 14 days." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); see also *McCoy v. Sw. Airlines Co.,* 211 F.R.D. 381, 385 (C.D. Cal. 2002).

As you should also know, under F.R.C.P Rule 26(g) (1), every …discovery request … must be signed by at least one attorney of record . . . By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
(B) with respect to a discovery request, …, it is:
(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

As discussed further below, your Subpoena, which is no doubt overbroad on its face, (and which curiously requests that my client produce MY medical records) further violates these provisions. "Courts have found . . . the subpoena is overbroad on its face and exceeds the bounds of fair discovery and the subpoenaed witness is a non-party acting in good faith." *Moon,* 232 F.R.D. at 636 (collecting cases); see also *McCoy,* 211 F.R.D. at 385.

Finally, I have set forth below a basic overview of our objections to the Specific Requests contained in your Subpoena. It is not intended to be a limitation of the applicable objections which may be raised by Motion or otherwise. Again, I hope that you will agree to rescind the subpoena and these requests immediately, as based on the foregoing as well as the following:

---

[3] The California Supreme Court has held that legal invoices are protected by the attorney-client privilege, and therefore, with some exceptions, need not be disclosed. (*Los Angeles County Board of Supervisors v. Superior Court* (Dec. 29, 2016) 2016 WL 7473802. California law recognizes certain privileges that protect documents and communications from disclosure to third parties. The attorney-client privilege, which protects the confidential relationship between clients and attorneys, "has been a hallmark of Anglo-American jurisprudence for almost 400 years." (*Mitchell v. Superior Court* (1984) 37 Cal.3d 591, 599.) *See also* Section 950 Cal. Evidence Code.

Ethan Litney – for The Upper Deck Company
September 1, 2021
Page **4**

<center>SPECIFIC REQUESTS AND OBJECTIONS</center>

We hereby object to your prefatory "Definitions" and "Instructions" to the extent that they contain any special meaning or otherwise impose any duties on Defendant or counsel, beyond the requirements of the Federal Rules of Civil Procedure. We further object to the extent that the terms "YOU" and "YOUR" as used in the requests, is overbroad and includes non-parties to the action, who have not received proper notice and service of the Subpoea nor any Notice to Consumer under California law.

<center>ITEMS IDENTIFIED IN ATTACHMENT A TO THE SUBPOENA</center>

1.     Produce all DOCUMENTS evidencing YOUR sales of trading cards containing The Upper Deck Company's intellectual property, including the marks identified in the First Amended Complaint, (Docket Entry No. 5-1) in the above referenced action, or trading cards that include the terms "Upper Deck" or "UD" between April 28, 2017 and the present.

Objection. This request is premature. This request is vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request requires a legal conclusion and attorney opinion. This request assumes facts not pled nor in evidence, and calls for a negative pregnant. This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

2. Produce all DOCUMENTS reflecting COMMUNICATIONS between YOU and any person relating to the sale of trading cards containing The Upper Deck Company's intellectual property, including the marks identified in the First Amended Complaint, (Docket Entry No. 5-1) in the above-referenced action, or trading cards that include the terms "Upper Deck" or "UD" between April 28, 2017 and the present.

Objection. This request is premature. This request is vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request assumes facts not pled nor in evidence, and calls for a negative pregnant.  This request requires a legal conclusion and attorney opinion.  This request calls for attorney-client communications. This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

3. Produce all DOCUMENTS reflecting COMMUNICATIONS between YOU and GMA Grading between April 28, 2017 and the present.

Objection. This request is premature. This request is vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request requires a legal conclusion and attorney opinion. This request is unduly burdensome and the burden or expense of

Ethan Litney – for The Upper Deck Company
September 1, 2021
Page **5**

the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

4. Produce all DOCUMENTS reflecting business transactions between YOU and GMA Grading between April 28, 2017 and the present.

Objection. This request is premature. This request is vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request requires a legal conclusion and attorney opinion. This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

5. Produce all DOCUMENTS reflecting YOUR purchase of any reprint trading cards between April 28, 2017 and the present.

Objection. This request is premature. This request is vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request requires a legal conclusion and attorney opinion. This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

6. Produce all DOCUMENTS reflecting YOUR sale of any reprint trading cards between April 28, 2017 and the present.

Objection. This request is premature. This request is vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request requires a legal conclusion and attorney opinion. This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

7. Produce all DOCUMENTS reflecting YOUR grading or YOUR request for grading of any reprint trading cards between April 28, 2017 and the present.

Objection. This request is premature. This request is vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request requires a legal conclusion and attorney opinion. This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Ethan Litney – for The Upper Deck Company
September 1, 2021
Page **6**

8. Produce all DOCUMENTS reflecting YOUR understanding of the meaning of the term "reprint" in the context of trading cards.

Objection. This request is premature. This request is vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request requires a legal conclusion and attorney opinion. This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

9. Produce all DOCUMENTS supporting YOUR claim that the trading card referenced in the First Amended Complaint (aka "1999 UD Authentics Michael Jordan #MJ Facsimile Reprint," shown between paragraphs 23 and 24 of the First Amended Complaint in the above-referenced action) is not counterfeit.

Objection. This request is premature. This request is vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request requires a legal conclusion and attorney opinion. This request calls for a negative pregnant. This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

10. Produce sufficient DOCUMENTS to identify the amount of money YOU have obtained selling reprint trading cards containing The Upper Deck Company's intellectual property, including the marks identified in the First Amended Complaint, (Docket Entry No. 5-1) in the above-referenced action, or trading cards that include the terms "Upper Deck" or "UD" between April 28, 2017 and the present.

Objection. This request is premature. This request is vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request requires a legal conclusion and attorney opinion. This request assumes facts not pled nor in evidence, and calls for a negative pregnant. This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

11. Produce sufficient DOCUMENTS to identify all of Stephen Anderson's hourly fees or fee schedules regarding legal work performed in connection with this action. See Dkt. No. 8 ("the undersigned is a sole practitioner who initially took this matter on, on a highly reduced and practically 'pro bono' fee schedule to defend Mr. Flores from the claims improperly filed in State Court").

Objection. This request is overbroad and seeks information not reasonably related to this action. The request is premature. This request is vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request requires a legal conclusion and

Ethan Litney – for The Upper Deck Company
September 1, 2021
Page **7**

attorney opinion. This request calls for attorney client communications and work product.  This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

12. Produce sufficient DOCUMENTS to evidence any posts, messages, or other communications on YOUR social media accounts, including Facebook, Youtube, Whatsapp, Instagram, Reddit, Pinterest, Snapchat, Twitter or TikTok relating to reprint trading cards between April 28, 2017 and the present.

