STEPHEN L. ANDERSON  (CBN 150860)
ANDERSON LAW
41923 Second Street, Suite 201
Temecula, California 92590
Tel. (951) 296-1700
Fax (951) 296-0614
e-mail: attorneys@brandxperts.com

Attorneys for Defendant
MIGUEL FLORES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UPPER DECK COMPANY,<br>A Nevada corporation,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MIGUEL FLORES, an individual,<br>and DOES 1-100, inclusive,<br><br>　　　　　　　Defendants. | Case No: 3:21-cv-001182-GPC-KSC<br><br>Hon. Gonzalo P. Curiel<br><br>DEFENDANT'S EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE EXH. "A" TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE AND EXHS. "M" and "N" AND ¶14 OF THE DECLARATION OF ETHAN LITNEY<br><br>Hearing Date: October 29, 2021<br>Time: 1:30 p.m.<br>Courtroom: 2D |

　　　Defendant, Miguel Flores through his undersigned counsel, hereby objects to Plaintiff's Request For Judicial Notice (Dkt. 11-3), and in particular Exhibits "A", "M" and "N" thereto, and further objects to any consideration of such Exhibits, as well as Paragraph 14 of the Declaration of Ethan Litney (Dkt. 11-2) and Page 11, lines 1-2 of Plaintiff's Opposition to Motion to Set Aside Default. (Dkt. 11, p. 11, ll. 1-2) submitted in connection with Plaintiff's Opposition to Defendant's Motion to Set Aside Default.

　　　Defendant objects to and moves to strike the following "evidence" submitted by Plaintiff based upon the following grounds:

REQUEST FOR JUDICIAL NOTICE

1. This Request itself is wholly improper and contains and consists of material that is totally irrelevant to any matter at issue in this proceeding, in violation of Fed. R. Evidence Rule 402, and has absolutely no bearing on the Defendant's Motion to Set Aside Default, whatsoever.

2. The Exhibits Attached to Plaintiff's Request For Judicial Notice, especially Exhibits A, M, and N lack any probative value with respect to any matter at issue in this action. More importantly, these Exhibits lack any probative value as to the truth of any matter herein, and instead they are each highly improper inasmuch as the inconsequential materials are highly inflammatory, are unfairly prejudicial to the Defendant and his undersigned counsel, they have no value other than confusing the issues at bar, and amount to nothing more than a waste of judicial resources. (Fed, R. Evidence Rule 403; F.R.C.P. Rule 8(a)(2)).

3. The aforementioned documents as well as Paragraph 14 of the Declaration of Ethan Litney, and lines 1-2 of Page 11 of Plaintiff's Opposition Brief should be given no consideration and instead they should be stricken from the record as totally immaterial, impertinent, unfair and highly scandalous and inasmuch as they have no other purpose than as an unfair attack on the character and integrity of the undersigned member of the Bar, for nearly 31 years and plainly violate Fed. Rule Civ. Pro. Rule 12(f).

4. Exhibits M and N have no bearing on any fact at issue herein and instead, appear highly improper, confusing and lengthy. Recent Complaints filed by Plaintiff against third party Defendants in State Court are undoubtedly likely to confuse the issues and cause unfair prejudice to Defendant.

5. Exhibit A also violates Fed Rule of Evidence Rule 404(a)(1) inasmuch as it is plainly nothing more than improper "Character Evidence of Other Crimes, Wrongs, or Acts." However under F.R.E. Rule 404, "evidence of a person's character or character

trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."

Furthermore under F.R.C.P. Rule 404 (b) "evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

6. Exhibit A and all references to the allegations contained therein are barred from consideration as a matter of law pursuant to Rule 609 of the Federal Rules of Evidence. Impeachment by evidence of a criminal conviction (which in this case is more than 21 years old) is specifically barred under the Rule which specifically provides:

> **(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement.
>
> **(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if **more than 10 years have passed since the witness's conviction** or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> (2) the proponent gives an adverse party reasonable written notice

of the intent to use it so that the party has a fair opportunity to contest its use.

