Aileen M. Hunter, California Bar No. 253162
Kristin Webb, California Bar No. 258476
Jina Shin, California Bar No. 339309
**BRYAN CAVE LEIGHTON PAISNER LLP**
1920 Main Street, Suite 1000
Irvine, California 92614-7276
Telephone:   (949) 223-7000
Facsimile:   (949) 223-7100
Email:       aileen.hunter@bclplaw.com
Email:       kristin.webb@bclplaw.com
Email:       jina.shin@bclplaw.com

*Attorneys for Defendants*
GEM MINT AUTHENTICATION, INC. and ALON KARPUCH

*Bryan Cave Leighton Paisner LLP*
*1920 Main Street, Suite 1000*
*Irvine, CA 92614-7276*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UPPER DECK COMPANY, A Nevada corporation. <br><br> Plaintiff, <br><br> vs. <br><br><br> MIGUEL FLORES, an individual and DOES 1-100, inclusive, <br><br> Defendants. | Case No. 3:21-cv-001182-GPC-KSC <br><br> Hon. Gonzalo P. Curiel <br><br> **THIRD PARTY DEFENDANTS GEM MINT AUTHENTICATION, INC. AND ALON KARPUCH'S NOTICE OF MOTION AND MOTION TO DISMISS THIRD PARTY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **[Fed. R.Civ.P. 12(b)(2); Fed R.Civ.P. 12(b)(6)]; Fed.R.Civ.P. 9(b)]** |
| MIGUEL FLORES, an individual <br><br> Third-Party Plaintiff <br><br> vs. <br><br> ROCCO TENAGLIA, an individual, GEM MINT AUTHENTICATION, INC., a Florida corporation, and ALON KARPUCH, an individual, <br><br> Third-Party Defendants. | *Filed Concurrently with Declaration of Alon Karpuch; and [Proposed]Order* <br><br> DATE:   March 18, 2022 <br> TIME:   1:30 p.m. <br> COURTROOM: 2D |

USA.604634414.3/48T

**TO THE HONORABLE COURT AND TO ALL PARTIES BY AND THROUGH THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on March 18, 2022 at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 2D of the above-referenced court, located at 225 West Broadway, San Diego, California 92101, Third Party Defendants, GEM MINT AUTHENTICATION, INC. ("GMA") and ALON KARPUCH ("Karpuch") will and hereby do move the Court for an Order Dismissing the Third Party Complaint for Equitable Apportionment, Contributory Indemnity and Damages in Impleader of Defendant and Third Party Plaintiff Miguel Flores ("Flores").

This Motion is made pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure on behalf of Karpuch on the grounds that the Third Party Complaint should be dismissed for lack of personal jurisdiction over him.

This Motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on behalf of GMA and Karpuch on the grounds that the allegations set forth in the Third Party Complaint fail to state a claim for which relief may be granted. GMA and Karpuch bring this motion on the following grounds:

1. Flores' first claim for Warranty of Title fails to state a claim upon which relief can be granted against GMA and Karpuch because Flores does not plead facts to support any cognizable legal theory. Fed.R.Civ.P. 12(b)(6).

2. Flores' second claim for Inducement fails to state a claim upon which relief can be granted against GMA and Karpuch because Flores does not plead facts to support any cognizable legal theory (Fed.R.Civ.P. 12(b)(6), and fails to comply with Rule 9(b) pleading requirements. Fed.R.Civ.P. 9(b).

3. Flores' third claim for Violation of California Business and Professions Code section 21672(a) fails to state a claim upon which relief can be granted against GMA and Karpuch because Flores does not plead facts to

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, CA 92614-7276

1   support any cognizable legal theory. Fed.R.Civ.P. 12(b)(6).

2   4.  Flores' fourth claim for Violation of California Civil Code section 1739.7

3       fails to state a claim upon which relief can be granted against GMA and

4       Karpuch because Flores does not plead facts to support any cognizable

5       legal theory.  Fed.R.Civ.P. 12(b)(6).

6   5.  Flores' fifth claim for breach of contract fails to state a claim upon which

7       relief can be granted against GMA and Karpuch because Flores does not

8       plead facts to support any cognizable legal theory.  Fed. R.Civ.P.