Objection. This request is overbroad and seeks information not reasonably related to this action. The request is premature. This request is compound, vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request requires a legal conclusion and attorney opinion. This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

13. Produce sufficient DOCUMENTS to evidence any posts, messages, or other communications on YOUR social media accounts, including Facebook, Youtube, Whatsapp, Instagram, Reddit, Pinterest, Snapchat, Twitter or TikTok relating to trading cards containing The Upper Deck Company's intellectual property, including the marks identified in the First Amended Complaint, (Docket Entry No. 5-1) in the above-referenced action, or trading cards that include the term "Upper Deck" between April 28, 2017 and the present, including posts YOU may have deleted.

Objection. This request is overbroad and seeks information not reasonably related to this action. The request is premature. This request is compound, vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request assumes facts not pled nor in evidence, and calls for a negative pregnant.This request requires a legal conclusion and attorney opinion. This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

14. Produce all DOCUMENTS supporting the assertion by Stephen Anderson in his declaration in support of YOUR motion to set aside default (Docket Entry 8-1) that "On June 11, 2021, my youngest child underwent surgery in Tucson Arizona. For nearly a week, my wife was away traveling for my child's care while I took on several additional duties, visited several Doctors, and fell into a bout of depression."

Objection. This request seeks the confidential personal and medical information of counsel, which Defendant has never possessed nor has any interest in.  The Request is abusive, unreasonable and seeks information not reasonably related to this action. The request is premature. This request is

Ethan Litney – for The Upper Deck Company
September 1, 2021
Page **8**

compound, vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request requires a legal conclusion and attorney opinion. This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.  This request seeks medical information about counsel's daughter – and insufficient grounds for such personal medical information exists herein!

15. Produce all DOCUMENTS supporting the assertions by Stephen Anderson in his declaration in support of YOUR motion to set aside default (Docket Entry 8-1) that "other than immediate engagements, I did not work at any time for more than two weeks later, during which time I developed an cranio-facial infection as well as an infection on my right buttocks which made it difficult to sit and type. In addition, I have been suffering from Irritable Bowel Disease for more than one year, which typically flares up when I am stressed or do not have a proper diet." Docket Entry 8-1, ¶ 16.

Objection. This request seeks the confidential personal and medical information of counsel, which Defendant has never possessed nor has any interest in.  The Request is abusive, unreasonable and seeks information not reasonably related to this action. The request is premature. This request is compound, vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request requires a legal conclusion and attorney opinion. This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Notwithstanding said objections, counsel attaches a photograph of his ass for Mr. Litney.

16. Produce all DOCUMENTS evidencing medical consultation or treatment for the cranio-facial infection referenced by Stephen Anderson in his declaration in support of YOUR motion to set aside default between June 1, 2021 and August 10, 2021. Docket Entry 8-1, ¶ 16.

Objection. This request seeks the confidential personal and medical information of counsel, which Defendant has never possessed nor has any interest in.  The Request is abusive, unreasonable and seeks information not reasonably related to this action. The request is premature. This request is compound, vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request requires a legal conclusion and attorney opinion. This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

17. Produce all DOCUMENTS evidencing medical consultation or treatment for the irritable bowel syndrome referenced by Stephen Anderson in his declaration in support of YOUR motion to set aside default. Docket Entry 8-1, ¶ 16.

Ethan Litney – for The Upper Deck Company
September 1, 2021
Page **9**

Objection. This request seeks the confidential personal and medical information of counsel, which Defendant has never possessed nor has any interest in.  The Request is abusive, unreasonable and seeks information not reasonably related to this action. The request is premature. This request is compound, vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request requires a legal conclusion and attorney opinion. This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

18. Produce all DOCUMENTS evidencing medical consultation or treatment for the buttock infection referenced by Stephen Anderson in his declaration in support of YOUR motion to set aside default. Docket Entry 8-1, ¶ 16.

Objection. This request seeks the confidential personal and medical information of counsel, which Defendant has never possessed nor has any interest in.  The Request is abusive, unreasonable and seeks information not reasonably related to this action. The request is premature. This request is compound, vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request requires a legal conclusion and attorney opinion. This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

19. Produce all DOCUMENTS supporting the assertions by Stephen Anderson in his declaration in support of YOUR motion to set aside default (Docket Entry 8-1) that "On June 11, 2021, my youngest child underwent surgery in Tucson Arizona. For nearly a week, my wife was away traveling for my child's care while I took on several additional duties, visited several Doctors, and fell into a bout of depression." Docket Entry 8-1, ¶ 17.

Objection. This ABUSIVE REQUEST WAS ASKED AT NO. 14 ABOVE!   *Get with it counsel*!  Your request seeks the confidential personal, family and medical information of counsel, (and of his daughter!) which Defendant has never possessed nor has any interest in.  The Request is abusive, unreasonable and seeks information not reasonably related to this action. The request is premature. This request is compound, vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request requires a legal conclusion and attorney opinion. This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

20. Produce sufficient DOCUMENTS to evidencing medical or psychological consultation or treatment for the depression referenced by Stephen Anderson in his declaration in support of YOUR motion to set aside default between June 1, 2021 and August 10, 2021. Docket Entry 8-1, ¶ 17.

Objection. This request seeks the confidential personal and medical information of counsel, which Defendant has never possessed nor has any interest in.  The Request is abusive, unreasonable

Ethan Litney – for The Upper Deck Company
September 1, 2021
Page **10**

and seeks information not reasonably related to this action. The request is premature. This request is compound, vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request requires a legal conclusion and attorney opinion. This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

21. Produce all DOCUMENTS supporting the assertions by Stephen Anderson in his declaration in support of YOUR motion to set aside default (Docket Entry 8-1) that "All the while, I have tried to earn a living, meeting with other clients and prospective clients, and I am presently engaged in a number of other pressing legal matters which have also demanded my time and attention." Docket Entry 8-1, ¶ 18

This overbroad and unreasonable request seeks the confidential business records of counsel and third parties which Defendant has never possessed nor has any interest in. The Request is abusive, unreasonable and seeks information not reasonably related to this action. The request is premature. This request is compound, vague and ambiguous and fails to identify the subject matter with any reasonable particularity. This request requires a legal conclusion and attorney opinion. This request seeks confidential attorney client communications and proprietary information owned by third parties not related in any manner to this action. This request is unduly burdensome and the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

With the above in mind, I look forward to your prompt and thoughtful response.
Please be further advised that I reserve the right to include in any Motion submitted to the Court your prior emails and missives, which collectively demonstrate your continued cavalier and black-hearted approach to this case, wherein you and the Plaintiff have neither responded to our prior settlement overtures, nor bothered to even provide one stitch of evidence or authority for your misguided and trumped up allegations against Mr. Flores.