## Discussion

Federal Rule of Evidence 201 allows a court to take judicial notice of matters of public record while keeping it within the boundaries of fairness and propriety. "The overuse and improper application of judicial notice and incorporation by reference … can lead to unintended and harmful results" according to the Ninth Circuit panel (the "Court") as stated in *Khoja v. Orexigen Therapeutics*, 899 F.3d 988 (9th Cir. 2018). The *Khoja* Court went further to point out another problem as here, when a party like Plaintiff tries to submit piles of documents to be reviewed in connection with a pleadings motion: the fact that it wastes the resources and time of courts and the parties. Specifically, in *Khoja*, the Court stated that "a [district] court may take judicial notice of matters of public record without converting the motion to dismiss into a summary judgment motion, but a court cannot take judicial notice of disputed facts contained in such public records." The Court concluded that, in order to allow facts to be judicially noticed, defendants should pin-point to specific facts within documents and there would have to be no reasonable dispute over these facts. *Id.* at 994.

In addition, on review, the Ninth Circuit determined that the district court abused its discretion when it incorporated two out of three filings because they either did not contain anything related to the case or because the filing was not extensively quoted in the complaint. Finally, in the case of the incorporation of a Patent File History, the Court determined that there was an abuse of discretion when incorporating an entire file. ("Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim. For this same reason, what inferences a court may draw from an incorporated document should also be approached with caution. *Id*. at 1003.)

THE MATTERS MENTIONED IN PLAINTIFF'S EXHIBIT "A" ARE REMOTE, IRRELEVANT, SCANDALOUS AND HIGHLY PREJUDICIAL

"When determining whether to admit a prior conviction for impeachment purposes [over an objection], the court should consider, among other factors, whether it reflects on the witness's honesty or veracity, whether it is near or remote in time,

whether it is for the same or similar conduct as the charged offense, and what effect its admission would have on the defendant's decision to testify." (People v. Clark (2011) 52 Cal.4th 856, 931).

Even in a criminal matter, this evidence would be excluded.

How remote in time a conviction occurred is a factor in assessing whether to allow impeachment over a Rule 609 objection. Indeed, after 10 years, a higher showing is required.  The greater the remoteness of a prior conviction the less probative value it possesses . . ." (*People v. Lassell* (1980) 108 Cal.App.3d 720, 725.) Whereas, a "conviction that is twenty years old ... certainly meets any reasonable threshold test of remoteness." (*People v. Mireles* (2018) 21 Cal.App.5th 237, 246 [and finding trial court did not abuse discretion in excluding conviction of prosecution witness where oldest conviction occurred 33 years before trial and two other convictions occurred 24 years earlier];See also *People v. Newton* (1980) 107 Cal.App.3d 568, 574 [finding a ten-year-old felony conviction "is closer to the concept of a remote felony conviction than it is to that of a recent felony conviction" ]; cf., People v. Pitts (1990) 223 Cal.App.3d 1547, 1554 ["In our view establishing 10 years as the presumptive cut-off date for prior convictions is an exercise of discretion. It is preferable that the trial court have in mind a presumptive standard of remoteness rather than have no concept of remoteness and issue inconsistent rulings each time the issue comes up."].)

Because these allegations pertain to a time more than 20 years ago, as a matter of law, the submissions are too remote. Moreover, counsel has remained a member of this Bar without interruption since 1990 and since the 1999 allegations there has been simply no evidence of any negative character. Plaintiff's own evidence supports this – See Exhibits B and C to Plaintiff's RJN – Docket Reports. To the contrary, and to the chagrin of Plaintiff's counsel, the undersigned has duly assisted thousands of highly satisfied clients during the past 31 years.

Accordingly, Defendant respectfully requests that the court sustain the above objections and to strike the materials identified above.

Respectfully submitted,                                    October 27, 2021
                                                                    ___/StephenLAnderson_____
                                                                           Stephen L. Anderson
                                                                           Attorney for Defendant