9       12(b)(6).

10   6.  Flores' sixth claim for Declaratory Judgment pursuant to 28 U.S.C. §

11       2201 fails to state a claim upon which relief can be granted against GMA

12       and Karpuch because Flores does not plead facts to support any

13       cognizable legal theory.  Fed.R.Civ.P. 12(b)(6).

14   This Motion is based upon this Notice of Motion and Motion to Dismiss, the

15   attached Memorandum of Points and Authorities, and Declaration of Alon Karpuch,

16   and all other matters that the Court may consider, including the oral argument of

17   counsel.

18   Dated: December 30, 2021        **BRYAN CAVE LEIGHTON PAISNER LLP**

19

20                                   By:
21                                          Aileen M. Hunter
22                                          Kristin S. Webb
                                            Jina Shin
22                                   Attorneys for Third Party Defendants
23                                   GEM MINT AUTHENTICATION, INC., a
                                     Florida corporation; and ALON KARPUCH, an
24                                   individual

25

26

27

28

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, CA 92614-7276

USA.604634414.3/48T

1
2

# <u>**TABLE OF CONTENTS**</u>

3    I.   INTRODUCTION ..................................................................................... 1

4    II.  FACTS ...................................................................................................... 2

5    III. LEGAL STANDARD ............................................................................... 3

6    IV. ARGUMENT ............................................................................................ 5

7       A.  Flores' Complaint Should Be Dismissed As to Karpuch Pursuant to
            Fed.R.Civ.P. 12(b)(2) For Lack of Personal Jurisdiction ...................... 5

8       B.  All of the Claims Fail As to Karpuch........................................................ 6

9       C.  Each of Flores' Claims Fail Under Fed.R.Civ.P. 12(b)(6) ...................... 6

10          a.  Flores' First Claim for Warranty of Title Fails. ....................... 6

11          b.  Flores' Second Claim for Inducement Fails........................... 7

12          c.  Flores' Third Claim for Violation of California Business &
                Professions Code § 21672(a) Fails. .......................................... 8

13          d.  Flores' Fourth Claim for Violation of California Civil Code §
                1739.7 Fails................................................................................. 9

14          e.  Flores' Fifth Claim for Breach of Contract Fails. ................... 9

15          f.  Flores' Sixth Claim for Declaratory Judgment Fails............. 11

    V.   CONCLUSION ...................................................................................... 13

16
17
18
19
20
21
22
23
24
25
26
27
28

Bᴿʸᴀɴ Cᴀᴠᴇ Lᴇɪɢʜᴛᴏɴ Pᴀɪsɴᴇʀ LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA. 92614-7276

USA.604634414.3/48T

i

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ............................................................................ 4

*Ashwander v. Tennessee Valley Authority,*
297 U.S. 288 (1936.) ....................................................................... 12

*Balistreri v. Pacifica Police Dep't,*
901 F.2d 696 (9th Cir. 1988) ............................................................ 4

*Balsam v. Trancos, Inc.,*
203 Cal. App. 4th 1083 (2012), *as modified on denial of reh'g*
(Mar. 21, 2012.) ................................................................................. 6

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ........................................................................... 4

*In re Boon Global Ltd.,*
923 F.3d 643 (9th Cir. 2019) ............................................................ 4

*Boschetto v. Hansing,*
539 F. 3d 1011 (9th Cir. 2008) ..................................................... 4, 6

*Calder v. Jones,*
465 U.S. ............................................................................................. 5

*Careau & Co. v. Security Pacific Business Credit, Inc.,*
222 Cal App. 3d 1371 (1990) ......................................................... 11

*Cooper v. Pickett,*
137 F.3d 616 (9th Cir. 1997) ....................................................... 5, 8

*Credit Lyonnais Secur. (USA), Inc. v. Alcantara,*
183 F.3d 151 (2nd Cir. 1999) ........................................................... 3

*Davis v. Metro Productions, Inc.,*
885 F. 2d 515 (9th Cir. 1989) ...................................................... 5, 6