Please let me know if you have any questions.

Sincerely yours,

/S/
*Stephen L. Anderson*


cc: Miguel Flores

1

2

3

4                                          UNITED STATES DISTRICT COURT

5                                         NORTHERN DISTRICT OF CALIFORNIA

6

7     JOHANNES DEUSS,                                    Case No.  14-cv-00710-YGR   (JSC)

8                          Plaintiff,
              v.                                          **ORDER GRANTING DEFENDANT'S**
9                                                         **MOTION TO QUASH SUBPOENAS**
       NICOLA ANGIE SISO,                                **AND FOR SANCTIONS**
10
                          Defendant.                      Re: Dkt. No. 20
11

12

13          When attorneys are admitted to practice in the Northern District of California they must

14    certify that they have knowledge of the Federal Rules of Civil Procedure as well as the Local

15    Rules of this Court.  This requirement is not a mere technicality; much of federal litigation occurs

16    outside the supervision of a judge and therefore the court relies on attorneys to follow the rules.

17    For example, attorneys can use the federal court's authority to subpoena third party records

18    without express court authorization.  *See* Fed. R. Civ. P. 45.  To ensure that the ability to obtain

19    such records is not misused, and that interested parties have an opportunity to challenge such

20    discovery, certain rules apply.  *See* Fed. R. Civ. P. 26(d)(1); 45.

21          Plaintiff Johannes Deuss filed this civil action against Defendant Nicola Siso to recover

22    money and other property he gave Siso during their since-terminated marriage engagement.  The

23    pending motion to quash and for sanctions arises because Plaintiff's counsel violated the Federal

24    Rules by issuing Rule 45 subpoenas for Siso's records—including highly confidential and

25    personal information—on the same date he filed the complaint. Because the subpoenas were

26    served in gross violation of the Federal Rules of Civil Procedure as well as common sense, and

27    because Plaintiff never withdrew the subpoenas even after the violation was drawn to Plaintiff's

28    counsel's attention, the motion to quash and for monetary sanctions is GRANTED.

<div style="text-align: left; writing-mode: vertical-rl;">United States District Court
Northern District of California</div>

**BACKGROUND**

Plaintiff Johannes Deuss is a Dutch citizen and resident of Bermuda.  According to the Complaint, Mr. Deuss and Ms. Siso became engaged in July 2010 at which time Mr. Deuss gave Ms. Siso an engagement ring worth $29,000.  (Dkt No. 1 ¶ 8.)  Mr. Deuss subsequently gave Ms. Siso $925,000 to purchase a house in St. Helena, California.  (*Id*. at ¶¶ 10-11.)  Mr. Deuss alleges that approximately three months after Ms. Siso used the funds to purchase the house she ended the engagement.  (*Id*. at ¶¶ 12-13.)  In November and December 2013, Mr. Deuss asked Ms. Siso to transfer title of the house to him or return its value, and return the engagement ring, as well as to reimburse him for medical insurance premiums and cellular telephone charges.  (*Id*. at ¶¶ 15-17.)  In December 2013, Mr. Deuss learned that Ms. Siso had apparently sold the St. Helena home earlier in the month.  (Dkt. No. 24-1 ¶ 4.)  Two months later, on Valentine's Day, Mr. Deuss filed this action seeking return of the money used to purchase the house, the engagement ring, and $22,621.10 for other payments Mr. Deuss allegedly made on behalf of Ms. Siso.  (Dkt. No. 1.)  At the time the Complaint was filed Mr. Deuss did not know where Plaintiff was residing.  (Dkt. 24-1 at ¶ 4-9.)

On the same day Mr. Deuss filed the Complaint, his Counsel[1] issued subpoenas to Amazon.com, Inc., JP Morgan Chase, Bank of America, N.A., the California Department of Motor Vehicles ("DMV"), First American Title Company, and ten days later, to Defendant's mother, Sara Siso.[2]  The subpoenas sought the following:

**Amazon**:

    1.  All documents that relate to the book entitled 50 Premiere Winemakers of Napa Valley: Their Insights and Inspirations, as listed on your website at http:/ /www.amazon.com/Premiere-Winemakers-Napa-ValleyInspirations/dp/0986051500/ref=aag m pw dp?ie=UTF8&m=A2MVWSMOF A4C P2 (as of February

---

[1] Mr. Deuss is represented by Jones Day LLP and partner Philip Cook.  Mr. Cook signed the subpoenas at issue and has accepted responsibility as lead counsel on the case.  For purposes of this Order, the Court refers to Mr. Deuss's counsel as "Counsel."

[2] Counsel attests that the subpoenas (other than the deposition subpoena to Sara Siso) were issued on February 14, 2014, and that the subpoenas to the DMV, Amazon.com, and JP Morgan were served five days later, and the subpoenas to Bank of America and First American Title were served March 10, 2014 and March 20, 2014, respectively.  (Dkt. No. 24-1 ¶¶ 9 & 11.)

United States District Court
Northern District of California

8, 2014), including, but not limited to, documents reflecting financial information about number of units sold and revenue for such sales, communications to or from Nicola Angie Siso or Nicola Siso Photography LLC regarding the book, documents evidencing payments to Nicola Angie Siso or Nicola Siso Photography, LLC for the book, and any bank account information reflecting the destination for payments you have made, or have been instructed to make, for sales of the book.

(Dkt. No. 20-2 at 15.)

**JP Morgan Chase:**

1. All documents that relate to Nicola Angie Siso from October 1, 2013 to present, including, but not limited to, any address information you have for her.
2. All documents that relate to what was Washington Mutual account number 0954819630 associated with Nicola Angie Siso, with the Clearing Code I Party Identifier 267084131 (the "Account"), including any open account at JP Morgan Chase that was, or into which funds were transferred from, the Account from October 1, 2013 to present, including, but not limited to, account statements, wire transfer information and current mailing address on file for the account holder.

(Dkt. No. 20-2 at 19.)

**Bank of America, N.A.:**

1.  All documents that relate to Nicola Angie Siso from October 1, 2013 to present, including, but not limited to, any address information you have for her.
2. All documents that relate to Bank of America, N.A. account number 483010711362 associated with Nicola A. Siso, with the Bank Identifier Code BOFAUS3NXXX, from October 1, 2013 to present, including, but not limited to, account statements, wire transfer information and current mailing address on file for the account holder.