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

NOTICE OF MOTION AND MOTION TO DISMISS THIRD PARTY COMPLAINT
MEMORANDUM OF POINTS AND AUTHORITIES

*DiLeo v. Ernst & Young,*
    901 F.2d 624 (7th Cir. 1990) ........................................................... 5, 8

*Government Employees Ins. Co. v. Dizol,*
    133 F. 3d 1223 (9th Cir. 1998) .......................................................... 12

*Grober v. Mako Products, Inc.,*
    686 F. 3d 1335 (Fed. Cir. 2012.) ......................................................... 5

*Guz v. Bechtel National, Inc.,*
    24 Cal. 4th 317 (2000) ...................................................................... 11

*Harris County Texas v. MERSCORP Inc.,*
    791. F.3d 545, 552 (5th Cir. 2015) .................................................... 12

*International Shoe Co. v. State of Wash.,*
    326 US 310 (1945) ............................................................................... 3

*Kinslow v. Pullara,*
    538 F. 3d 687 (7th Cir. 2008) .............................................................. 4

*Moore v. Brewster,*
    96 F.3d 1240 (9th Cir.1996) ................................................................ 8

*Navarro v. Block,*
    250 F.3d 729 (9th Cir. 2001) ............................................................... 4

*Neubronner v. Milken,*
    6 F.3d 666 (9th Cir. 1993) ................................................................... 5

*Richman v. Hartles,*
    224 Cal. App. 4th 1182 (2014) ............................................................ 9

*Schwarzenegger v. Fred Martin Motor Co.,*
    374 F. 3d 797 (9th Cir. 2004) .............................................................. 3

*Semegen v. Weidner,*
    780 F.2d 727 (9th Cir. 1985) ............................................................... 5

*Stanfield v. Starkey,*
    220 Cal. App. 3d 59 (1990) ................................................................. 8

*Starr v. Baca,*
    652 F.3d 1202 (9th Cir. 2011) ............................................................. 4

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

iii

*Sunset-Sternau Food Co. v. Bonzi*,
  60 Cal. 2d 834..............................................................................................12

*The Challenge Printing Co., Inc. v. Electronics For Imaging, Inc.*,
  500 F. Supp. 3d 952 (N.D. Cal. 2020)..................................................................7

*Vasquez v. L.A. County*,
  487 F.3d 1246 (9th Cir. 2007)..............................................................................5

*W. Steamship Lines, Inc. v. San Pedro Peninsula Hosp.*,
  8 Cal. 4th 100 (1994)........................................................................................12

**Statutes**

28 U.S.C. § 2201......................................................................................3, 11, 12

Cal. Bus. and Prof. Code §21672(a).........................................................................2, 8

Cal. Civ.Code, § 1709.........................................................................................8

Cal. Civ.Code, § 1710.........................................................................................8

Cal. Civ. Code § 1739.7....................................................................................3, 9

Cal. Civ. Code §1739.7 (a)(4) ...............................................................................9

Cal. Comm. Code § 2102 et seq ............................................................................7

Cal. Comm. Code § 2103 (d)................................................................................7

Cal. Comm. Code § 2312 ...................................................................................7

**Rules**

Fed. R. Civ. Proc. Rule 9 ....................................................................................5

Fed. R. Civ. Proc. 9(b)....................................................................................2, 5, 8

Fed. R. Civ. Proc. 12(b)(2) ..............................................................................2, 3, 5

Fed. R. Civ. Proc. 12(b)(6) .............................................................................2, 3, 4, 6

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

NOTICE OF MOTION AND MOTION TO DISMISS THIRD PARTY COMPLAINT
MEMORANDUM OF POINTS AND AUTHORITIES

**Other Authorities**

Hon. Virginia A. Phillips & Hon. Karen L. Stevenson, *California Practice Guide: Federal Civil Procedure Before Trial* § 9:114, Westlaw (database updated April 2021) ............................................................. 3

Bryan Cave Leighton Paisner LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

USA.604634414.3/48T

v

Bryan Cave Leighton Paisner LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Miguel Flores' Third Party Complaint is fraught with error.  He sues Alon Karpuch, a Florida resident, over whom there is no personal jurisdiction.   He also sues Gem Mint Authentication, Inc., ("GMA"), but fails to allege any facts supporting a claim for relief against either Karpuch or GMA.