(Dkt. No. 20-2 at 23.)

**DMV**:

1. All documents that relate to Nicola Angie Siso, including, but not limited to, any address information you have for her after September 2013.
2. All documents that relate to the 2013 Lexus vehicle registered with California license plate 6YEE193, including, but not limited to, the January 2014 declaration of non-use.

(Dkt. No. 20-2 at 7.)

**First American Title Company:**

1. All documents that relate to the December 2013 sale of the residential property located at 1190 Meadowcreek Circle, St.

United States District Court
Northern District of California

3

1

> Helena, CA 94574 from Nicola Angie Siso to James Nolan, including, but not limited to, the complete escrow file associated with this sale.

(Dkt. No. 20-2 at 11.)

The subpoena to Ms. Siso's mother directed her to appear for a deposition on March 18, 2014.  (Dkt. No. 20-3 at 3.)  She did in fact appear for her deposition on this date without counsel and was deposed for less than one hour.

Amazon.com objected to the subpoena.  In response, Counsel sent a letter to Amazon.com stating that "any financial information sought by and within the scope of the subpoena, will be used by us solely for the purposes of *prosecuting the above-entitled action*." (Dkt. No. 24-4 (emphasis added).)  Amazon.com subsequently produced 6 pages of information.  The DMV produced 5 pages of documents, Bank of America produced 35 pages of documents, and First American Title produced the entire 68-page escrow file.  At some point Ms. Siso became aware of the lawsuit and retained counsel.  JP Morgan Chase refused to produce any documents citing objections it had received from Ms. Siso's counsel.

Counsel learned on April 9, 2014, as a result JP Morgan forwarding Ms. Siso's subpoena objections, that Ms. Siso had retained counsel.  That same day, Counsel mailed a request to waive service of the summons and complaint to Ms. Siso's counsel.  (Dkt. No. 7 ¶ 8.)  The waiver of service provided that Ms. Siso had 60 days—that is, until June 9, 2014—to respond to the summons and complaint.  (Dkt. No. 26-7.)  Nevertheless, on May 6, 2014, Counsel filed with the Court a "Status Report Regarding Service of Process" in which Counsel misrepresented that Ms. Siso only had until May 9, 2014 to respond and stated that it appeared that Ms. Siso was evading service of process.  (Dkt. No. 7.)   On May 23, 2014, in connection with an Ex Parte Application for Order Directing Publication of the Summons, Counsel again misrepresented that the last day for Ms. Siso to request a waiver of service was May 9, 2014.  (Dkt. No. 10 at 5.)  The district court granted the request for service by publication on May 29, 2014.  (Dkt. No. 13.)

On June 9, 2014, Ms. Siso filed a Motion to Dismiss within the time allotted under the waiver of service.  (Dkt. No. 16.)  Three days later, Ms. Siso filed the underlying Motion to Quash and for Sanctions which Mr. Deuss opposed.  (Dkt. No. 24.)  The motion was referred to the

United States District Court
Northern District of California

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

1   undersigned magistrate judge for disposition.  The Court ordered Philip Cook, counsel for Mr.

2   Deuss, to appear personally at the July 31, 2014 hearing on the motion.  (Dkt. No. 31.)  Mr. Cook

3   did not appear at 9:00 a.m. when the motion was calendared.  After contacting his office, he

4   appeared at 9:29 a.m. stating that he had miscalendared the time of the hearing.  The Court heard

5   oral argument, referred the parties to the Court's ADR unit, and took the motion under

6   submission.  The Court also ordered Counsel to provide Ms. Siso's counsel with copies of all

7   documents obtained in response to the subpoenas and to certify in writing that the original of said

8   documents and all copies had been destroyed.  Counsel was also ordered to provide a copy of Ms.

9   Siso's mother's deposition transcript to the Court and destroy the original and copies of the

10  transcript.

11       Mr. Deuss subsequently filed a Notice of Voluntary Dismissal Without Prejudice which

12  was granted on August 13, 2014.  (Dkt. Nos. 37 & 38.)  That same day, Counsel filed a

13  supplemental status report indicating that Ms. Siso's counsel had been provided copies of all the

14  required documents and that he was "in the process of ensuring that all physical and electronic

15  copies of all documents received pursuant to Plaintiff's subpoenas, as well as the deposition

16  transcript of Sara Siso, are deleted or destroyed."  (Dkt. No. 39 ¶¶ 3-4.)  To date, Counsel has not

17  filed a certification that the documents have in fact been deleted or destroyed.

18                                    **DISCUSSION**

19       **A.     The Subpoenas Violated Rules 26(d)(1) and 45(a)(4)**

20       Federal Rule of Civil Procedure 45 governs discovery of nonparties by subpoena. The

21  scope of the discovery that can be requested through a Rule 45 subpoena is the same as the scope

22  under Rule 26(b). Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970) ("[T]he scope of discovery

23  through a subpoena is the same as that applicable to Rule 34 and other discovery rules."); Fed. R.

24  Civ. P. 34(a) ("A party may serve on any other party a request within the scope of

25  Rule 26(b)."). Rule 26(b) allows a party to obtain discovery concerning any nonprivileged matter

26  that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1).

27       There are additional restrictions, however, on *when* a party may seek discovery.  Federal

28  Rule of Civil Procedure 26(d)(1) dictates that "a party may not seek discovery from any source

1    before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from

2    initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by

3    court order."  Likewise, "before [a subpoena] is served on the person to whom it is directed, a

4    notice and a copy of the subpoena must be served on each party."  Fed. R. Civ. P. 45(a)(4); *see*

5    *also* Fed. R. Civ. P. 45 advisory committee's note to 1991 amendment ("The purpose of such

6    [prior] notice is to afford other parties an opportunity to object to the production or inspection, or

7    to serve a demand for additional documents or things."). "While Federal Rule of Civil Procedure

8    45 does not specify when a subpoena may be issued, because a subpoena is considered a discovery

9    device, it is subject to the provisions of Rule 26(d)."  *Michelle v. Arctic Zero, Inc.*, No. 12-2063,

10   2013 WL 3807888, at *3 (S.D. Cal. July 18, 2013); *see also Villegas v. United States*, No. 12-

11   0001, 2012 WL 1801735, at *8 (E.D. Wash. May 16, 2012) ("Rule 26(d) clearly prohibits

12   'discovery from any source' before the parties have conferred, which by its plain language

13   includes subpoenas duces tecum served on non-parties.").