The Upper Deck originally sued Flores for allegedly selling counterfeit trading cards.  In his Third Party Complaint, Flores claims he bought trading cards from third party defendant Rocco Tenaglia, and that he did not know the card(s) at issue were counterfeit.

Flores sues not only Tenaglia, the seller, but also GMA and Alon Karpuch. According to Flores, GMA, a card grading company, graded various trading cards, including the card that is the subject of the Upper Deck's complaint.  Although that card is clearly labeled by GMA on its face as a "Facsimile Reprint," Flores claims GMA failed to notify him the card was not authentic.

Flores sues Karpuch, but he fails to allege any factual basis supporting a claim against Karpuch individually.  All of his claims are directed to conduct by GMA and Karpuch on behalf of GMA.

As to GMA, Flores' claims fare no better.  He asserts six claims in his Third Party Complaint but does not identify which claims, if any, are directed against the three separate defendants.  In his third and fourth claims, he does not allege a single allegation against GMA or Karpuch.

The balance of Flores' claims are equally defective.  In his first claim, Flores sues GMA and Karpuch for "Warranty of Title", but admits neither one sold him the card(s).  His claim for "Inducement" fails to allege a single misrepresentation or fraudulent conduct by either GMA or Karpuch.  His fifth claim for breach of contract fails to allege the terms of the contract or a breach.  Instead, his own allegations admit there was no breach as GMA clearly identified any alleged

counterfeit card(s) as "Facsimile Reprints."  This admission is fatal. His claim for "Declaratory Judgment" also fails to state any basis for relief and is premised on a request for indemnification that is factually unsupported and premature.

This Court should dismiss the Third Party Complaint against GMA and Karpuch, with prejudice.

## II.   **FACTS**

Flores alleges he purchased various trading cards from Tenaglia, including a Michael Jordan trading card that is the subject of The Upper Deck's complaint. (Third Party Complaint ¶¶ 17-18.)  Flores claims that at the time he purchased the card(s) from Tenaglia, he did not know any were counterfeit.  (Third Party Complaint, ¶18.)

Flores alleges he sent trading cards to GMA to be authenticated and graded on at least five occasions, including the Michael Jordan trading card that is the subject of The Upper Deck's complaint.  (Third Party Complaint, ¶¶ 20-22.)  He alleges that GMA returned the cards to him, sealed and graded.  (Third Party Complaint, ¶21-22.)  He also alleges GMA labeled the subject Michael Jordan card a "Facsimile Reprint."  (Third Party Complaint, ¶ 22.)

Further, Flores alleges Karpuch is an individual residing at 7706 W. County Line Road, Odessa, Florida, 33556, and upon information and belief is the "owner and sole employee/appraiser/grader of third party defendant GMA."  (Third Party Complaint, ¶ 4.)

\\\
\\\
\\\
\\\
\\\
\\\
\\\

Bryan Cave Leighton Paisner LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

III.   **LEGAL STANDARD**

**Feb. R. Civ. Pro 12(b)(2).**

A defendant may challenge personal jurisdiction by moving under Federal Rule of Civil Procedure 12(b)(2).  "Motions to dismiss under Rule 12(b)(2) may test either plaintiff's theory of jurisdiction or the facts supporting the theory.  In evaluating plaintiff's jurisdictional theory, the court need only determine whether the facts alleged, if true, are sufficient to establish jurisdiction; no evidentiary hearing or factual determination is necessary."  Hon. Virginia A. Phillips & Hon. Karen L. Stevenson, *California Practice Guide: Federal Civil Procedure Before Trial* § 9:114, Westlaw (database updated April 2021) (citing *Credit Lyonnais Secur. (USA), Inc. v. Alcantara*, 183 F.3d 151, 153 (2nd Cir. 1999).