14        As the subpoenas were issued on the same day the Complaint was filed and served shortly

15   thereafter they violated Rule 26(d)(1) which prohibits *any* discovery from *any* source before first

16   conferring with the opposing party pursuant to Rule 26(f).  Such a conference cannot occur before

17   a party has been served with the complaint and had the opportunity to retain counsel.  Counsel

18   does not dispute the Rule 26(d)(1) violation.

19        The subpoenas also violated Rule 45(a)(4).  Counsel's assertion that they complied with

20   the notice requirement because copies of each subpoena were mailed to Ms. Siso's last known

21   address (Dkt. No. 24-1 at ¶ 13) ignores the Rule's language.  It requires service of the subpoena

22   on each party to the case *before* service of the subpoena; indeed, the title of the provision is

23   "***Notice to Other Parties Before Service***."  Fed. R. Civ. P. 45(a)(4).  Mailing a copy of the

24   subpoena after service on the third party, or even at the same time as such service, is not "service"

25   "before" on each party, especially when one knows that the party does not reside at the mailing

26   address.  And such a mailing does not meet the Rule's goal of affording "other parties an

27   opportunity to object to the production or inspection."  Fed. R. Civ. P. 45, Advisory Committee

28   Note, 1991 amendment.

As the subpoenas were served in violation of the Federal Rules they must be quashed. *See Desilva v. North Shore-Long Island Jewish Health System Inc.*, No. 10–1341, 2010 WL 3119629, at *1 (E.D.N.Y. Aug. 9, 2010) (quashing third party subpoenas served in violation of Rule 26(d)(1)). Ms. Siso was prejudiced by this violation. She was unable to object to most of the subpoenas and as a result many of them were complied with, including her mother's deposition. As Plaintiff has no right to any of the subpoenaed information, and as stated at oral argument, the original and all copies, electronic or otherwise, of any documents produced pursuant to the subpoenas, as well as the deposition transcript must be provided to Defendant or destroyed. Counsel has submitted a declaration attesting that he provided copies of all subpoenaed records to Defendant, but he has not yet submitted a declaration that all copies in Counsel's or the client's possession have been destroyed. He must do so within three business days of the filing of this Order.

## B. Defendant is Entitled to Sanctions

The next question before the Court is what flows from Counsel's conduct. Ms. Siso seeks sanctions in the amount of $13,375.00 for the fees and costs she incurred in bringing the motion to quash.

### 1. The Court has the authority to sanction Counsel's conduct

Rule 26(g), entitled "Signing Disclosures and Discovery Requests, Responses, and Objections," requires every discovery request to be signed by at least one attorney of record (if made on behalf of a represented party). Fed. R. Civ. P. 26(g)(1).

> By signing, an attorney . . . certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
>
> (B) with respect to a discovery request, . . . it is;
>
> (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>
> (ii) not interposed for an improper purpose, such as to harass cause unnecessary delay, or    needlessly increase the cost of litigation; and

United States District Court
Northern District of California

(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of   the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1)(B)(i)-(ii).  The Rule provides further that when an attorney makes a certification that violates the Rule "without substantial justification" the court, on its own or on motion, *"must* impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both.  The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3)(emphasis added); *see also R&R Sails Inc. v. Insurance Co. of State of PA*, 251 F.R.D. 520 (S.D. Cal. 2008) ("Sanctions under Rule 26(g) must be issued unless violation of the rule was 'substantially justified.'"). The same standard applies to Rule 26(g) as Rule 11; that is, the reasonableness of the signer's conduct "is measured by an objective standard; there is no required showing of bad faith."  *National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 555 (N.D. Cal. 1987).

The Advisory Committee Notes to the 1983 amendments to Rule 26(g) explain that the Rule "imposes an affirmative duty to engage in pretrial discovery in a responsible manner."  The Rule "is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions. [It] provides a deterrent to both excessive discovery and evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request."  Fed. R. Civ. P. 26(g), Advisory Committee Notes, 1983 Amendment.

### 2.    Counsel Made an Improper Certification

By signing the subpoenas, Counsel "certified" that each discovery request, was, among other things, "consistent with these rules."  Fed. R. Civ. P. 26(g)(1).  As Counsel concedes, the subpoenas were not: they unambiguously violated Rule 26(d) which forbids the seeking of discovery from "any source" before the Rule 26(f) conference.  And, as explained above, the subpoenas also violated Rule 45(a)(4).

### 3.    Counsel's Conduct was not Substantially Justified

Sanctions for an improper certification are mandatory unless Counsel's conduct was "substantially justified."  Counsel's conduct manifestly was not.

1   First, Counsel claims that he was not aware of the automatic discovery hold of Rule 26(d).

2   His ignorance, however (assuming it is true), is inexcusable.  Counsel is admitted to practice in the

3   Northern District of California and litigated a case in the Northern District as recently as 2010.

4   *See Openwave Systems, Inc. v. Fuld et al.*, No. 08-cv-5683-SI (N.D. Cal.). To be admitted to the

5   Northern District an attorney must certify:

6       (1)    Knowledge of the contents of the Federal Rules of Civil
7       and Criminal Procedure and Evidence, the Rules of the
    United States Court of Appeals for the Ninth Circuit and
    the Local Rules of this Court;
8

9       (2)    Familiarity with the Alternative Dispute Resolution
    Programs of this Court; and

10      (3)    Understanding and commitment to abide by the
11      Standards of Professional Conduct of this Court set forth
    in Civil L.R. 11-4.

12  *See* N.D. Cal. Local Rule 11-1(c).  Counsel's disavowal of any knowledge of the Rule thus

13  contradicts his certification made to gain permission to practice in this District.

14   His ignorance also defies common sense.  Counsel was seeking highly confidential

15  personal information, such as bank records.  Such information is routinely produced only after

16  parties have entered into a protective order.  But parties cannot enter into a protective order when

17  one of them has not yet even been served.  Further, Counsel was apparently under the mistaken

18  belief that he has the right to unilaterally determine the appropriate scope of discovery since he

19  had to know that the opposing party cannot object to a subpoena when it is served before the

20  opposing party has even been located.  Counsel's supposed ignorance violated Rule 26's

21  command that an attorney "stop and think" about the legitimacy of a discovery request before

22  made.

23   Further, when Counsel was indisputably no longer ignorant of Rule 26(d) he continued to

24  enforce the subpoenas.  According to Counsel's own testimony, JP Morgan provided him with Ms.