Unless there is a traditional bases for personal jurisdiction, due process requires minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Wash.*, 326 US 310, 316 (1945).   The Ninth Circuit employs a three part test:

> (1)    the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2)    the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3)    the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F. 3d 797, 802 (9th Cir. 2004).

\\\

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

Each individual defendant's contacts with the forum state must be assessed. *In re Boon Global Ltd*., 923 F.3d 643, 652 (9th Cir. 2019).

The plaintiff bears the burden to show sufficient personal contacts for each defendant. *See Boschetto v. Hansing*, 539 F. 3d 1011, 1015 (9th Cir. 2008); *see also Kinslow v. Pullara*, 538 F. 3d 687, 693 (7th Cir. 2008).

**Fed. R. Civ. Pro 12(b)(6).**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal and further citations omitted). Although the Court takes all material allegations as true and construes them in the light most favorable to the plaintiff, the Court need not accept legal conclusions, including "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

"Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations made in a complaint must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

Bryan Cave Leighton Paisner LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

Additionally, a court can dismiss claims without granting leave to amend if amending the complaint would be futile. *See Vasquez v. L.A. County*, 487 F.3d 1246, 1258 (9th Cir. 2007).

**Fed. R. Civ. Pro 9(b).**

Rule 9(b) specifies that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. Rules of Civ. Proc. Rule 9.  Under this rule, it is required that '"allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."' *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (quoting *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)).  "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Id.* at 672. In other words, the Plaintiffs are required to plead "the 'who, what, when, where, and how' that would suggest fraud . . . ." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627-28 (7th Cir. 1990).

## IV.   <u>ARGUMENT</u>

### A.   <u>Flores' Complaint Should Be Dismissed As to Karpuch Pursuant to Fed.R.Civ.P. 12(b)(2) For Lack of Personal Jurisdiction</u>

Flores has not met his burden and established there is personal jurisdiction over Karpuch.  It is well established that personal jurisdiction over a corporation does not confer personal jurisdiction over its nonresident officers, directors, agents and employees. *Calder v. Jones*, 465 U.S. at 790; *Davis v. Metro Productions, Inc*., 885 F. 2d 515, 521 (9th Cir. 1989).

When an individual acts solely in his or her corporate capacity, a nonresident individual is not subject to personal jurisdiction based upon acts in the forum state. (*Davis*, 885 F.2d at 521; *see also Grober v. Mako Products, Inc*., 686 F. 3d 1335, 1347 (Fed. Cir. 2012.)  "Under the fiduciary shield doctrine, a person's mere

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

1   association with a corporation that causes injury in the forum state is not sufficient
2   in itself to permit that forum to assert jurisdiction over the person." (*Davis*, 885
3   F.2d at 521)

4       In his Third Party Complaint, Flores admits Karpuch is a resident of Florida
5   who, upon Flores' information and belief, merely owns and/or works for GMA.
6   (Third Party Complaint, ¶ 4; Karpuch Decl., ¶ 2.)  He admits GMA performed the
7   grading, not Karpuch in his individual capacity.  (Third Party Complaint, ¶ 21.)  All
8   of Flores' allegations are directed at conduct by GMA, or acts performed by
9   Karpuch in his capacity as an owner or employee of GMA.  (*See* Third party
10  Complaint, generally; Karpuch Decl., ¶ 2).  He cannot meet his burden and
11  establish personal jurisdiction over this non-resident defendant.  *See Boschetto v.*
12  *Hansing*, 539 F. 3d 1011, 1015 (9th Cir. 2008).

13  **B.    All of the Claims Fail As to Karpuch**

14      Even if Flores could surpass the jurisdiction hurdle, the entire complaint fails
15  to state a claim against Karpuch. Flores does not allege Karpuch acted
16  independently or outside of his role as an employee and/or owner of GMA.  (*See*
17  Third Party Complaint generally).  Further, he never alleges he sent the cards to
18  Karpuch or that Karpuch graded the cards.  Rather, he alleges he sent them to GMA
19  and GMA performed the grading.  (Third party Complaint ¶ 21.)   Even if Karpuch
20  performed these services on behalf of GMA, he is not personally liable.  *Balsam v.*
21  *Trancos, Inc.*, 203 Cal. App. 4th 1083, 1109 (2012), *as modified on denial of*
22  *reh'g* (Mar. 21, 2012.)