25  Siso's objection to the JP Morgan subpoena on April 9, 2014.  The objection specifically noted the

26  prohibition on discovery before a Rule 26(f) conference.  (Dkt. No. 24-5 ("Prior to a Rule 26

27  conference, no subpoena may be issued in a Federal suit without prior court order.  *See Villegas v.*

28  *U.S.* (E.D. Wash. 2012) 2012WL1801735.").)  An objectively reasonable attorney who had

United States District Court
Northern District of California

9

honestly not been aware of Rule 26(d) would at that point have inquired into the Rule and, finding that it applied (as Counsel concedes), withdrawn the JP Morgan subpoena.  Counsel did not do so; instead, he represented to the district court that the objection lacked merit and that Plaintiff intended to file a motion to enforce the subpoena.

Second, Counsel insists that he was merely trying to locate Ms. Siso for purposes of service of process after having looked unsuccessfully for months.  This representation, however, is flatly contradicted by the breadth of the subpoenas. The subpoena to Amazon.com seeks a litany of documents wholly unrelated to Ms. Siso's location.  For example, it seeks "documents that relate to the book entitled 50 Premiere Winemakers of Napa Valley: Their Insights and Inspirations, as listed on your website at http:/ /www.amazon.com/Premiere-Winemakers-Napa-ValleyInspirations/dp/0986051500/ref=aag m pw dp?ie=UTF8&m=A2MVWSMOF A4C P2 (as of February 8, 2014), including, but not limited to, documents reflecting financial information about number of units sold and revenue for such sales."  (Dkt. No. 20-2 at 15.)  Any contention that a request for the number of books sold was designed to learn where Ms. Siso lived is not credible.  Moreover, when Amazon.com objected to the subpoena, Counsel responded that "any financial information sought by and within the scope of the subpoena, will be used by us solely for the purposes of *prosecuting the above-entitled action*."  (Dkt. No. 24-4 (emphasis added).) Counsel did not tell Amazon.com that the documents would only be used for *locating* Ms. Siso because that was not Counsel's intent.

The subpoenas to JP Morgan Chase and Bank of America likewise went well beyond address information and sought *all* documents regarding Ms. Siso and particular accounts she had with the respective financial institutions since October 2013.  (Dkt. No. 20-2 at 19 & 23.)  The subpoena to First American Title sought not Ms. Siso's address, but the complete escrow file for the house at issue in this litigation.  (Dkt. No. 20-2 at 11.)  These requests are not narrowly tailored discovery aimed at determining Ms. Siso's location.

Counsel's conduct at Ms. Siso's mother's deposition further belies his representation that he merely intended to locate Ms. Siso so he could serve the complaint; instead, Counsel used the deposition to seek merits discovery: "Q: Did – did they set a wedding date in August of 2012?"

10

United States District Court
Northern District of California

(Dkt. No. 42 at 20:10-11); "Q: There's certain information I want to get while we're here today, and if I don't get it, we'll have to do this again.  Do you remember discussing with Nicola that they had set a wedding date?"  (*Id.* at 21:10-15); "Q: And within two months of the time they set that date, Nicola purchased that house in St. Helena?"  (*Id.* at 22:13-14); "Q: And three months later she broke off the engagement?"  (*Id.* at 22:16-17); "Q:  Let me ask you this.  Did she plan to live in St. Helena?"  (*Id.* at 23:1-2); "Q: When did she tell you that she – when did she first tell you she was going to sell the St. Helena house?" (*Id.* at 23:19-21).  Finally, over the course of the 40 minute deposition, Counsel—on three separate occasions—told Ms. Siso that if she did not answer his questions he would have to go to court and she would have to pay the costs of a second deposition.  (*Id.* at 5:7-13; 9:10-14; 29:16-19.)[3]  While these sort of litigation tactics might be what Counsel is accustomed to in a business dispute, in a domestic dispute such as this, they reek of intimidation—Ms. Siso's mother was unrepresented by counsel, unfamiliar with the legal process, and by her own testimony simply trying to protect her daughter from someone she was afraid would hurt her.  (*Id.* at 12:18-21; 17:12-14.)

Further, as attorneys admitted to practice in federal court should know, a court order is required to obtain early discovery to obtain the identity or location of a defendant.  *See, e.g., Skout, Inc. v. Jen Processing, Ltd,* No. 14-CV-02341-JSC, 2014 WL 3897166 (N.D. Cal. Aug. 7, 2014) (denying request for early discovery to discover doe defendants); *Braun v. Doe*, No. 12-CV-3690 YGR JSC, 2012 WL 3627640 (N.D. Cal. Aug. 21, 2012) (granting early discovery to identify doe defendants).  The trial court considers whether "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  Plaintiff could not have met this standard.

---

[3] Ms. Siso's mother was told by a person she believed to be a process server that she was "required to appear on the date of the deposition and produce the requested documents or the police will arrest [me.]" (Dkt. No. 20-5 at ¶ 5.)  Although Counsel disputes this version of events, he was neither present at the time the subpoena was served nor did he offer a declaration of someone with personal knowledge to contradict Ms. Siso's declaration.

United States District Court
Northern District of California

1    Counsel's reliance on *Maale v. Caicos Beach Club Charter, Ltd*., No. 08-80131, 2009 WL

2    302254, at *4 (S.D. Fla. Feb. 9, 2009), for the proposition that prematurely serving discovery does

3    not warrant sanctions is misplaced.  *Maale* did not involve third-party subpoenas for a defendant's

4    private information before the defendant was served or had retained counsel.  Moreover, *Maale*

5    held that Rule 26(g) sanctions are required when the "discovery request has been interposed for

6    any improper purpose, or where a competent attorney could not have reasonably believed that the

7    paper was well grounded in fact and was warranted by existing law."  *Maale*, 2009 WL 302254, at

8    *4 (internal quotation marks and citation omitted).  Both circumstances are present here.  Counsel

9    initiated the ex-parte discovery to, at least in part, obtain merits and assets discovery—an improper

10   purpose.  Further, any competent attorney would have been familiar with the Federal Rules of

11   Civil Procedure before initiating a lawsuit in federal court, especially a rule as basic (and

12   consistent with common sense) as Rule 26(d).  And any competent attorney would have

13   acknowledged and followed the Rule when it was brought to the attorney's attention through an

14   objection to the discovery. Counsel here did neither.

15   Counsel also goes to great lengths to distinguish the cases cited by Defendant and

16   complains that there is no case on all fours.  The reason there are so few cases awarding sanctions

17   under circumstances similar to those here, however, is that lawyers just do not do what Counsel

18   did here.