23      This Court should dismiss the claims against Karpuch with prejudice.

24  **C.    Each of Flores' Claims Fail Under Fed.R.Civ.P. 12(b)(6)**

25      **a.    Flores' First Claim for Warranty of Title Fails.**

26      In his first claim for Warranty of Title, Flores alleges he purchased the
27  trading cards from Tenaglia.  (Third Party Complaint, ¶¶27-29.)   He then alleges as
28  the "appraiser/authentication service[]… Third Party Defendants GMA and

Karpuch have expressly and/or impliedly warranted to Flores that any such Cards are authentic." (Third Party Complaint, ¶ 31.)  Flores alleges "having failed to provide Flores with any indication or notice that the card(s) that they authenticated and graded were actually inauthentic...GMA and Karpuch are liable to indemnify Flores for any and all damages." (Third Party Complaint, ¶ 32.)  In the same paragraph, however, Flores admits GMA identified and encapsulated Flores' cards as "Facsimile Reprints." (Third Party Complaint, ¶ 31.)

Flores' Warranty of Title claim fails as to GMA and Karpuch because neither one sold him the alleged card(s); Tenaglia did. (Third Party Complaint, ¶¶ 17-18, 27-29.)

California Commercial Code sections 2102 et seq., and section 2312, which Flores invokes, apply only to the seller of goods. *See e.g., The Challenge Printing Co., Inc. v. Electronics For Imaging, Inc*., 500 F. Supp. 3d 952, 960 (N.D. Cal. 2020) (UCC only applies to sale of goods, not services).   California Commercial Code section 2103 (d) clearly defines seller as "a person who sells or contracts to sell goods." Cal. Comm. Code § 2103(d).  Likewise, California Commercial Code section 2312 provides "there is in a contract for sale a warranty *by the seller*." Cal. Comm. Code § 2312.  Because neither Karpuch nor GMA were the seller, and only provided a service, they cannot be liable on a warranty of title claim.

### b.  Flores' Second Claim for Inducement Fails.

In support of his second claim for Inducement, Flores alleges, "Due to their own factual misrepresentations, false statements and failures to advise Flores of information which they knew or should have known, the Third Party Defendants are liable for any damages… as well as contributory and equitable relief for any actual or consequential damages that Flores incurs herein." (Third Party Complaint, ¶ 37.)  Flores asserts this allegation against "Third Party Defendants" generally. (*Id*.)

\\\

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

1   A claim for fraud or deceit requires allegations of "a representation, usually

2   of fact, which is false, knowledge of its falsity, intent to defraud, justifiable

3   reliance upon the misrepresentation, and damage resulting from that justifiable

4   reliance." *Stanfield v. Starkey,* 220 Cal. App. 3d 59, 72 (1990) citing Cal.

5   Civ.Code, §§ 1709, 1710; *see also Moore v. Brewster,* 96 F.3d 1240, 1245 (9th

6   Cir.1996).

7   Flores fails to plead any of the elements of this claim, let alone with the

8   required Rule 9(b) specificity.  He fails to plead "the 'who, what, when, where, and

9   how' that would suggest fraud . . . ." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.

10  1997) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627-28 (7th Cir. 1990).

11  To the extent Flores is somehow claiming concealment, he fails to plead

12  what was concealed.  Flores fatally admits that the alleged cards were clearly

13  labeled as "Facsimile Reprints" by GMA.  (Third Party Complaint, ¶¶13, 22, 31).

14  There was no misrepresentation or concealment by GMA, or Karpuch.   This Court

15  should dismiss this claim with prejudice.

### c.    Flores' Third Claim for Violation of California Business & Professions Code § 21672(a) Fails.

19  In his third claim, Flores asserts Tenaglia sold him the alleged trading cards,

20  and that many were "unlicensed and counterfeit cards" which Tenaglia "knowingly

21  manufactured, produced, and distributed."   (Third Party Complaint, ¶¶41-42.)  He

22  does not direct a single allegation toward GMA or Karpuch.  (See Third Party

23  Complaint, ¶¶40-44.)

24  To the extent Flores intended to name GMA and Karpuch in this claim, the

25  claims fails as there are no factual allegations directed against them.  Rather, Flores

26  admits he bought the cards solely from Tenaglia.[1]

27

28  _____

[1]    It is unclear if there is a private right of action under Business and Professions Code section 21672(a).