19   As Counsel's violation of Rule 26(d) was not justified, let alone substantially justified, the

20   Court awards Defendant sanctions under Rule 26(g)(3) in the amount of the fees and costs she

21   incurred in filing this motion.  Defendant seeks $13,375.00 in such fees and costs, but the amount

22   is only an estimate and there is no indication that Defendant's counsel reviewed his billing records

23   before making the estimate.  Within ten days of this Order Defendant shall submit a supplemental

24   declaration adequately supporting the fees and costs sought.

25                                   **CONCLUSION**

26   "The subpoena power is a substantial delegation of authority to private parties, and those

27   who invoke it have a grave responsibility to ensure it is not abused." *Theofel v. Farey-Jones*, 359

28   F.3d 1066, 1074 (9th Cir. 2004).  Counsel did not meet that responsibility here.  For the reasons

stated above, the Motion to Quash and for Sanctions is GRANTED.  The subpoenas issued to the California Department of Motor Vehicles, First American Title Company, Amazon.com, Inc., JP Morgan Chase, Bank of America, N.A., and Defendant's mother, Sara Siso are QUASHED. Within three days, Mr. Cook shall certify in writing that he has destroyed the original and all copies of documents obtained in response to these subpoenas, including the deposition transcript. Sanctions are awarded in an amount to be determined following receipt of Defendant's declaration of fees and costs and shall be entered against Philip Cook and Jones Day LLP.

**IT IS SO ORDERED.**

Dated: August 29, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

13

Sincerely,

Stephen L. Anderson
Anderson Law
WE PROTECT IMAGINATION®

Offices in Temecula, California --- WEBSITES EVERYWHERE!
email: attorneys@brandXperts.com

Anderson Law
41923 Second Street, Suite 201
Temecula, California 92590 U.S.A.
+(951) 296-1700 tel.



®

VISIT OUR VIRTUAL VILLAGE:
http://www.brandxperts.com/  TRADEMARKS
http://www.copyrightpros.com/   COPYRIGHTS
http://www.namesavers.net/      DOMAIN NAMES
http://www.mybrandsonline.com/      REGISTER NOW!
http://www.weprotectimagination.com/  IP SOLUTIONS

> On August 16, 2021 1:52 PM Ethan Litney <elitney@nicholaslaw.org> wrote:
>
>
> Hi Stephen,
>
>
> Hopefully this suffices for a prompt reply.
>
>
> As a preliminary matter, given your recent representations in your motion to set aside default, we remain perplexed as to why you are taking such a hostile posture in our communications, or how you or your client believe this is a beneficial litigation strategy. You have represented to the Court that my client is attempting to harass your client. My client does not intend to harass your client, who indisputably sold counterfeit Upper Deck products. Rather, as we have maintained since our first communication, we wish to learn more about where your client obtained his counterfeit goods, and request sufficient information to confirm that your client is not the progenitor of the same. My client is dealing with an incredible degree of trademark infringement, which you yourself have identified in your previous May 26, 2021 email attaching brazen examples of violations of Upper Deck's copyright. Yet you have refused to provide substantiation of this information relating to your own client unless my client wholly capitulated in this litigation, i.e., releasing your client and **then** learning about where your client obtained the counterfeit produces. Surely you can appreciate the untenable nature of such a request.
>
>
> As to your email, your request attempts to put my client in a further untenable position by requesting that we identify every incidence of spoliation of which we are aware. Obviously, this could facilitate your client admitting only to the spoliation attempts that we know about, while taking additional efforts to conceal further spoliation of evidence.
>
>
> However, as a representation of our good faith and proof of our charge against your client, we will disclose one incident of known spoliation. In particular, we will represent that we have information that suggests your client previously marketed a counterfeit Upper Deck product on his Instagram account @check_dz_out08, the URL of the post in question was https://instagram.com/p/CGT3kb6HcaW, as has deleted this post subsequent to the filing of this action.

I sincerely hope you appreciate that your consistent recalcitrance to taking this matter seriously necessarily amplifies our suspicion that your client had a substantial role in the counterfeiting of Upper Deck's trademarks and goods.

I would appreciate your prompt confirmation as to whether your client will consent to the subpoenas I previously identified. If you and your client are telling us the truth, surely the subpoenas will substantiate your client's inadvertence and/or lack of culpability.

Ethan



Ethan T. Litney, Attorney
NICHOLAS & TOMASEVIC
225 Broadway, 19th Floor - San Diego, California 92101
ph 619-325-0492   fax 619-325-0496
elitney@nicholaslaw.org   www.nicholaslaw.org

---

**From:** Stephen Anderson <attorneys@brandxperts.com>
**Sent:** Monday, August 16, 2021 1:01 PM
**To:** Ethan Litney <ELitney@nicholaslaw.org>
**Cc:** Craig Nicholas <CNicholas@nicholaslaw.org>; Shaun Markley <SMarkley@nicholaslaw.org>
**Subject:** Re: Upper Deck v. Flores - Concerns Regarding Spoliation of Evidence

[External Email]

Dear Counsel:

Please provide any evidence whcih supports your latest (baseless and spurious) claim that you "have learned your client appears to have destroyed relevant evidence relating to this action, including, but not limited to, social media (e.g., Instagram) posts evidencing past advertisement of counterfeit Upper Deck cards."

My client has responded that he has no idea what you are alleging now....

MY CLIENT STATES: I never advertised anything about any counterfeit (cards) on any of my social media or even on EBay. I only advertised them on EBay as reprints like they stated when I bought them. I am not sure what they are speaking about. Please advise?

Once again, you are apparently continuing to harass my client and vexaciously increase the costs of your ill-founded litigation.

With the above in mind, I look forward to your prompt reply.

Sincerely yours,

Stephen L. Anderson
Anderson Law
WE PROTECT IMAGINATION*

Offices in Temecula, California --- WEBSITES EVERYWHERE!
email: attorneys@brandXperts.com

Anderson Law
41923 Second Street, Suite 201
Temecula, California 92590 U.S.A.
+(951) 296-1700 tel.

10/9/21, 12:00 AM     Network Solutions RE: Upper Deck v. Nicholas Re: garding spoliation of evidence about...