Because there are no allegations directed against GMA or Karpuch, this Court should dismiss the claim with prejudice.

### d.   Flores' Fourth Claim for Violation of California Civil Code § 1739.7 Fails.

In his fourth claim, Flores also fails to identify which defendant(s) this claim is directed against.  All of his allegations, however, are directed to Tenaglia.  (Third Party Complaint, ¶¶ 46-49.)

California Civil Code section 1739.7 applies to dealers only.  "Dealer" is defined in the statute to mean "a person who is in the business of selling or offering for sale collectibles…."  Cal. Civ. Code §1739.7 (a)(4).   To the extent this claim was intended to be directed to Karpuch and GMA, it too fails, as neither one is alleged to be a dealer.  The Court should dismiss this claim with prejudice.

### e.   Flores' Fifth Claim for Breach of Contract Fails.

In his fifth claim, Flores appears to conflate two claims – (1) breach of contract, and (2) breach of the implied covenant.  Both are equally defective.

To state a claim for breach of contract, Flores must allege (1) a contract; (2) his performance; (3) third-party defendants' breach; (4) and damages. *Richman v. Hartles*, 224 Cal. App. 4th 1182, 1186 (2014).

In support of this claim, Flores alleges "on at least five separate occasions during the past two years, Flores has entered into agreements with GMA. [sic] and Karpuch whereby Flores agreed to pay and did pay for the services provided by GMA and Karpuch, namely that they would authenticate, grade, certify, number and return to Flores, several hundred sports trading card(s)s [sic], each packaged in sealed plastic display cases, with an additional GMA Grading display card which numbered, identified and graded each card, based on common, well accepted industry standards."  (Third Party Complaint, ¶ 51.)

He further alleges, "within a reasonable time after Flores sent such cards directly to GMA, GMA returned the respective cards to Flores, each sealed in

Bryan Cave Leighton Paisner LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

sealed plastic display cases, with an additional GMA Grading display card which uniquely numbered, identified and graded each particular card." (Third Party Complaint, ¶ 21.)  Flores concludes "although Flores fully performed, GMA and Karpuch failed to properly authenticate and grade the cards, according to common and well accepted industry standards and further failed to question, or identify any inauthentic or 'counterfeit' cards." (Third Party Complaint, ¶ 52.)  Finally, Flores admits that GMA identified and labeled the card that is the subject of The Upper Deck's complaint and others as "Facsimile Reprints." (Third Party Complaint, ¶¶ 22, 31.)

Flores fails to properly allege the first element of the claim: the terms of the contract or contracts.  Specifically, Flores fails to allege whether the alleged contracts were oral or written, whether each of the contracts were with GMA and/or Karpuch, or whether different contracts involved different parties.  Accordingly, the terms of the contract - or contracts - are insufficiently pled.

Further, Flores fails to allege a breach.  Although his pleading is vague, the contract or contracts allegedly required GMA and/or Karpuch to "authenticate, grade, certify, number and return to Flores" trading cards "each packaged in sealed plastic display cases."  (Third Party Complaint, ¶ 51.)  In the same breath, however, Flores alleges GMA did exactly that:  "Within a reasonable time after Flores sent such cards directly to GMA, GMA returned the respective cards to Flores, each sealed in sealed plastic display cases, with an additional GMA Grading display card which uniquely numbered, identified and graded each particular card." (Third Party Complaint, ¶ 21.)  Thus, as pled, Flores does not sufficiently allege a breach – rather, he alleges the contract or contracts were performed on the terms alleged.