Case 3:21-cv-01182-GPC-KSC Document 14 Filed 10/08/21 PageID.640 Page 43 of 44



VISIT OUR VIRTUAL VILLAGE:
https://link.edgepilot.com/s/15c1950b/djW5i7e7OUm6DBjE1WAjEg?u=http://www.brandxperts.com/  TRADEMARKS
https://link.edgepilot.com/s/e4c6d387/LvGjO3GDek2SgnzKZNwiJw?u=http://www.copyrightpros.com/  COPYRIGHTS
https://link.edgepilot.com/s/76654e4c/FFHS_ybVREO0MPiEUrLU5A?u=http://www.namesavers.net/  DOMAIN NAMES
https://link.edgepilot.com/s/b7df21b1/yHXjfG4xyUy7Fgu_V6tbbw?u=http://www.mybrandsonline.com/  REGISTER NOW!
https://link.edgepilot.com/s/5821bbb2/DmLWUP8XKUmTu8Wr6cdX4A?u=http://www.weprotectimagination.com/  IP SOLUTIONS

On August 13, 2021 10:19 AM Ethan Litney <elitney@nicholaslaw.org> wrote:

Good morning Stephen,

I write to inform you that we have learned your client appears to have destroyed relevant evidence relating to this action, including, but not limited to, social media (e.g., Instagram) posts evidencing past advertisement of counterfeit Upper Deck cards. In the alternative, if your client has separately maintained records of any destroyed evidence, please let us know when those records will be produced.

Relevantly, "[s]poliation of evidence is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009) (citation omitted). "The court has inherent power to sanction parties or their attorneys for improper conduct ... which includes spoliation of evidence." *Glass v. Beer*, 2007 WL 1456059, at *2 (E.D. Cal. May 17, 2007); *see also Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).

In addition to the Court's inherent power to sanction parties for spoliation, Federal Rule of Civil Procedure 37(e) expressly provides an alternative basis for spoliation sanctions. Pursuant to Rule 37(e): "If electronically stored information ("ESI") that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment." "The range of measures is quite broad if they are necessary for this purpose," and "[m]uch is entrusted to the court's discretion." Rule 37(e)(1) Committee Notes. District Courts employ curative measures including monetary sanctions, attorneys' fees, adverse inference instruction, preclusion of evidence, permit parties to present evidence and argument of spoliation and lost ESI at trial, amongst others. *See e.g., Blumenthal Distributing, Inc. v. Herman Miller*, 2016 WL 6609208, at *26 (C.D. Cal. July 12, 2016), adopted in part by 2016 WL 6901696 (C.D. Cal. Sept. 2, 2016); *Matthew Enterprise, Inc. v. Chrysler Group LLC*, 2016 WL 2957133, at *5 (N.D. Cal. May 23, 2016); *Spencer v. Lunada Bay Boys*, 2018 WL 839862, at *2 (C.D. Cal. Feb. 12, 2018) (Court employed Rule 37(e)(1) remedies including monetary sanctions in form of attorneys' fees, adverse inference, and costs of newly ordered deposition, where spoliating party deleted unrecoverable text messages); *Painter v. Atwood*, 2014 WL 1089694 (D. Nev. Mar. 18, 2014) (Adverse inference instruction granted **where Plaintiff deleted relevant Facebook comments with a culpable state of mind**.) (emphasis added).

Under either authority, spoliation sanctions are appropriate where: (1) the person in control of the evidence had a duty to preserve it; (2) the loss/destruction of the evidence was done with a "culpable state of mind"; and (3) that lost evidence was "relevant" to a claim or defense at issue. *See, e.g., Clear-View Techs., Inc. v. Rasnick*, 2015 WL 2251005, at *7 (N.D. Cal. May 13, 2015); *Montoya v. Orange Cnty. Sheriff's Dept.*, 2013 WL 6705992, at *7 (C.D. Cal. Dec. 18, 2013).

Of course, every party has a duty to preserve relevant evidence. *Leon v. IDX Sys. Corp.,* 464 F.3d 951, 959 (9th Cir. 2006). Litigants have a duty to preserve "what [they know], or should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." *Toppan Photomasks, Inc. v. Park,* No. 13–CV–03323–MMC, 2014 WL 2567914, at *5 (N.D. Cal. 2014).

This duty "arises as soon as a potential claim is identified." *Zest IP Holdings, LLC v. Implant Direct Mfg.* LLC, 2014 WL 6851607, at *9 (S.D. Cal. June 16, 2014) (citation omitted); *Scalia v. KP Poultry, Inc.,* 2020 WL 6694315, at *4 (C.D. Cal. Nov. 6, 2020) ("As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which [he or she] knows or reasonably should know is relevant to the action."). Once the duty to preserve evidence is triggered, it continues throughout the litigation. *Jimenez v. Menzies Aviation Inc.,* 2016 WL 3232793, at *4 (N.D. Cal. June 13, 2016).

A "culpable state of mind," includes negligence. *See, e.g., Cottle-Banks v. Cox Commc'ns, Inc.,* 2013 WL 2244333, at *14 (S.D. Cal. May 21, 2013); *see also Unigard Sec. Ins. Co.,* 982 F.2d at 368-69 (spoliation sanctions were warranted where a party negligently allowed evidence to be destroyed, even though disposal occurred when the party believed it had no legal claim). Where a party loses evidence or fails to protect it from destruction after having "some notice" that it is potentially relevant to pending or contemplated litigation, the "culpable state of mind" element is satisfied. *Leon,* 464 F.3d at 959; *see also Glover v. BIC Corp.,* 6 F.3d 1318, 1329 (9th Cir. 1993) ("Surely a finding of bad faith will suffice, but so will simple notice of 'potential relevance to the litigation.'").

Therefore, I would ask that you please immediately instruct your client to cease from committing any further spoliation, and clarify the full extent of the destruction of documents or electronically stored information that has taken place thus far, including but not limited to deletion of posts on your client's Instagram account. In order to mitigate Plaintiff's prejudice and potentially avoid further unnecessary waste of the resources of the parties and the Court, we ask that your client immediately provides his consent under the Stored Communications Act for Plaintiff to subpoena Instagram, Facebook, and eBay relating to his accounts on those platforms. We are willing to discuss protocols to maintain the confidentiality of any irrelevant information that is produced in response to these subpoenas, as we are only interested in the relevant evidence that your client has destroyed. **Time is absolutely of the essence** given the limited periods of time in which deleted information is retained by these platforms, so we ask that you obtain your client's consent as soon as possible to minimize any prejudice to Plaintiff. We will provide appropriate consent forms for your review if your client is in agreement.

If you have any questions, please do not hesitate to follow-up via email.

Thanks,

Ethan



Ethan T. Litney, Attorney
NICHOLAS & TOMASEVIC
225 Broadway, 19th Floor · San Diego, California 92101
ph 619-325-0492    fax 619-325-0496
elitney@nicholaslaw.org    www.nicholaslaw.org

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

- image001.png (20 KB)