Although not clear, it appears Flores is also claiming Karpuch and/or GMA breached the contract because they did not sufficiently alert him of any potential counterfeit cards.  Yet, Flores goes on to admit that the alleged counterfeit cards

10

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

that were graded by GMA were clearly labeled by GMA as "Facsimile Reprints." (Third Party Complaint, ¶¶ 21, 31.)  At no point does Flores allege identifying a card as a "Facsimile Reprint" is not in conformity with industry standards or that it is not synonymous for identifying an inauthentic card. Nor can he.  Even someone who is not in the industry, (which Flores admits he is), knows the common definition of reprint means something is a copy and not an original.

To the extent Flores is also asserting a separate claim for breach of the implied covenant, the claim also fails.  "The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made.  The covenant thus cannot 'be endowed with an existence independent of its contractual underpinnings.'  It cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement."  *Guz v. Bechtel National, Inc*., 24 Cal. 4th 317, 349-50 (2000).

"If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." (*Careau & Co. v. Security Pacific Business Credit, Inc*., 222 Cal App. 3d 1371, 1395 (1990).)

Here, Flores fails to allege facts supporting any breach of the implied covenant.  He merely asserts the same, defective allegations that he pleads in support of a breach of contract claim.  On the vague terms alleged, GMA and/or Karpuch performed all the obligations they were contracted to perform.  (Third Party Complaint, ¶ 21.)  The claim fails as a matter of law.

### f.   Flores' Sixth Claim for Declaratory Judgment Fails.

In his sixth and final claim, Flores seeks a Declaratory Judgment under 28 U.S.C. §2201.  He asks that the Court find GMA and Karpuch are obligated to "conduct the defense against Plaintiffs' [sic] claims that relate to Flores' alleged use

Bryan Cave Leighton Paisner LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

of the Upper Deck Trademarks, to pay all expenses and fees of counsel incurred in connection with Flores' defense of these claims, and to indemnify Flores for any costs, damages and profits recovered in connection with these claims." (Third Party Complaint, ¶ 57.)

Under 28 U.S.C. §2201, a "controversy" must be "of a justiciable nature, thus excluding an advisory decree upon a hypothetical state of facts." *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 325 (1936.)  The plaintiff must plead facts that show an actual controversy exists.  *Government Employees Ins. Co. v. Dizol*, 133 F. 3d 1223, 1228 (9th Cir. 1998).  Further, declaratory relief is a remedy, not an independent claim.  *See e.g., Harris County Texas v. MERSCORP Inc*., 791. F.3d 545, 552 (5th Cir. 2015).

Even if it were an independent claim, Flores fails to allege any factual basis to support a controversy exists.  He simply demands, without any basis, that GMA and Karpuch step in to provide a defense and reimburse his attorney's fees and costs.  Further, to the extent Flores seeks indemnification (which he requests in his sixth claim and as a remedy in other claims), his request is both improper and premature. (*See* Third Party Complaint, ¶¶ 33, 38, 54, 57.)  It is black letter law that there is no indemnity obligation without liability.  "[A] fundamental prerequisite to an action for partial or total equitable indemnity is an actual monetary loss through payment of a judgment or settlement." *W. Steamship Lines, Inc. v. San Pedro Peninsula Hosp.*, 8 Cal. 4th 100, 110 (1994); *Sunset-Sternau Food Co. v. Bonzi*, 60 Cal. 2d 834, 843(1964) (holding that an agent's indemnity claim was not barred since the agent satisfied a judgment for damages and thus, had incurred an actual loss).

Flores has not been found liable or paid any judgment or amount in settlement.  His requests for indemnification are not ripe.  No controversy exists. This Court should dismiss his improper claim with prejudice.

\\\

1

**V.     <u>CONCLUSION</u>**

2

For the foregoing reasons, GMA and Karpuch respectfully requests that this

3

Court grant their Motion to Dismiss under 12(b)(2), and 12(b)(6) with prejudice.

4

5

Dated: December 30, 2021          **BRYAN CAVE LEIGHTON PAISNER LLP**

6

7

By: _____

8

Aileen M. Hunter

Attorneys for Third Party Defendants

9

GEM MINT AUTHENTICATION, INC., a
Florida corporation; and ALON KARPUCH, an
individual

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, CA 92614-7276

USA.604634414.3/48T

13